RANSOM, GILBERTSON, MARTIN &
RATLIFF, LLP
Jeffrey S. Ratliff
5441 S Macadam Ave, Suite 301
Portland, OR 97239
T: 503-226-3664

*[Proposed] Liaison Counsel for Lead Plaintiff and Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| CODY WILHITE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br>EXPENSIFY, INC., DAVID BARRETT, RYAN SCHAFFER, BLAKE BARTLETT, and ROBERT LENT,<br><br>Defendants. | CASE No.: 3:23-cv-01784-JR<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION OF MOVANT ANGEL CIFUENTES MORALES FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

**LR 7-1(a) CERTIFICATION**

Local Rule 7-1(a) requires the moving party to certify that the "parties made a good faith effort through personal or telephone conferences to resolve the dispute" before filing a motion. LR 7-1(a)(1)(A). Pursuant to the lead plaintiff procedures of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), any "purported class member . . . including any . . . class member who is not individually named as a plaintiff in the complaint" may file a motion for appointment as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(i). Consequently, counsel for Angel Cifuentes Morales have no way of knowing with certainty who the competing lead plaintiff movants are at this time. Pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) of the Securities Act, Defendants do not have standing to oppose the appointment of Angel Cifuentes Morales as lead plaintiff. As such, the undersigned counsel respectfully requests that Local Rule 7-1(a)'s conferral requirement be waived.

**MOTION**

**PLEASE TAKE NOTICE** that on a date and time to be designated by the Court, Movant Angel Cifuentes Morales ("Morales" or "Movant") will and does move this Court for an order granting the Motion: (a) appointing Movant as Lead Plaintiff; and (b) approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen") as Lead Counsel and Ransom, Gilbertson, Martin & Ratliff, LLP ("RGMR") as Liaison Counsel.

This Motion is brought pursuant Section 27 of the Securities Act of 1933 (the "Securities Act"), as amended by the PSLRA on the grounds that: (1) Movant should be appointed as Lead Plaintiff for all those who purchased or otherwise acquired the class of securities of Expensify, Inc. ("Expensify" or the "Company") pursuant and/or traceable to the Company's initial public offering conducted on or about November 11, 2021 (the "IPO" or "Offering"), as Movant timely made this Motion, has the largest financial interest, and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (2) that Movant's selection of Rosen as Lead Counsel and RGMR as Liaison Counsel should be approved as the firms are well-qualified, with extensive experience in cases of this type.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Jeffrey S. Ratliff, and a proposed order.

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant respectfully submits this memorandum in support of his motion for an Order, pursuant to pursuant to Section 27 of the Securities Act of 1933 ("Securities Act"), as amended by the PSLRA.

(a)    appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of Expensify, Inc. securities pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with Expensify's initial public offering, seeking to pursue remedies under §§ 11 and 15 of the Securities Act; and

(b)    appointing Rosen as Lead Counsel and RGMR as Liaison Counsel for the Class.

## CLAIMS ASSERTED

Expensify is a Delaware corporation with principal executive offices located at 401 SW 5th Ave, Portland, Oregon 97204. Expensify's securities trade on the Nasdaq Global Select Market ("NASDAQ") under the ticker symbol "EXFY."

Expensify provides a cloud-based expense management software platform to individuals, small businesses, and corporations in the U.S. and internationally. The Company's platform purportedly enables users to manage corporate cards, pay bills, generate invoices, collect payments, and book travel. Additionally, Expensify offers track and submit plans for individuals.

This action was commenced on November 29, 2023, against Defendants Expensify Inc., David Barrett, Ryan Schaffer, Blake Bartlett, and Robert Lent (collectively the "Defendants") alleging violations of the Securities Act. The next day, on November 30, 2023, early notices pursuant to the PSLRA were published advising class members of, inter alia, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1, filed hereto.

The complaint alleges that the Offering Documents (defined below) issued in connection with the IPO made false and/or misleading statements and/or failed to disclose that: (1) Expensify's revenue growth was highly susceptible to structural and macroeconomic

headwinds; (2) as a result, the Company overstated the efficacy of its business model and the likelihood it would meet the long-term growth projections touted in the Offering Documents; (3) accordingly, the Company's post-IPO financial position and/or business prospects were overstated; and (4) as a result, Defendants' statements about then Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On October 15, 2021, Expensify filed a registration statement on Form S-1 with the SEC in connection with the IPO, which, after several amendments, was declared effective by the SEC on November 9, 2021.

