**Michael B. Merchant**, OSB No. 882680
mike.merchant@bhlaw.com
BLACK HELTERLINE LLP
805 S.W. Broadway, Suite 1900
Portland, OR 97205
Telephone: (503) 224-5560
Facsimile: (503) 224-6148

*Liaison Counsel for Movant Aleem Kanji*
*And Proposed Liaison Counsel for the Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| CODY WILHITE, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:23-cv-01784-JR |
| Plaintiff, | **NOTICE OF MOTION AND MOTION OF ALEEM KANJI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| EXPENSIFY, INC., DAVID BARRETT, RYAN SCHAFFER, BLAKE BARTLETT, and ROBERT LENT, | |
| Defendants. | |

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR RESPECTIVE**

**ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Aleem Kanji ("Movant") respectfully moves this Court

for an order: (1) appointing Movant as lead plaintiff in the above-captioned action (the "Action")

Page 1 –  NOTICE OF MOTION AND MOTION OF ALEEM KANJI FOR APPOINTMENT
            AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
2505856

pursuant to § 27 of the Securities Act of 1933 (the "Securities Act"), as amended by the Private

Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) approving Movant's selection

of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel for the Class and Black

Helterline LLP ("Black Helterline") as Liaison Counsel for the Class.

Movant seeks appointment as lead plaintiff and approval of his choice of counsel

pursuant to the Securities Act, the Federal Rules of Civil Procedure, and the PSLRA. This

motion is based on this notice, the attached memorandum of law, the declaration of Michael B.

Merchant in support thereof, and the Court's complete files and records in these actions, as well

as such further argument as the Court may allow at a hearing on this motion.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

## SUMMARY

Movant respectfully submits the following argument in support of his Motion, pursuant

to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1, for:

(1) appointment as Lead Plaintiff; and (2) approval of his selection of counsel on behalf of all

those who purchased or otherwise acquired Expensify, Inc. ("Expensify" or the "Company")

common stock pursuant and/or traceable to the Offering Documents issued in connection with

the Company's initial public offering conducted on or about November 11, 2021 (the "IPO" or

"Offering"). Movant seeks to recover damages under and pursuant to Sections 11 and 15 of the

Securities Act (15 U.S.C. §§ 77k and 77o), against Defendants Expensify, David Barrett

---

[1] Local Rule 7.1(a) requires a conference of counsel prior to filing motions. Pursuant to the PSLRA, however, any class member, regardless of whether that class member filed a complaint, may file a motion for appointment as lead plaintiff. Thus, there is no way for Movant to know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of LR7.1(a) be waived.

Page 2 –    NOTICE OF MOTION AND MOTION OF ALEEM KANJI FOR APPOINTMENT
            AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
2505856

("Barrett"), Ryan Schaffer ("Schaffer"), Blake Bartlett ("Bartlett"), and Robert Lent ("Lent") (collectively "Defendants").

Pursuant to the PSLRA, the class member who possesses the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members. The most adequate plaintiff shall be appointed as lead plaintiff to lead the litigation. Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff based on the financial losses suffered as a result of Defendants' wrongful conduct. Moreover, Movant satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class. *See generally Abouzied v. Applied Optoelectronics, Inc.*, 2018 U.S. Dist. LEXIS 16801, at *5-7 (S.D. Tex. Jan. 22, 2018). In addition, Movant's selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel and Black Helterline LLP ("Black Helterline") as Liaison Counsel should be approved, as these firms have substantial expertise and experience in securities and class action litigation.

## PROCEDURAL BACKGROUND

Plaintiff Cody Wilhite ("Wilhite") commenced the first above-captioned action against Expensify in this Court on November 29, 2023, entitled *Wilhite v. Expensify, Inc., et al.*, Case No. 3:23-cv-01784-JR (the "*Wilhite* Action"). On the following day, counsel for Wilhite published a notice on *Newsfile Corp.* (the "Notice"), announcing that a securities class action had been initiated against Defendants, herein, and advising investors in Expensify that they had 60 days to seek appointment as lead plaintiff. *See* Declaration of Michael B. Merchant in Support

Page 3 –   NOTICE OF MOTION AND MOTION OF ALEEM KANJI FOR APPOINTMENT
           AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
2505856

of Movant's Motion for Appointment as Lead Plaintiff and Approval of Counsel (the "Merchant Decl.") at Exhibit ("Ex.") C.

## FACTUAL BACKGROUND[2]

Expensify provides a cloud-based expense management software platform to individuals, small businesses, and corporations in the U.S. and internationally. ¶ 2. The Company's platform purportedly enables users to manage corporate cards, pay bills, generate invoices, collect payments, and book travel, and Expensify offers track and submit plans for individuals. *Id.*

On October 15, 2021, Expensify filed a registration statement on Form S-1 with the SEC in connection with the IPO, which, after several amendments, was declared effective by the SEC on November 9, 2021 (the "Registration Statement"). ¶ 3. On or about November 11, 2021, pursuant to the Offering Documents, Expensify conducted its IPO, selling 9.73 million shares priced at $27.00 per share. ¶ 4.

The Company filed a prospectus on Form 424B4 with the SEC in connection with the IPO On November 12, 2021, which incorporated and formed part of the Registration Statement (the "Prospectus" and, together with the Registration Statement, the "Offering Documents"). ¶ 5.

The Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and was not prepared in accordance with the rules and regulations governing their preparation. ¶ 6. Specifically, the Offering Documents made false and/or misleading statements and/or failed to disclose that: (i) Expensify's revenue growth was highly susceptible to structural

---

[2] Citations to "¶__" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws (the "*Wilhite* Complaint") filed in the *Wilhite* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Wilhite* Complaint. The facts set forth in the *Wilhite* Complaint are incorporated herein by reference.

Page 4 –    NOTICE OF MOTION AND MOTION OF ALEEM KANJI FOR APPOINTMENT
             AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
2505856

and macroeconomic headwinds; (ii) as a result, the Company overstated the efficacy of its business model and the likelihood it would meet the long-term growth projections touted in the Offering Documents; (iii) accordingly, the Company's post-IPO financial position and/or business prospects were overstated; and (iv) as a result, Defendants' statements about the Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times. *Id.*

On June 12, 2023, Morgan Stanley downgraded Expensify to Underweight from Equal-weight, citing structural headwinds and the Company's risk-reward profile. ¶ 7.

As the market digested this news, Expensify's stock price fell 6.28%, or $0.45 per share, to close at $6.72 per share on June 12, 2023. ¶ 8.

Then, on August 8, 2023, Expensify issued a press release announcing its second quarter 2023 financial and operating results. ¶ 9. Among other items, Expensify reported GAAP EPS of -$0.14, missing consensus estimate of -$0.07, and revenue of $38.9 million, which likewise missed the consensus estimate of $41.5 million. *Id.* Expensify also withdrew its previously issued revenue growth guidance. *Id.* Following Expensify's disclosures, JMP Securities ("JMP") downgraded the Company to Market Perform from Market Outperform. *Id.*

In response to this news, the Company's stock price declined 28.55%, or $1.69 per share, to close on August 9, 2023 at $4.23 per share. ¶ 10.

Finally, after the market closed on November 7, 2023, Expensify issued a press release announcing third quarter 2023 financial and operating results that once again missed consensus estimates amid macroeconomic headwinds. ¶ 11. Among other items, Expensify reported a Q3 GAAP loss of $0.21 per share and a 14.1% year-over-year revenue decline. *Id.*

Page 5 –   NOTICE OF MOTION AND MOTION OF ALEEM KANJI FOR APPOINTMENT
          AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
2505856

As the market reacted to this news, Expensify's stock price dropped 36.89%, or $1.07 per share, to close on November 8, 2023 at $1.83 per share. ¶ 12.

## ARGUMENT

### I.    Appointing Movant as Lead Plaintiff is Appropriate

The PSLRA provides the procedure for appointing a lead plaintiff in class actions brought under the Securities Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action (i) by not later than 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—i.e., the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof by a "purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

Page 6 –    NOTICE OF MOTION AND MOTION OF ALEEM KANJI FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

2505856

15 U.S.C. § 77z-1(a)(3)(b)(iii)(II).

As set forth below, Movant satisfies all of the foregoing criteria. Movant has filed a Motion to be appointed as Lead Plaintiff and has, to the best of his knowledge, the largest financial interest sought by any class member in this litigation. In addition, Movant meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *See Deering v. Galena Biopharma, Inc.*, Case Nos. 3:14-cv-00367-SI, et. al., 2014 U.S. Dist. LEXIS 140766, at *7-8 (D. Or. Oct. 3, 2014).

### A.    Movant Filed a Timely Motion in Response to a PSLRA Notice

On November 30, 2023, pursuant to 15 U.S.C. § 77z-1(a)(3)(A), the Notice of the pendency of the *Wilhite* Action was published on *Newsfile Corp.*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against Defendants, herein, and advising purchasers of Expensify common stock that they had until January 29, 2024 to file a motion to be appointed as lead plaintiff.

Movant filed this motion pursuant to the Notice and within the 60-day period following publication. Movant has also submitted a sworn certification attesting to his purchases of Expensify common stock and stating that he is willing to serve as Class representative and to provide testimony at deposition and trial, if necessary. *See* Merchant Decl., Ex. A. By making a timely motion in response to a published PSLRA notice, Movant satisfies the first PSLRA requirement to be lead plaintiff.

**B.      Movant Has the Largest Financial Interest**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). Movant believes he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Pursuant and/or traceable to the IPO, Movant purchased a total of 1,000 shares, at a total cost of $27,000, and suffered approximately $24,580.00 using a last-in-first-out ("LIFO") analysis and under a *Dura* LIFO analysis when excluding intra-Class Period gains and losses on sales occurring before a corrective disclosure. *See* Merchant Decl., Ex. B. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23. Movant, thus, satisfies the second PSLRA requirement—the largest financial interest in the relief sought by the Class.

**C.      Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interest of the class. Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. at 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required).

### 1.  Movant's Claims Is Typical With the Claims of the Class

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because he suffered the same injuries as the absent Class members, he suffered as a result of the same course of conduct by Defendants, and his claims are based on the same legal issues. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Importantly, the typicality requirement of Rule 23 does not require the lead plaintiff to be identically situated with all class members in order to satisfy typicality. It is enough if their situations share a common issue of law or fact. *See In re LendingClub Sec. Litig.,* 282 F. Supp. 3d 1171, 1179 (N.D. Cal. 2017 (citing *Hanlon,* 150 F.3d at 1020).

Movant's claims are typical with the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants violated the federal securities laws by disseminating materially misleading statements concerning the operations and financial performance of Expensify. Movant, like all of the members of the Class, purchased Expensify shares at prices artificially inflated by Defendants' alleged misstatements and omissions and was

Page 9 –   NOTICE OF MOTION AND MOTION OF ALEEM KANJI FOR APPOINTMENT
           AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

2505856

damaged thereby. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the claims of the Class, satisfies the typicality requirement of Rule 23(a)(3).

### 2. Movant Is An Adequate Representative

Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant's interest is clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interest and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial loss he/she suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. Finally, Movant retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v). *See id.* (selection of "law firms that are competent at and experienced in prosecuting securities class actions" evidence of adequacy). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Moreover, Movant is an adequate representative for the Class. Movant considers himself to be a sophisticated investor, having been investing in securities for thirty years. He resides in

Page 10 –   NOTICE OF MOTION AND MOTION OF ALEEM KANJI FOR APPOINTMENT
        AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
2505856

Mississauga, Ontario, Canada, and possesses a master's degree in economic development. For the past four years, Movant has been self-employed, and a principal of a lobbying firm named Aleem Kanji and Associates. *See* Merchant Decl., Ex. D (Movant's Declaration).

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore satisfies 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). In addition, because Movant has sustained the largest amount of losses from the Defendants' alleged wrongdoing, he is, therefore, the presumptive Lead Plaintiff in accordance with 15 U.S.C. § 77z-1(3)(B)(iii)(I) and should be appointed as such to lead the Action.

## II.     Approving Movant's Choice of Counsel is Appropriate

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has retained Levi & Korsinsky to serve as Lead Counsel and Black Helterline to serve as Liaison Counsel on behalf of the Class in the event he is appointed as lead plaintiff. As reflected in its accompanying firm résumé Levi & Korsinsky possesses extensive experience and expertise in securities litigation, has the necessary resources to efficiently and effectively prosecute the Action, and has successfully prosecuted numerous securities class actions on behalf of injured investors. *See* Merchant Decl., Ex. E. Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court grant his motion and enter an Order: (1) appointing Movant as Lead Plaintiff; (2) approving Movant's selection of Levi & Korsinsky as Lead Counsel and Black Helterline as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

DATED this 29th day of January, 2024.

BLACK HELTERLINE LLP


By: _____ s/ Michael B. Merchant _____
       Michael B. Merchant
       OSB No. 882680
       (503) 224-5560

*Liaison Counsel for Movant Aleem Kanji*
*and Proposed Liaison Counsel for the Class*

LEVI & KORSINSKY, LLP
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171

*Lead Counsel for Movant Aleem Kanji and*
*Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2024, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system and that by doing so I served the foregoing on all

parties in the record of the subject case via CM/ECF system transmission.

DATED this 29th day of January 2024.

BLACK HELTERLINE LLP


By:    s/ Michael B. Merchant
        Michael B. Merchant, OSB No. 882680
        (503) 224-5560

        *Liaison Counsel for Movant Aleem Kanji
        and Proposed Liaison Counsel for the
        Class*

Page 1 – Certificate of Service

2505856