**Chenoweth Law Group, PC**
Aurelia Erickson, OSB #126170
aerickson@chenowethlaw.com
Robert J. McGaughey, OSB #800787
bobm@chenowethlaw.com
510 SW Fifth Ave., Fourth Floor
Portland, Oregon 97204
Telephone: (503) 221-7958
Fax: (503) 221-2182

*Liaison Counsel for Rob Rosenfeld*
*and Proposed Liaison Counsel for the Class*

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| CODY WILHITE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> EXPENSIFY, INC., DAVID BARRETT, RYAN SCHAFFER, BLAKE BARTLETT, and ROBERT LENT, <br><br> Defendants. | **CASE No.: 3:23-cv-01784-JR** <br><br> **CLASS ACTION** <br><br> **NOTICE OF MOTION AND MOTION OF ROB ROSENFELD FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **ORAL ARGUMENT REQUESTED** |

NOTICE OF MOTION AND MOTION OF ROB ROSENFELD FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................2

STATEMENT OF FACTS..........................................................................................................3

ARGUMENT...............................................................................................................................5

        A.     ROSENFELD SHOULD BE APPOINTED LEAD PLAINTIFF..........................5

               1.     Rosenfeld Is Willing to Serve as Class Representative.............................6

               2.     Rosenfeld Has the "Largest Financial Interest".......................................6

               3.     Rosenfeld Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ..................................................................8

               4.     Rosenfeld Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ....................................10

        B.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ..............................................................................................11

CONCLUSION..........................................................................................................................12

TABLE OF CONTENTS

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bao v. SolarCity Corp.*,
 No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869
 (N.D. Cal. Aug. 11, 2014) ...............................................................................................8

*Brown v. Computerized Thermal Imaging, Inc.*,
 No. 02-611-KI, 2002 U.S. Dist. LEXIS 18515 (D. Or. Sep. 24, 2002) ...........................7, 8, 9

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
 No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776
 (N.D. Cal. Jan. 9, 2012).................................................................................................7

*Deering v. Galena Biopharma, Inc.*,
 No. 3:14-cv-00367-SI, 2014 U.S. Dist. LEXIS 140766 (D. Or. Oct. 3, 2014) ........ 7, 8, 10, 11

*Hanon v. Dataproducts Corp.*,
 976 F.2d 497 (9th Cir. 1992) ...........................................................................................8

*Herrgott v. United States Dist. Court for the N. Dist. of Cal. (In re Cavanaugh)*,
 306 F.3d 726 (9th Cir. 2002) ...........................................................................................8

*Hessefort v. Super Micro Comput., Inc.*,
 317 F. Supp. 3d 1056 (N.D. Cal. 2018)..............................................................................8

*In re SolarCity Corp. Sec. Litig.*,
 No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553
 (N.D. Cal. Jan. 25, 2017)................................................................................................8

*Knox v. Yingli Green Energy Holding Co.*,
 136 F. Supp. 3d 1159 (C.D. Cal. 2015)..............................................................................7

*Lax v. First Merchants Acceptance Corp.*,
 Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .......................6

*Nicolow v. Hewlett Packard Co.*,
 Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876
 (N.D. Cal. Mar. 4, 2013)...............................................................................................6, 7

*Osher v. Guess?, Inc.*,
 No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057
 (C.D. Cal. Apr. 26, 2001) ..............................................................................................10

TABLE OF AUTHORITIES

*Richardson v. TVIA, Inc.*,
    2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007) ....................................................... 8

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ................................................................................................. 9

**Statutes**

15 U.S.C. § 77z-1 .............................................................................................................. *passim*

15 U.S.C. § 78u-4 ................................................................................................................... 2, 5

Private Securities Litigation Reform Act of 1995 ............................................................... *passim*

Securities Act of 1933 ................................................................................................ 1, 2, 5, 8

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................... *passim*

Local Rule 7-1(a) .................................................................................................................... 1

TABLE OF AUTHORITIES

## LR 7-1(a) CERTIFICATION

Local Rule 7-1(a) requires the moving party to certify that the "parties made a good faith effort through personal or telephone conferences to resolve the dispute" before filing a motion. LR 7-1(a)(1)(A). Pursuant to the lead plaintiff procedures of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), whereby any "purported class member . . . including any . . . class member who is not individually named as a plaintiff in the complaint" may file a motion for appointment as lead plaintiff, 15 U.S.C. § 77z-1(a)(3)(B)(i), there may be as-yet unknown movants who intend to seek appointment as lead plaintiff on January 29, 2024. The undersigned counsel respectfully requests that Local Rule 7-1(a)'s conferral requirement be waived as to the unknown movants in this instance. If any subsequent motion for appointment as lead plaintiff is filed after this Motion, the undersigned will confer, as necessary, with counsel for those movants after the filing of this Motion.

## MOTION

**PLEASE TAKE NOTICE** that on a date and at a time to be designated by the Court, Lead Plaintiff Movant Rob Rosenfeld ("Rosenfeld"), by and through his counsel, will and does hereby move this Court, pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), as amended by the PSLRA, for an Order: (1) appointing Rosenfeld as Lead Plaintiff on behalf of persons or entities who purchased or otherwise acquired Expensify, Inc. ("Expensify" or the "Company") common stock pursuant and/or traceable to the offering documents issued in connection with the Company's initial public offering conducted on or about November 11, 2021 (the "IPO" or "Offering") (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Chenoweth Law Group, P.C. ("Chenoweth") as Liaison

1 - NOTICE OF MOTION AND MOTION OF ROB ROSENFELD FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Counsel for the Class.  This Motion is based upon the Memorandum of Law below and the Declaration of Jeremy A. Lieberman ("Lieberman Decl.") and exhibits thereto filed concurrently herewith.

## MEMORANDUM OF LAW

Movant Rosenfeld respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 27(a)(3) of the Securities Act, 15 U.S.C. § 77z-1(a)(3), as amended by the PSLRA, for an Order: (1) appointing Rosenfeld as Lead Plaintiff on behalf of the Class; and (2) approving proposed Lead Plaintiff's selection of Pomerantz as Lead Counsel and Chenoweth as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).  Rosenfeld, with losses of approximately $16,231 in connection with his purchases of Expensify common stock pursuant and/or traceable to the IPO, believes that he has the largest financial interest in the relief sought in the above-captioned action ("Action").  Rosenfeld further satisfies the requirements of Rule 23 as he is an adequate representative with claims typical of the other Class members.  Accordingly, Rosenfeld respectfully submits that he should be appointed Lead Plaintiff for the Class.

///

///

///

///

2 - NOTICE OF MOTION AND MOTION OF ROB ROSENFELD FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, Expensify provides a cloud-based expense management software platform to individuals, small businesses, and corporations in the U.S. and internationally.  The Company's platform purportedly enables users to manage corporate cards, pay bills, generate invoices, collect payments, and book travel, and Expensify offers track and submit plans for individuals.

On October 15, 2021, Expensify filed a registration statement on Form S-1 with the SEC in connection with the IPO, which, after several amendments, was declared effective by the SEC on November 9, 2021 (the "Registration Statement").

On or about November 11, 2021, pursuant to the Offering Documents, Expensify conducted its IPO, selling 9.73 million shares priced at $27.00 per share.

On November 12, 2021, Expensify filed a prospectus on Form 424B4 with the SEC in connection with the IPO, which incorporated and formed part of the Registration Statement (the "Prospectus" and, together with the Registration Statement, the "Offering Documents").

The Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and was not prepared in accordance with the rules and regulations governing their preparation.  Specifically, the Offering Documents made false and/or misleading statements and/or failed to disclose that: (i) Expensify's revenue growth was highly susceptible to structural and macroeconomic headwinds; (ii) as a result, the Company overstated the efficacy of its business model and the likelihood it would meet the long-term growth projections touted in the Offering Documents; (iii) accordingly, the Company's post-IPO financial position and/or business prospects were overstated; and (iv) as a result, Defendants' statements about the

3 - NOTICE OF MOTION AND MOTION OF ROB ROSENFELD FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On June 12, 2023, Morgan Stanley downgraded Expensify to Underweight from Equalweight, citing structural headwinds and the Company's risk-reward profile.

On this news, Expensify's stock price fell $0.45 per share, or 6.28%, to close at $6.72 per share on June 12, 2023.

Then, on August 8, 2023, Expensify issued a press release announcing its second quarter 2023 financial and operating results. Among other items, Expensify reported GAAP EPS of -$0.14, missing consensus estimate of -$0.07, and revenue of $38.9 million, which likewise missed the consensus estimate of $41.5 million. Expensify also withdrew its previously issued revenue growth guidance. Following Expensify's disclosures, JMP Securities downgraded the Company to Market Perform from Market Outperform.

On this news, Expensify's stock price fell $1.69 per share, or 28.55%, to close at $4.23 per share on August 9, 2023.

Finally, after the market closed on November 7, 2023, Expensify issued a press release announcing third quarter 2023 financial and operating results that once again missed consensus estimates amid macroeconomic headwinds. Among other items, Expensify reported a Q3 GAAP loss of $0.21 per share and a 14.1% year-over-year revenue decline.

On this news, Expensify's stock price fell $1.07 per share, or 36.89%, to close at $1.83 per share on November 8, 2023.

As of the time the Complaint was filed, Expensify's securities continued to trade below the $27 per share Offering price, damaging investors.

///

4 - NOTICE OF MOTION AND MOTION OF ROB ROSENFELD FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiff in the Action and other Class members have suffered significant losses and damages.

**ARGUMENT**

**A.     ROSENFELD SHOULD BE APPOINTED LEAD PLAINTIFF**

Rosenfeld should be appointed Lead Plaintiff because, to his counsel's knowledge, he has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Sections 27(a)(3)(B) of the PSLRA set forth procedures for the selection of a lead plaintiff in class actions brought under the Securities Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

///

///

5 - NOTICE OF MOTION AND MOTION OF ROB ROSENFELD FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

As set forth below, Rosenfeld satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.    Rosenfeld Is Willing to Serve as Class Representative

On November 30, 2023, Pomerantz, counsel for plaintiff in the Action, caused a notice to be published over *Newsfile Corp.* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against Defendants, and advised investors in Expensify securities that they had until January 29, 2024—*i.e.*, 60 days—to file a motion to be appointed as Lead Plaintiff. *See* Lieberman Decl., Ex. B.

Rosenfeld has filed the instant motion pursuant to the Notice and has submitted a sworn Certification attesting that he is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary. *See* Lieberman Decl., Ex. C. Accordingly, Rosenfeld satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    Rosenfeld Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii). To the best of his knowledge, Rosenfeld has the largest financial interest of any Expensify investor or investor group seeking to serve as Lead Plaintiff based on the factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*, including: (1) the number of shares purchased; (2) the total net funds expended; and (3) the approximate losses suffered. Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997). In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit. *See, e.g.*, *Nicolow v.*

6 - NOTICE OF MOTION AND MOTION OF ROB ROSENFELD FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013) ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776, at *10-*11 (N.D. Cal. Jan. 9, 2012) (same); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same).

Of the *Lax* factors, courts in this Circuit, including this Judicial District, tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Deering v. Galena Biopharma, Inc.*, No. 3:14-cv-00367-SI, 2014 U.S. Dist. LEXIS 140766, at *23 (D. Or. Oct. 3, 2014) (finding "[d]istrict courts have generally equated financial interest with actual economic losses suffered," and determining presumptive lead plaintiff by comparing losses); *Brown v. Computerized Thermal Imaging, Inc.*, No. 02-611-KI, 2002 U.S. Dist. LEXIS 18515, at *2 (D. Or. Sep. 24, 2002) (finding "the court is to compare the financial stakes of the various candidates for lead plaintiff . . . and decide who has the most to gain from the lawsuit," and determining presumptive lead plaintiff by comparing movants' damages); *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18-*19; *Knox*, 136 F. Supp. 3d. at 1163.

Pursuant and/or traceable to the IPO, Rosenfeld: (1) purchased 6,000 shares of Expensify common stock; (2) expended $30,751 on his purchases of Expensify common stock; and (3) as a result of the disclosures of Defendants' alleged misconduct, suffered a loss of $16,231 in connection with his purchases of Expensify common stock. *See* Lieberman Decl., Ex. A. Because Rosenfeld possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

7 - NOTICE OF MOTION AND MOTION OF ROB ROSENFELD FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### 3. Rosenfeld Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

For a lead plaintiff movant to secure the PSLRA's rebuttable presumption that the movant is the "most adequate plaintiff," the movant must also demonstrate that it "otherwise satisfies the requirements of Rule 23." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). A *prima facie* showing suffices for this determination. *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869, at *9 (N.D. Cal. Aug. 11, 2014); *see also Deering*, 2014 U.S. Dist. LEXIS 140766, at *29 ("[P]laintiffs . . . present evidence that disputes the lead plaintiff's prima facie showing of typicality and adequacy."). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at *13 (N.D. Cal. Jan. 25, 2017); *see also Herrgott v. United States Dist. Court for the N. Dist. of Cal. (In re Cavanaugh)*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job."); *Deering*, 2014 U.S. Dist. LEXIS 140766, at *27-*29 (evaluating only typicality and adequacy for Rule 23 purposes); *Brown*, 2002 U.S. Dist. LEXIS 18515, at *4-5 (same). Rosenfeld readily passes muster.

Rosenfeld satisfies the threshold for Rule 23(a)(3) typicality. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th

8 - NOTICE OF MOTION AND MOTION OF ROB ROSENFELD FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Cir. 1992)). Rosenfeld's claims are typical of those of the Class members. Like all Class members, Rosenfeld alleges that: (1) Defendants violated the Securities Act by making false or misleading statements of material facts and/or omitting to disclose material facts concerning Expensify; (2) Rosenfeld and the Class members purchased Expensify common stock pursuant and/or traceable to the IPO at prices artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations and/or omissions; and (3) Rosenfeld and the Class members were damaged upon the revelation of Defendants' alleged misrepresentations or omissions through corrective disclosures that drove Expensify's share price downward. These shared claims, which are based on the same legal theories and arise from the same underlying facts and course of conduct, demonstrate Rosenfeld's typicality under Rule 23(a)(3). *See, e.g.*, *Brown*, 2002 U.S. Dist. LEXIS 18515, at *4-5 (holding that, because a movant "purchased [defendant company's] shares of stock" during the relevant period of time, movant's "injury, alleged[ly] caused by defendants' misrepresentations, is typical of the injury alleged on behalf of the proposed class").

Rosenfeld also satisfies the Rule 23(a)(4) adequacy requirement. In determining whether that requirement is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted). Here, Rosenfeld has submitted a sworn Certification declaring his commitment to protect the interests of the Class. *See* Lieberman Decl., Ex. C. Rosenfeld's significant losses from his purchases of Expensify common stock pursuant and/or traceable to the IPO demonstrate that he has a sufficient interest in the outcome of this litigation that aligns with the interests of Class members.

Indeed, Rosenfeld has already demonstrated his ability to pursue securities claims through his choice of counsel, Pomerantz. Pomerantz is one of the nation's leading plaintiff-side securities litigation firms, as discussed in greater detail in Section B., *infra*. Rosenfeld's and Pomerantz's willingness and ability to zealously litigate the claims in this Action on behalf of the Class cannot reasonably be questioned.

Further demonstrating his adequacy, Rosenfeld has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his experience working with counsel, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. D.

### 4. Rosenfeld Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Rosenfeld as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interests of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

The ability and desire of Rosenfeld to fairly and adequately represent the Class has been discussed above. Rosenfeld is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Rosenfeld should be appointed Lead Plaintiff for the Class.

///

10 - NOTICE OF MOTION AND MOTION OF ROB ROSENFELD FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**B.  LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *Deering*, 2014 U.S. Dist. LEXIS 140766, at *8; *Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should not interfere with Lead Plaintiff's selection unless it is necessary to do so to "protect the interests of the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); *see also Deering*, 2014 U.S. Dist. LEXIS 140766, at *8.

Here, Rosenfeld has selected Pomerantz as Lead Counsel and Chenoweth as Liaison Counsel for the Class.  These firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities class actions on behalf of investors, as detailed in the firms' respective resumes.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  *See* Lieberman Decl., Ex. E. Rosenfeld's selection of Liaison Counsel, Chenoweth, have significant experience in securities litigation, and its attorneys have extensive familiarity with the Local Civil Rules of this Judicial District.

As a result of these firms' extensive experience in litigation involving issues similar to those raised in the Action, Rosenfeld's counsel have the skill and knowledge which will enable them to prosecute the Action effectively and expeditiously.  Thus, the Court may be assured that by approving the selection of Lead Counsel and Liaison Counsel by Rosenfeld, the members of the Class will receive the best legal representation available.

///

11 - NOTICE OF MOTION AND MOTION OF ROB ROSENFELD FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## CONCLUSION

For the foregoing reasons, Rosenfeld respectfully requests that the Court issue an Order:

(1) appointing Rosenfeld as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead

Counsel and Chenoweth as Liaison Counsel for the Class.

Dated: January 29, 2024

Respectfully submitted,

*/s/ Aurelia Erickson*
Aurelia Erickson, OSB No. 126170
Robert J. McGaughey, OSB #800787
510 SW Fifth Avenue, 4th Floor
Portland, OR 97204
Phone: (503) 221-7958
Fax: (503) 221-2182
Email: aerickson@chenowethlaw.com
Email: bobm@chenowethlaw.com
*Liaison Counsel for Rob Rosenfeld and Liaison*
*Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com
*Counsel for Rob Rosenfeld and Proposed*
*Lead Counsel for the Class*

**PORTNOY LAW FIRM**
Lesley F. Portnoy, Esq.
(*pro hac vice* application forthcoming)
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com
*Additional Counsel for Rob Rosenfeld*

12 - NOTICE OF MOTION AND MOTION OF ROB ROSENFELD FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, January 29, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *Aurelia Erickson*
Aurelia Erickson

CERTIFICATE OF SERVICE