**Michael B. Merchant**, OSB No. 882680
mike.merchant@bhlaw.com
BLACK HELTERLINE LLP
805 S.W. Broadway, Suite 1900
Portland, OR 97205
Telephone: (503) 224-5560
Facsimile: (503) 224-6148

*Liaison Counsel for Movant Aleem Kanji
And Proposed Liaison Counsel for the Class*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| CODY WILHITE, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>      v.<br><br>EXPENSIFY, INC., DAVID BARRETT, RYAN SCHAFFER, BLAKE BARTLETT, and ROBERT LENT,<br><br>             Defendants. | Case No. 3:23-cv-01784-JR<br><br>**MOVANT ALEEM KANJI'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR LEAD PLAINTIFF** |

## **TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT ..................................................................................1

II.  ARGUMENT ........................................................................................................2

    A.  The PSLRA Process..................................................................................2

        1.  Mr. Kanji Possesses the "Largest Financial Interest" of Any Movant Under Each of the Olsten/Lax Factors. ..................................................................3

        2.  Mr. Kanji Meets the Typicality and Adequacy Requirements of Rule 23. ..............4

    B.  No Proof Exists to Rebut the Presumption in Favor of Mr. Kanji's Appointment as Lead Plaintiff..................................................................6

    C.  Approval of Mr. Kanji's Choice of Counsel Is Appropriate.......................................7

III.  CONCLUSION ....................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Ali v. Intel Corp.*,
No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401 (N.D. Cal. May 29, 2018) ...................5

*Armour v. Network Assocs.*,
171 F. Supp. 2d 1044 (N.D. Cal. 2001) .................................................................................7

*Bodri v. GoPro, Inc.*,
No. 16-cv-00232-JST, 2016 U.S. Dist. LEXIS 57559 (N.D. Cal. Apr. 28, 2016).....................3

*Crawford v. Honig*,
37 F.3d 485 (9th Cir. 1994)...................................................................................................5

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Cal. 2004) ...........................................................................................5

*Guohua Zhu v. UCBH Holdings, Inc.*,
682 F. Supp. 2d 1049 (N.D. Cal. 2010 ...................................................................................5

*Gurevitch v. KeyCorp, et al.*,
No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023)........................................................................8

*Hessefort v. Super Micro Comput., Inc.*,
317 F. Supp. 3d 1056 (N.D. Cal. 2018) ..................................................................................4

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002)..............................................................................................6, 7

*In re E-Trade Financial Corp.* Securuties Litigation,
No. 07-cv-8538 (S.D.N.Y.)......................................................................................................7

*In re Olsten Corp. Securities Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998)..........................................................................................3

*In re Tesla Inc. Securities Litigation*,
No. 3:18-cv-4865 (N.D. Cal.) .................................................................................................7

*In re U.S. Steel Securities Litigation*,
No. 2:17-579-CB (W.D. Pa.) ...................................................................................................7

*Jaramillo v. Dish Network Corporation, et al.*,
No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023) .........................................................................8

*Lax v. First Merchants Acceptance Corp.,*
   No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)...................................3

*Martin v. BioXcel Therapeutics, Inc. et al.,*
   No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) .............................................................................8

*Petersen v. Stem, Inc. et. al.,*
   No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) ..........................................................................8

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.,*
   No. 1:23-cv-02764 (N.D. Ill. July 11, 2023)............................................................................8

*Robb v. Fitbit Inc.,*
   No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016) ........................3

*Sanders v. VeriFone Sys.,*
   No. 5:13-CV-01038-EJD, 2013 U.S. Dist. LEXIS 145000 (N.D. Cal. Oct. 7, 2013).................7

*Solomon v. Peloton Interactive, Inc. et al.,*
   No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) ............................................................................8

*Thant v. Rain Oncology Inc. et al.,*
   5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ..................................................................................8

*Thant v. Veru, Inc. et al.,*
   No. 1:22-cv-23960 (S.D. Fla. July 27, 2023)............................................................................8

*Villanueva v. Proterra Inc. et al.,*
   No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023)..........................................................................8

**Statutes**

15 U.S.C. § 77z-1................................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23...............................................................................................................*passim*

## I.    PRELIMINARY STATEMENT

The Securities Act of 1933 ("Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 77z-1) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities class actions. The PSLRA applies in the case at hand and, under the PSLRA, movant Aleem Kanji's motion for appointment as lead plaintiff and selection of counsel should be granted.

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii). As demonstrated in the table below, Mr. Kanji's financial interest is larger than any other movant seeking to be appointed as the lead plaintiff in this Action:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Aleem Kanji Total: | 1000 | 1000 | $35,000.00 | $24,580.00 |
| Rob Rosenfeld Total: | 6000 | 6000 | $30,751.00 | $16,231.00 |
| Angel Cifuentes Morales Total: | 450 | 0 | $10,991.70 | $8,767.46 |

*See* ECF Nos. 10-3; 13-2; and 15-1.

In addition to having the "largest financial interest" in the litigation, Mr. Kanji is typical of his fellow Class members and certainly meets the adequacy requirements under Federal Rule of Civil Procedure 23(a). Mr. Kanji is an ideal class representative, having been investing in securities for thirty years and possessing a master's degree in Economic Development. ECF No. 13-4 at ¶2. Mr. Kanji is self-employed and a principal of a lobbying firm named Aleem Kanji and Associates. *Id.* Mr. Kanji is also typical of the other class members insofar as he purchased Expensify, Inc. ("Expensify" or the "Company") common stock pursuant and/or traceable to the

PAGE 1 -  MOVANT ALEEM KANJI'S MEMORANDUM OF LAW IN OPPOSITION TO
        THE COMPETING MOTIONS FOR LEAD PLAINTIFF

Offering Documents issued in connection with the Company's initial public offering conducted on or about November 11, 2021 (the "IPO" or "Offering") and was damaged in the same manner as all other class members. Aleem Kanji's Certification, ECF. No. 13-1. He does not have any interests adverse to the Class and, as demonstrated in his declaration accompanying his motion, he is committed to obtaining the best possible outcome for the class. Aleem Kanji's Declaration, ECF No. 13-4.

With the largest financial interest in the outcome of the action and having made the preliminary showing of typicality and adequacy, Mr. Kanji is entitled to the presumption of being the "most adequate plaintiff." 15 U.S.C. § 77z-1(a)(3)(B)(iii). As none of the competing movants can rebut this presumption with proof that Mr. Kanji is somehow atypical or inadequate, he is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). Accordingly, for these reasons, Mr. Kanji respectfully requests that the Court grant his motion in its entirety and deny the competing motions.

## II.    ARGUMENT

### A.  The PSLRA Process.

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(1). Following the required notice announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. § 77z-1(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."

PAGE 2 -  MOVANT ALEEM KANJI'S MEMORANDUM OF LAW IN OPPOSITION TO
       THE COMPETING MOTIONS FOR LEAD PLAINTIFF

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

### 1. Mr. Kanji Possesses the "Largest Financial Interest" of Any Movant Under Each of the *Olsten/Lax* Factors.

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). Mr. Kanji is entitled to that presumption because, relative to the other movants, Mr. Kanji's losses are far greater. When evaluating "financial interest" at the lead plaintiff stage, courts in the Ninth Circuit and throughout the country often look to the *Olsten/Lax* factors for guidance, which include: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (*i.e.* retained through the end of the class period); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *8 (N.D. Cal. May 10, 2016); *see also Lax v. First Merchants Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

Of the four factors, "the weight of authority puts the most emphasis on the competing movants' estimated losses[.]" *Bodri v. GoPro, Inc.*, No. 16-cv-00232-JST, 2016 U.S. Dist. LEXIS

PAGE 3 -  MOVANT ALEEM KANJI'S MEMORANDUM OF LAW IN OPPOSITION TO
        THE COMPETING MOTIONS FOR LEAD PLAINTIFF

57559, at *11 (N.D. Cal. Apr. 28, 2016). *See also Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1059 (N.D. Cal. 2018) ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure.").

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Aleem Kanji Total: | 1000 | 1000 | $35,000.00 | $24,580.00 |
| Rob Rosenfeld Total: | 6000 | 6000 | $30,751.00 | $16,231.00 |
| Angel Cifuentes Morales Total: | 450 | 0 | $10,991.70 | $8,767.46 |

*See* ECF Nos. 10-3; 13-2; and 15-1.

Mr. Kanji has a significantly greater financial interest under two of the four *Olsten/Lax* factors when evaluating each movants' financial interest, including the most important factor, "approximate loss suffered". Mr. Kanji has over $8,000 more in losses as compared to Rob Rosenfeld, the movant with the second largest financial interest in the litigation. With over $24,000 in losses, there can be no dispute that Mr. Kanji holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B).

**2. Mr. Kanji Meets the Typicality and Adequacy Requirements of Rule 23.**

Not only does Mr. Kanji possess the largest financial interest of all movants pursuant to the PSLRA and the widely accepted *Olsten/Lax* Factors, but he also satisfies the typicality and adequacy prongs of Rule 23, requiring his appointment as lead plaintiff. Pursuant to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Of the four prerequisites, only two—typicality and adequacy—are relevant inquiries on a motion for lead plaintiff, as they address the personal

characteristic of the Class representative. *See Ali v. Intel Corp.*, No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401, at *5 (N.D. Cal. May 29, 2018) (focusing on typicality and adequacy). Only a "preliminary showing" of typicality and adequacy is required at this stage. *See Guohua Zhu v. UCBH Holdings, Inc.,* 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010).

Typicality exists when "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Rule 23(a)(3); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004). Mr. Kanji's claims are typical of those of other Class members because, like other Class members, he purchased Expensify common stock pursuant and/or traceable to its initial public offering. *See* ECF No. 13-1 (certification evidencing transactions in Expensify stock). Moreover, Mr. Kanji's claims are based on the same legal theory and arise from the same events and course of conduct as the Class' claims. Mr. Kanji is, and will be, pursuing the same theory of liability as all other Class Members. *See* Memorandum in Support of Motion, Dkt. No. 12, p. 9.

In addition to meeting the "typicality" requirements under Rule 23, Mr. Kanji also makes the necessary *prima facie* showing of adequacy. To satisfy the adequacy requirement at this stage of the proceedings, Mr. Kanji must make a preliminary showing that his interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between his interests and other members of the Class. 15 U.S.C. § 77z-1 (a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted). Mr. Kanji has no conflicts with other Class Members, nor is there evidence of any antagonism between his interest and those of the Class.

Finally, Mr. Kanji has further demonstrated his adequacy by submitting a declaration in support of his Motion, attesting that he is ready, willing, and able to oversee this litigation. In the declaration, Mr. Kanji provided his education, employment, and years of investing experience.

PAGE 5 -  MOVANT ALEEM KANJI'S MEMORANDUM OF LAW IN OPPOSITION TO
THE COMPETING MOTIONS FOR LEAD PLAINTIFF

ECF No. 13-4. Mr. Kanji considers himself a sophisticated investor, having been investing in securities for thirty years. *Id*. at ¶2. He possesses a master's degree in Economic Development. *Id.* Mr. Kanji is self-employed and a principal of a lobbying firm named Aleem Kanji and Associates. *Id.* Likewise, Mr. Kanji's certification pursuant to the federal securities laws, declaration detailing his motivation and intention to oversee this litigation, and selection of experienced and capable counsel in Levi & Korsinsky, LLP and Black Helterline LLP demonstrate that Mr. Kanji will adequately represent the interests of the proposed Class. Accordingly, Mr. Kanji has made a preliminary showing that he satisfies the adequacy and typicality requirements of Rule 23.

As Mr. Kanji has the largest financial interest in the litigation and satisfies the adequacy and typicality requirements of Rule 23, he is entitled to the presumption of being the "most adequate plaintiff" to represent the Class.

### B. No Proof Exists to Rebut the Presumption in Favor of Mr. Kanji's Appointment as Lead Plaintiff.

Importantly, because Mr. Kanji has the largest financial interest in this litigation, the PSLRA provides a rebuttable presumption that he is the most adequate plaintiff to represent the Class. The "strong presumption" in favor of appointing Mr. Kanji as Lead Plaintiff can only be rebutted with "proof" that Mr. Kanji is somehow atypical or inadequate. 15 U.S.C. § 77z-4(a)(3)(B)(iii)(II). In considering step three of the lead plaintiff appointment process laid out in *Cavanaugh*, competing movants may attempt to rebut the presumptive lead plaintiff's showing of typicality and adequacy only with actual proof that the presumptive lead plaintiff cannot effectively represent the Class or is subject to a unique defense. *In re Cavanaugh*, 306 F.3d 726, 740-41 (9th Cir. 2002) ("the presumption of most adequate plaintiff may be overcome only upon proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class'"). "Speculative assertions" are insufficient to rebut the lead plaintiff

PAGE 6 -  MOVANT ALEEM KANJI'S MEMORANDUM OF LAW IN OPPOSITION TO
         THE COMPETING MOTIONS FOR LEAD PLAINTIFF

presumption. *See Armour v. Network Assocs.,* 171 F. Supp. 2d 1044, 1054 (N.D. Cal. 2001) (collecting cases).

No such proof exists here. Mr. Kanji has no conflicts with the members of the Class and is motivated to recover the heavy losses he suffered. Accordingly, Mr. Kanji is both typical and adequate and his Motion should be granted in its entirety.

### C.  Approval of Mr. Kanji's Choice of Counsel Is Appropriate

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 77z-1 (a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1 (a)(3)(B)(iii)(II)(aa); *Sanders v. VeriFone Sys.,* No. 5:13-CV-01038-EJD, 2013 U.S. Dist. LEXIS 145000, at *11 (N.D. Cal. Oct. 7, 2013) ("'The District Court does not select class counsel at all', and typically approves the lead plaintiff's selection of counsel") (citing *Cavanaugh*, 306 F.3d at 732-34).

Mr. Kanji selected and retained Levi & Korsinsky to serve as Lead Counsel for the Class and Black Helterline to serve as Liaison Counsel for the Class. Levi & Korsinsky has extensive experience in litigating securities class actions and has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi &

Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.*, No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.*, No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.*, No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.*, No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.*, No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## III.    CONCLUSION

For the foregoing reasons, Mr. Kanji respectfully requests that the Court grant his Motion and enter an Order: (1) appointing him as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class and Black Helterline as Liaison Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: February 12, 2024                Respectfully Submitted,

                                        **BLACK HELTERLINE LLP**

                                        */s/ Michael B. Merchant*
                                        Michael B. Merchant, OSB No. 882680
                                        805 S.W. Broadway, Suite 1900
                                        Portland, OR 97205
                                        Telephone: (503) 224-5560
                                        Facsimile: (503) 224-6148
                                        Email: mike.merchant@bhlaw.com

                                        *Liaison Counsel for Aleem Kanji and Proposed*
                                        *Liaison Counsel the Class*

PAGE 8 - MOVANT ALEEM KANJI'S MEMORANDUM OF LAW IN OPPOSITION TO
        THE COMPETING MOTIONS FOR LEAD PLAINTIFF

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Aleem Kanji and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2024, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system and that by doing so I served the foregoing on all parties in the

record of the subject case via CM/ECF system transmission.

DATED this 12th day of February 2024.

BLACK HELTERLINE LLP


By:    s/ Michael B. Merchant
      Michael B. Merchant, OSB No. 882680
      (503) 224-5560

      *Liaison Counsel for Movant Aleem Kanji and*
      *Proposed Liaison Counsel for the Class*