**Michael B. Merchant**, OSB No. 882680
mike.merchant@bhlaw.com
BLACK HELTERLINE LLP
805 S.W. Broadway, Suite 1900
Portland, OR 97205
Telephone: (503) 224-5560
Facsimile: (503) 224-6148

*Liaison Counsel for Movant Aleem Kanji*
*And Proposed Liaison Counsel for the Class*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| CODY WILHITE, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:23-cv-01784-JR |
| Plaintiff, | **MOVANT ALEEM KANJI'S REPLY IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPOINTMENT OF COUNSEL** |
| v. | |
| EXPENSIFY, INC., DAVID BARRETT, RYAN SCHAFFER, BLAKE BARTLETT, and ROBERT LENT, | |
| Defendants. | |

## **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ...................................................................................1

II.   ARGUMENT .........................................................................................................2

    A.    Mr. Kanji Has the Largest Financial Interest in Relief Sought by the Class ................2

    B.    Mr. Kanji Otherwise Satisfies the Typicality and Adequacy Requirements of Rule 23 ...................................................................................................................3

    C.    The Lead Plaintiff Presumption in Favor of Mr. Kanji Has Not Been, and Cannot Be, Rebutted ...........................................................................................................4

        1.    There is No Conflict Between Mr. Kanji and the Class. .......................................4

        2.    Mere Speculation of a Conflict Is Not Enough to Rebut the Presumption in Favor of Mr. Kanji. ..................................................................................................5

III.  CONCLUSION .....................................................................................................7

## TABLE OF AUTHORITIES

**Cases**

*Ali v. Intel Corp.*,
   No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401 (N.D. Cal. May 29, 2018) ...................3

*Andrade v. Am. Apparel, Inc.*,
   Case No. 10-06352 MMM (PJWx), 2011 U.S. Dist. LEXIS 79795 (C.D. Cal. Mar. 15, 2011) .6

*Angel Investors, LLC v. Garrity*,
   216 P. 3d 944 (Utah 2009) ...................................................................................................6

*Armour v. Network Assocs.*,
   171 F. Supp. 2d 1044 (N.D. Cal. 2001) ................................................................................4

*Bodri v. GoPro, Inc.*,
   No. 16-cv-00232-JST, 2016 U.S. Dist. LEXIS 57559 (N.D. Cal. Apr. 28, 2016).....................2

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002)...............................................................................................4

*In re Cendant Litigation,*
   264 F.3d 201 (3rd Cir. 1992) ..............................................................................................6

*Cf Tanne v. Autobytel, Inc.,*
   226 F.R.D. 659 (C.D. Cal. 2005) ........................................................................................6

*Constance Sczesny Trust v. KPMG LLP*,
   223 F.R.D. 319 (S.D.N.Y. 2004)..........................................................................................7

*Crawford v. Honig*,
   37 F.3d 485 (9th Cir. 1994)..................................................................................................4

*Dewey v. Volkswagen Aktiengesellschaft*,
   681 F.3d 170 (3d Cir. 2012)..................................................................................................6

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011)..........................................................................................7

*Gluck v. CellStar Corp.*,
   976 F. Supp. 542 (N.D. Tex. 1997) ......................................................................................6

*Guohua Zhu v. UCBH Holdings, Inc.,*
   682 F. Supp. 2d 1049 (N.D. Cal. 2010)................................................................................3

*In re Initial Public Offering Sec. Litig.*,
    243 F.R.D. 79 (S.D.N.Y. 2007)..................................................................................6

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)....................................2

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
    63 F. Supp. 3d 394 (D. Del. 2014) ...........................................................................5

*In re Olsten Corp. Securities Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998)..........................................................................2

*Rice v. Genworth Fin., Inc.*,
    No. 3:17cv59, 2017 U.S. Dist. LEXIS 137110 (E.D. Va. Aug. 25, 2017).................................6

*Robb v. Fitbit Inc.*,
    No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016) ........................2

*Ward v. Dixie Nat. Life Ins. Co.*,
    595 F.3d 164 (4th Cir. 2010)..................................................................................6

**Statutes**

15 U.S.C. § 77z-1......................................................................................1, 3, 4

**Rules**

Fed. R. Civ. P. 23....................................................................................3

iv

## I.    PRELIMINARY STATEMENT

Mr. Kanji clearly has the largest financial interest in the Action and is therefore entitled to the presumption that he is the most adequate plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) (requiring that the person possessing the "largest financial interest" is entitled to a presumption that he is the "most adequate plaintiff"). Thus, Mr. Kanji should be appointed as lead plaintiff unless another movant can rebut the presumption afforded to Mr. Kanji through proof of evidence. This has not been done. In fact, only one other movant, Angel Cifuentes Morales ("Mr. Morales"), opposes Mr. Kanji's motion.[1] Mr. Morales makes an unsubstantiated claim against Mr. Kanji in an effort to rebut the presumption presently in his favor and supplant him as the "most adequate plaintiff" to serve as the lead plaintiff. Mr. Morales makes a speculative assertion that Mr. Kanji in his motion "did not address any existing or potential conflicts as a result of his lobbying work" and that Mr. Kanji "may face a conflict over the course of this litigation." ECF No. 19.

Conflicts were not addressed in Mr. Kanji's motion *because there are no conflicts to address*. While Mr. Kanji already confirmed in his opening brief that "there [is] no evidence of antagonism between [Mr. Kanji's] interest and those of the Class" (ECF No. 12), and in his opposition brief that, "Mr. Kanji has no conflicts with other Class Members, nor is there evidence of any antagonism between his interest and those of the Class" (ECF No. 18), the attached supplemental declaration from Mr. Kanji further confirms that there is no conflict between Mr. Kanji and the class. Indeed, Mr. Kanji's lobbying firm does not do any business in the United States, and the majority of his work is performed within Canada in connection with local municipalities and provincial entities. *See* Kanji Supp. Decl. at ¶2. For example, his clients include labour unions, and he does not service financial services companies. *Id*. Mr. Kanji's lobbying firm

---

[1] Movant Rob Rosenfeld filed a notice of non-opposition on February 12, 2024, acknowledging that he, "does not have the "largest financial interest" in this litigation within the meaning of the PSLRA." ECF No. 17.

PAGE 1 -   MOVANT ALEEM KANJI'S REPLY IN SUPPORT OF MOTION FOR
                APPOINTMENT AS LEAD PLAINTIFF AND APPOINTMENT OF COUNSEL

is selective with its clients and has never had a conflict arise between them. *Id* at ¶3. Based on Mr. Kanji's firm's past engagements, he does not foresee any chance of a conflict arising that would prevent him from serving as the lead plaintiff. *Id.* Mr. Kanji's objective has been and will remain to secure the best possible recovery in this lawsuit for himself and the class at large. *Id.* Accordingly, Mr. Kanji is the "most adequate plaintiff" and should be appointed as lead plaintiff to represent the class.

## II.    ARGUMENT

### A.    Mr. Kanji Has the Largest Financial Interest in Relief Sought by the Class

Mr. Kanji, with a recoverable loss of $24,580, has the largest financial interest in the litigation. Although the PSLRA does not define "largest financial interest," courts in the Ninth Circuit and throughout the country often look to the *Olsten/Lax* factors for guidance, which include: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (*i.e.,* retained through the end of the class period); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *8 (N.D. Cal. May 10, 2016); *see also Lax v. First Merchants Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998). Of the four factors, "the weight of authority puts the most emphasis on the competing movants' estimated losses[.]" *Bodri v. GoPro, Inc.*, No. 16-cv-00232-JST, 2016 U.S. Dist. LEXIS 57559, at *11 (N.D. Cal. Apr. 28, 2016).

As evidenced in both his opening motion and his opposition, Mr. Kanji has the largest financial interest under all four *Olsten/Lax* factors compared to Mr. Morales. Mr. Morales does

not dispute that Mr. Kanji suffered the largest loss, stating in his opposition, "Kanji admittedly has the greatest financial loss out of the three movants." See ECF No. 19.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Aleem Kanji | 1000 | 1000 | $35,000.00 | $24,580.00 |
| Angel Cifuentes Morales | 450 | 0 | $10,991.70 | $8,767.46 |

*See* ECF Nos. 10-3 and 13-2.

Because it is undisputed that Mr. Kanji is the only remaining movant that has incurred the largest loss, purchased the most shares, retained the most shares, and expended the most net funds from purchasing Expensify shares, he has the largest financial interest and is the presumptive lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B).

**B.  Mr. Kanji Otherwise Satisfies the Typicality and Adequacy Requirements of Rule 23**

Pursuant to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Of the four prerequisites, only two—typicality and adequacy—are relevant inquiries on a motion for lead plaintiff, as they address the personal characteristic of the class representative. *See Ali v. Intel Corp.*, No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401, at *5 (N.D. Cal. May 29, 2018) (focusing on typicality and adequacy). Only a "preliminary showing" of typicality and adequacy is required at this stage. *See Guohua Zhu v. UCBH Holdings, Inc.,* 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010).

As set forth in his opening and opposition briefs, Mr. Kanji satisfies both the adequacy and typicality requirements of Rule 23. Like all class members, Mr. Kanji relied on Expensify's misrepresentations, lost money as a result, and now seeks to recover it. *See* ECF Nos. 13-1 and

PAGE 3 -  MOVANT ALEEM KANJI'S REPLY IN SUPPORT OF MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPOINTMENT OF COUNSEL

13-2 (certification evidencing transactions in Expensify stock and loss chart detailing financial interest). Further, Mr. Kanji has no conflicts with other class members, and his interests are aligned with the class's interest of maximizing a recovery for the class. 15 U.S.C. § 77z-1 (a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Moreover, Mr. Kanji is qualified to serve as lead plaintiff. Mr. Kanji considers himself a sophisticated investor, having been investing in securities for thirty years. ECF No. 13-4 at ¶2. He possesses a master's degree in Economic Development. *Id.* Mr. Kanji is self-employed and a principal of a lobbying firm named Aleem Kanji and Associates. *Id.* Likewise, Mr. Kanji signed a certification pursuant to the federal securities laws and submitted a declaration detailing his motivation, intention, and willingness to oversee this litigation. There is no doubt that Mr. Kanji will adequately represent the interests of the proposed class.

### C. The Lead Plaintiff Presumption in Favor of Mr. Kanji Has Not Been, and Cannot Be, Rebutted

Mr. Morales can only rebut the strong "most adequate lead plaintiff" presumption with actual proof that Mr. Kanji is atypical or inadequate. 15 U.S.C. § 77z- 4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d 726, 740-41 (9th Cir. 2002) ("the presumption of most adequate plaintiff may be overcome only upon proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class'"). "Speculative assertions" are insufficient to rebut the lead plaintiff presumption. *See Armour v. Network Assocs.,* 171 F. Supp. 2d 1044, 1054 (N.D. Cal. 2001) (collecting cases). Mr. Morales has failed to provide such "proof."

### 1. There is No Conflict Between Mr. Kanji and the Class.

Mr. Kanji has already provided in his opening brief that "there [is] no evidence of antagonism between [Mr. Kanji's] interest and those of the Class" (ECF No. 12), and in his opposition brief that, "Mr. Kanji has no conflicts with other Class Members, nor is there evidence

of any antagonism between his interest and those of the Class" (ECF No. 18). Mr. Morales, however, argues that Mr. Kanji "did not address any existing or potential conflicts as a result of his lobbying work" and that Mr. Kanji "may face a conflict over the course of this litigation." ECF No. 19. This argument is based on pure speculation and is, in fact, not true. As confirmed in the accompanying supplemental declaration, Mr. Kanji's lobbying firm does not do any business in the United States, and the majority of his work is performed within Canada in connection with local municipalities and provincial entities. *See* Kanji Supp. Decl. at ¶2. The firm's clients include labour unions, and he does not service financial services companies. *Id*. Mr. Kanji's lobbying firm is selective with its clients and has never had a conflict arise between them. *Id* at ¶3. Based on Mr. Kanji's firm's past engagements, he does not foresee any chance of a conflict arising that would prevent him from serving as the lead plaintiff. *Id*. Mr. Kanji's objective has been and will remain to secure the best possible recovery in this lawsuit for himself and the class at large. *Id*.

### 2.    Mere Speculation of a Conflict Is Not Enough to Rebut the Presumption in Favor of Mr. Kanji.

Class members attempting to rebut the presumption in favor of the "most adequate plaintiff" which Mr. Kanji has triggered must provide "evidence" of the unique defense. *See OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 403 (D. Del. 2014) ("The PSLRA is clear that the presumption is rebutted only upon proof that the presumptive lead plaintiff is inadequate and subject to unique defenses. Mere speculation about a unique defense does not meet this standard.").

Mr. Morales states in his opposition that Mr. Kanji "may face a conflict over the course of this litigation that would impact his ability to adequately serve the class's interests." ECF No. 19. Mr. Morales has failed to show ***proof*** that Mr. Kanji's career will in any way inhibit his ability to zealously represent the class in this Action. Thus, Mr. Morales's speculation is unfounded and far

PAGE 5 -  MOVANT ALEEM KANJI'S REPLY IN SUPPORT OF MOTION FOR
               APPOINTMENT AS LEAD PLAINTIFF AND APPOINTMENT OF COUNSEL

beyond the inquiry that is required at this stage of the litigation. *See Cf Tanne v. Autobytel, Inc.,* 226 F.R.D. 659, 666 (C.D. Cal. 2005) ("wide ranging analysis is not appropriate to determine whether [movant] has made a prima facie showing that he satisfies the requirements of Rule 23, and should be left for consideration on a motion for class certification" (internal quotations omitted)); *accord In re Cendant Litigation,* 264 F.3d 201, 264 (3rd Cir. 1992)(requiring only a "prima facie" showing of meeting Rule 23's adequacy and typicality elements).

Indeed, "[f]or a conflict of interest to defeat the adequacy requirement [of Rule 23], that conflict must be fundamental." *See, e.g., Andrade v. Am. Apparel, Inc.*, Case No. 10-06352 MMM (PJWx), 2011 U.S. Dist. LEXIS 79795, at *40-41 (C.D. Cal. Mar. 15, 2011) ("'speculative assertions are insufficient to rebut the presumption' regarding the most adequate plaintiff.") (quoting *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997)); *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 184 (3d Cir. 2012). "A conflict is not fundamental when [] all class members share common objectives and the same factual and legal positions [and] have the same interest in establishing the liability of [defendants]. Moreover, a conflict will not defeat the adequacy requirement if it is merely speculative or hypothetical." *Rice v. Genworth Fin., Inc.*, No. 3:17cv59, 2017 U.S. Dist. LEXIS 137110, at *25 (E.D. Va. Aug. 25, 2017) (citing *Ward v. Dixie Nat. Life Ins. Co.*, 595 F.3d 164, 180 (4th Cir. 2010) (emphases added)); *Angel Investors, LLC v. Garrity*, 216 P. 3d 944, 953 (Utah 2009) (holding "conflict of interest" arises only when a "shareholder cannot act in the best interest of the corporation or similarly situated shareholders"); *see also In re Initial Public Offering Sec. Litig.*, 243 F.R.D. 79, 85 n.43 (S.D.N.Y. 2007) ("An antagonistic interest arises when there is a fundamental conflict or inconsistency between the proposed class members that is so palpable as to outweigh the substantial interest of every class member in proceeding with the litigation."); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 133

PAGE 6 -  MOVANT ALEEM KANJI'S REPLY IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPOINTMENT OF COUNSEL

(S.D.N.Y. 2011) (Any "conflict of interest must be shown, not merely speculated, in order to rebut the presumption of the most adequate lead plaintiff.").

Simply put, Mr. Morales has not set forth *any* proof that Mr. Kanji would not adequately represent the class. *See Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are . . . insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence.").

## III.    CONCLUSION

For the foregoing reasons, Mr. Kanji respectfully requests that the Court grant his Motion and enter an Order: (1) appointing him as lead plaintiff, (2) approving his selection of Levi & Korsinsky as lead counsel for the Class and Black Helterline as Liaison Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: February 26, 2024                    Respectfully Submitted,

**BLACK HELTERLINE LLP**

*/s/ Michael B. Merchant*
Michael B. Merchant, OSB No. 882680
805 S.W. Broadway, Suite 1900
Portland, OR 97205
Telephone: (503) 224-5560
Facsimile: (503) 224-6148
Email: mike.merchant@bhlaw.com

*Liaison Counsel for Aleem Kanji and Proposed Liaison Counsel the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Aleem Kanji and Proposed Lead Counsel for the Class*

PAGE 7 -  MOVANT ALEEM KANJI'S REPLY IN SUPPORT OF MOTION FOR
              APPOINTMENT AS LEAD PLAINTIFF AND APPOINTMENT OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2024, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system and that by doing so I served the foregoing on all parties in the

record of the subject case via CM/ECF system transmission.

DATED this 26th day of February 2024.

BLACK HELTERLINE LLP


By:    s/ Michael B. Merchant
        Michael B. Merchant, OSB No. 882680
        (503) 224-5560

        *Liaison Counsel for Movant Aleem Kanji and*
        *Proposed Liaison Counsel for the Class*

Page 1 – Certificate of Service