On or about November 11, 2021, pursuant to the Offering Documents, Expensify conducted its IPO, selling 9.73 million shares priced at $27.00 per share.

On November 12, 2021, Expensify filed a prospectus on Form 424B4 with the SEC in connection with the IPO, which incorporated and formed part of the Registration Statement (the "Prospectus" and, together with the Registration Statement, the "Offering Documents").

On June 10, 2023, Morgan Stanley downgraded Expensify to Underweight from Equal-weight, citing structural headwinds and the Company's risk-reward profile.

On this news, Expensify's stock price fell $0.45 per share, or 6.28%, to close at $6.72 per share on June 12, 2023.

Then, on August 8, 2023, Expensify issued a press release announcing its financial and operating results for the Second Quarter of 2023. Among other items, Expensify reported GAAP EPS of -$0.14, missing consensus estimate of -$0.07.

Additionally, the press report stated in relevant part that:

- **Revenue was $38.9 million, a decrease of 10% compared to the same period last year;**
- Utilized $0.4 million cash in operating activities and generated $1.1 million of free cash flow;
- **Net loss was $11.3 million, compared to $8.0 million for the same period last year;**
- Non-GAAP net loss was $1.0 million;

- Adjusted EBITDA was $2.2 million;
- Interchange derived from the Expensify Card grew to $2.7 million, an increase of 56% compared to the same period last year.

(Emphasis added).

That same day, Expensify hosted an earnings call with investors and analysts to discuss the Company's Second Quarter results. During the Q&A period, Expensify's Chief Operating Officer Anu Muralidharan said that "for a few quarters now, since the day we went public really, we have not been in sort of normal or stable economic conditions" and that **"we keep getting questions all around and they're fair, when will this long-term guidance actually be true since we haven't been close to the long-term guidance in terms of growth."**

(Emphasis added.)

Following Expensify's disclosures, JMP downgraded the Company to Market Perform from Market Outperform.

On this news, Expensify's stock price fell $1.69 per share, or 28.55%, to close at $4.23 per share on August 9, 2023.

Finally, after the market closed on November 7, 2023, Expensify issued a press release announcing its 2023 Third Quarter financial and operating results. These results contained reports of decreased revenue and increased losses for the Company, and upon this news Expensify's stock price fell $1.07 per share, or 36.89%, closing at $1.83 per share on November 8, 2023.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any

pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice...;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff... is the person or group of persons that... has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997) ; *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998)

which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost $8,767.46 in connection with his purchases of Expensify securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Expensify securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec.*

_Litig._, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. _Id._

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Securities Act by issuing false and misleading statements about Expensify' business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. _In re Cendant Corp. Litigation_, 264 F.3d. 201, 265 (3d Cir. 2001).

Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Expensify securities and is, therefore, extremely motivated to pursue claims in this action.

Further, Movant is currently employed as a Customer Service Manager, has an educational background in Business Management, and has been investing for over 10 years. Movant lives in Canada.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

## II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen as Lead Counsel and RGMR as Liaison Counsel. The firms have been actively researching Movant's and Class Plaintiffs' claims as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firms have an extensive history of bringing significant recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 and 5 hereto. The firms have prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of Rosen as Lead Counsel and RGMR as Liaison counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: January 29, 2024                    Respectfully submitted,

                                           **THE ROSEN LAW FIRM, P.A.**

                                           Phillip Kim, Esq.
                                           Pronouns: he/him/his
                                           Laurence M. Rosen, Esq.
                                           Pronouns: he/him/his
                                           275 Madison Avenue, 40ᵗʰ Floor
                                           New York, New York 10016
                                           Telephone: (212) 686-1060
                                           Fax: (212) 202-3827
                                           Email: pkim@rosenlegal.com
                                           Email: lrosen@rosenlegal.com

                                           *[Proposed] Lead Counsel for Lead Plaintiff
                                           and Class*

                                           RANSOM, GILBERTSON, MARTIN &
                                           RATLIFF, LLP
                                           /s/ Jeffrey S. Ratliff
                                           Jeffrey S. Ratliff
                                           Pronouns: he/him/his
                                           5441 S Macadam Ave, Suite 301
                                           Portland, OR 97239
                                           T: 503-226-3664

                                           *[Proposed] Liaison Counsel for Lead Plaintiff
                                           And Class*

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim