FOSTER GARVEY PC
Eryn Karpinski Hoerster, OSB #3939
121 SW Morrison Street, Eleventh Floor
Portland, Oregon 97204-3141
Telephone: +1.503.228.3939
Facsimile: +1.503. 226.0259
*eryn.hoerster@foster.com*

LATHAM & WATKINS LLP
Matthew Rawlinson (*pro hac vice*)
Melanie M. Blunschi (*pro hac vice*)
Daniel R. Gherardi (*pro hac vice*)
140 Scott Drive
Menlo Park, California 94025
Telephone: +1.650.328.4600
Facsimile: +1.650.463.2600
*matt.rawlinson@lw.com*
*melanie.blunschi@lw.com*
*daniel.gherardi@lw.com*

*Attorneys for Defendants Expensify, Inc.,*
*David Barrett, Ryan Schaffer, Blake Bartlett,*
*Robert Lent, Anu Muralidharan, Jason Mills,*
*Daniel Vidal, Timothy L. Christen, Ying*
*(Vivian) Liu, and Ellen Pao*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CODY WILHITE, Individually and on Behalf of All Others Similarly Situated., Plaintiff, v. EXPENSIFY, INC., DAVID BARRETT, RYAN SCHAFFER, BLAKE BARTLETT, ROBERT LENT, ANU MURALIDHARAN, JASON MILLS, DANIEL VIDAL, TIMOTHY L. CHRISTEN, YING (VIVIAN) LIU, ELLEN PAO, J.P. MORGAN SECURITIES, LLC, CITIGROUP GLOBAL MARKETS INC., BofA SECURITIES, INC., PIPER SANDLER & CO., JMP SECURITIES LLC, and LOOP CAPITAL MARKETS LLC, Defendants. | Case No. 3:23-cv-01784-JR **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF EXPENSIFY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT** Pursuant to Fed. R. Evid. 201 and Incorporation By Reference Doctrine |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**

## I.    INTRODUCTION

Pursuant to the doctrine of incorporation by reference and Federal Rule of Evidence 201 ("Rule 201"), Expensify, Inc. ("Expensify"), David Barrett, Ryan Schaffer, Blake Bartlett, Robert Lent, Anu Muralidharan, Jason Mills, Daniel Vidal, Timothy L. Christen, Ying (Vivian) Liu, and Ellen Pao (together, with Expensify, "Expensify Defendants"), respectfully request that the Court consider the following documents, attached to the Declaration of Daniel R. Gherardi filed concurrently herewith, in connection with the Expensify Defendants' Motion to Dismiss ("Motion to Dismiss") Plaintiff's Amended Class Action Complaint (the "Amended Complaint" or "AC"):

1. **Exhibit 1** – a true and correct copy of the CBS News article entitled "CEO emails 10 million customers to tell them to vote for Biden," by Aimee Picchi, dated October 24, 2020, which is publicly available at https://www.cbsnews.com/news/expensify-ceo-david-barrett-emails-customers-vote-biden/.

2. **Exhibit 2** – a true and correct copy of an October 2020 post on Expensify's community discussion forum entitled "VERY Disappointed with Expensify using customer email to express political opinions!," and comments from Expensify users related to the post, which is publicly available on Expensify's website at https://community.expensify.com/discussion.

3. **Exhibit 3** – a true and correct copy of an October 2020 post on Expensify's community discussion forum entitled "David Barrett's email promoting Joe Biden violated our corporate policy on political lobbying," and comments from Expensify users related to the post, which is publicly available on Expensify's website at https://community.expensify.com/discussion.

4. **Exhibit 4** – a true and correct copy of Expensify's Registration Statement on Form S-1, as amended, which was publicly filed with the United States Securities and Exchange Commission ("SEC") on November 8, 2021 and is publicly available on the SEC website at www.sec.gov/edgar.

5. **Exhibit 5** – a true and correct copy of J.P. Morgan's analyst report entitled "Expensify: Attractive fundamentals, but challenging business model; Initiate with Underweight," dated September 15, 2023.

6. **Exhibit 6** – a true and correct copy of Piper Sandler's analyst report entitled "Expensify, Inc. (EXFY): Mired in Another Quarter of Execution Missteps; Lowering Estimates, PT to $2," dated November 7, 2023.

Page 1 – **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**

Each of these Exhibits may properly be considered by the Court in connection with the Motion to Dismiss because each is (i) incorporated by reference into the Amended Complaint and/or (ii) subject to judicial notice under Rule 201.

## II.   LEGAL STANDARD

In deciding a motion to dismiss, a court may consider "materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

The incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A document is incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (citation omitted); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (determining that documents cited throughout complaint were incorporated by reference). "The Ninth Circuit has applied the doctrine of incorporation by reference 'to consider documents in situations where the complaint necessarily relies upon a document'" or "the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *In re LexinFintech Holdings Ltd. Sec. Litig.*, 2021 WL 5530949, at *4 (D. Or. Nov. 24, 2021) (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)).

Judicial notice allows courts to consider facts that are "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Public records, including SEC filings, are properly the subject of judicial notice and routinely considered in deciding a motion to dismiss in a securities

case. *See In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at \*5 (N.D. Cal. June 2, 2020) ("Plaintiff claims that Apple's SEC filings contained misleading statements, and they therefore form the basis of plaintiff's claims."); *In re Extreme Networks, Inc. S'holder Deriv. Litig.*, 573 F. Supp. 2d 1228, 1231 n.2 (N.D. Cal. 2008).  This Court may consider "any matter subject to judicial notice, such as SEC filings" in ruling on the Expensify Defendants' Motion to Dismiss.  *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006).

## III.     ARGUMENT

### A.     Exhibits 2-6 Are Incorporated by Reference in the Amended Complaint

Plaintiff extensively references Exhibits 2 through 6 in the Amended Complaint, and each forms the basis of Plaintiff's claims.  *See, e.g.*, AC ¶¶ 56, 66-68, 70, 74-77, 80-81, 113, 117, 121, 124, 126-127, 129, 131, 133, 135, 141, 143, 146, 148.  Because Exhibits 2 through 6 form the basis of Plaintiff's allegations, they are incorporated by reference into the Amended Complaint and are appropriately considered by this Court in deciding the Motion to Dismiss.  *See Boston Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, at \*2 (N.D. Cal. Aug. 7, 2020); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066-67 (N.D. Cal. 2010); *In re CNET Networks, Inc.*, 483 F. Supp. 2d 947, 953 (N.D. Cal. 2007); *In re Intel*, 2019 WL 1427660, at \*6; *Park v. GoPro, Inc.*, 2019 WL 1231175, \*6 (N.D. Cal. Mar. 15, 2019).

**Expensify Blog.**  Exhibits 2 and 3 are posts and subsequent comments from Expensify users that are publicly available on Expensify's community forum website.  Plaintiff quotes numerous purported complaints from users that are derived from Exhibits 2 and 3 in alleging that users were upset about an email from Expensify's chief executive officer in October 2020.  *See* AC ¶¶ 66-68, 70, 74-77, 80-81.  Because Plaintiff relies on the contents of these Exhibits to support his claims, the Court should consider them as incorporated by reference.  *See Khoja*, 899 F.3d at

Page 3 – **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**

1002 (incorporating by reference a blog post that the plaintiff extensively quoted from in the complaint); *In re Intel*, 2019 WL 1427660, at *6 (incorporating by reference material from the defendant's website because it was "more than merely mention[ed]" but "quoted or referenced in three paragraphs" of the complaint).

**SEC Filing.** Exhibit 4 is the Registration Statement on SEC Form S-1 that Expensify filed publicly with the SEC in connection with its November 2021 initial public offering. Plaintiff's claims inherently depend on Expensify's Registration Statement, as it is the sole source of the statements that he challenges as false or misleading under Section 11 of the Securities Act of 1933. Courts routinely incorporate registration statements into complaints alleging violations of Section 11. *In re Lyft Inc. Sec. Litig.*, 484 F. Supp. 3d 758, 764 (N.D. Cal. 2020) (incorporating by reference the defendant's Form S-1 Registration Statement in a Section 11 case); *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *4 (N.D. Cal. July 21, 2020) (incorporating registration statement by reference in Section 11 complaint in connection with motion to dismiss); *In re Dropbox Sec. Litig.*, 2020 WL 6161502, at *5 (N.D. Cal. Oct. 21, 2020) (incorporating by reference the defendant's registration statement in a Section 11 case); *LexinFintech*, 2021 WL 5530949, at *4 (incorporating by reference SEC filings where "the parties not only do not appear to dispute [their] relevance . . . but . . . rely on them extensively" and neither party "has raised questions as to the authenticity of these documents"); *Iron Workers Loc. 580 Joint Funds v. Nvidia Corp.*, 2020 WL 1244936, at *5 (N.D. Cal. Mar. 16, 2020) (incorporating by reference "SEC filings . . . that [the plaintiff] allege[s] contain false and/or misleading statements" because "the plaintiff refers extensively to the documents [and] the documents form the basis of the plaintiff's claim") (cleaned up).

**Analyst Reports.** Exhibits 5 and 6 are public analyst reports from financial institutions that followed Expensify's business and financial results. Plaintiff references these Exhibits to

Page 4 – **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**

support his argument that the reports revealed the "truth" behind Expensify's allegedly misleading statements. AC ¶¶ 113, 117. The Court should consider Exhibits 5 and 6 as incorporated by reference because Plaintiff specifically quotes them in the Amended Complaint and they form the basis of Plaintiff's claims. *See Khoja*, 899 F.3d at 1004 (incorporating by reference analyst reports that "form[ed] the basis of [the plaintiff's] claim that the market relied on" the defendant's challenged statements); *Reckstin Family Tr. v. C3.ai, Inc.*, 2024 WL 734497, at *5 n.8 (N.D. Cal. Feb. 22, 2024) (considering analyst reports that the plaintiff relied on for a loss causation argument in connection with motion to dismiss); *W. Pa. Elec. Emp. Pension Fund v Mentor Graphics Corp.*, 2018 WL 4524107, at *3 (D. Or. May 29, 2018) (incorporating by reference analyst reports referenced in complaint).

### B.    All Exhibits Are Properly Subject to Judicial Notice

Exhibits 1 through 6 are each documents "not subject to reasonable dispute" and can be located from "sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(2). And the Expensify Defendants rely on the Exhibits solely to establish their existence and contents, not to establish the truth of any fact that they assert. *See Khoja*, 899 F.3d at 999; *LexinFintech*, 2021 WL 5530949, at *4-5. Therefore, the Court should take judicial notice of each Exhibit.

**News Article.** Exhibit 1 is a publicly available news article about an email that Expensify's chief executive officer sent to Expensify's users. The Expensify Defendants cite Exhibit 1 to show that the email was known to the public in October 2020. Courts frequently take judicial notice of news articles offered for this purpose. *See In re Kalobios Pharms., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003-04 (N.D. Cal. 2017) (taking judicial notice of news articles from "credible and mainstream sources" when offered to demonstrate that the market was aware of information

Page 5 – **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**

contained in the articles); *see also Garcia v. J2 Global, Inc.*, 2021 WL 1558331, at *8-9 (C.D. Cal. Mar. 5, 2021) (collecting cases); *Chan v. ArcSoft, Inc.*, 2020 WL 13891272, at *3 (N.D. Cal. Sept. 16, 2020) (same).  This Court should take judicial notice of Exhibit 1 when adjudicating the Motion to Dismiss.

**Expensify Blog.**  Exhibits 2 and 3 are posts and user comments that are publicly available on Expensify's community forum website.   Expensify Defendants cite these Exhibits as the sources for the purported user complaints in October 2020 that Plaintiff quotes in the Amended Complaint, *see* AC ¶¶ 66-68, 70, 74-77, 80-81, not for the truth of those purported user complaints. Courts regularly take judicial notice of materials available online, including informal posts and information on company websites, when (as here) they are offered to demonstrate "what was in the public realm at the time." *See In re Twitter, Inc. Sec. Litig.*, 2020 WL 4187915, at *2-3 (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of information on defendant's website and collecting cases); *Chan*, 2020 WL 13891272, at *3 (taking judicial notice of material on defendant's website); *Veal v. Lendingclub Corp.*, 2020 WL 3128909, at *5 (N.D. Cal. June 12, 2020) (taking judicial notice of blog posts on the defendant's website).   This Court should take judicial notice of Exhibits 2 and 3 when adjudicating the Motion to Dismiss.

**SEC Filing.**  Exhibit 4 is Expensify's  Registration Statement on Form S-1 filed with the SEC in connection with Expensify's November 2021 initial public offering.  "Public SEC filings are routinely subject to judicial notice since their accuracy cannot reasonably be questioned." *Sanders v. Realreal, Inc.*, 2021 WL 1222625, at *4 (N.D. Cal. Mar. 31, 2021).   Accordingly, the Court may take judicial notice of these exhibits to show that Expensify "made the statements contained therein." *Russian Hill Cap., LP v. Energy Corp. of Am.*, 2016 WL 1029541, at *3 (N.D.

Page 6 – **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**

Cal. Mar. 15, 2016) (taking judicial notice of SEC filings); *see also In re Intel*, 2019 WL 1427660, at \*7 (taking judicial notice of SEC filing not otherwise incorporated by reference in complaint); *LexinFintech*, 2021 WL 5530949, at \*5 (cleaned up) (collecting cases) ("Courts regularly take judicial notice of the existence and contents of SEC filings."); *Steinberg v. Schmitt Indus., Inc.*, 2024 WL 1007879, at \*4 (D. Or. Feb. 2, 2024) ("This court may take judicial notice of SEC filings."); *Ciuffitelli ex rel. Tr. of Ciuffitelli Revocable Tr. v Deloitte & Touche LLP*, 2017 WL 2927481, at \*15 (D. Or. Apr. 10, 2017) ("SEC filings are . . . public records subject to judicial notice.").

**Analyst Reports.**  Exhibits 5 and 6 are public analyst reports from financial institutions that followed Expensify's business and financial results.  Plaintiff quotes from these Exhibits in alleging they revealed the "truth" of the statements Plaintiff challenges in Expensify's Registration Statement.  Expensify Defendants cite these Exhibits to demonstrate what information the analysts shared with the market.  Courts routinely take judicial notice of analyst reports offered for this purpose.  *See Reckstin*, 2024 WL 734497, at \*5 (taking judicial notice of analyst reports offered "to show what information was available to the market, which is the central issue in a loss causation analysis"); *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at \*4 (N.D. Cal. June 19, 2020) (same); *Lowe v. Tandem Diabetes Care Inc.*, 2024 WL 1898473, at \*5 (S.D. Cal. Apr. 30, 2024) (same).

## IV.   CONCLUSION

For the foregoing reasons, the Expensify Defendants respectfully request that the Court consider Exhibits 1 through 6 in adjudicating the Expensify Defendants' Motion to Dismiss.

July 9, 2024

FOSTER GARVEY PC


By:  */s/ Eryn Karpinski Hoerster*
Eryn Karpinski Hoerster, OSB #106126
121 SW Morrison Street, Eleventh Floor
Portland, Oregon 97204-3141
Telephone: +1.503.228.3939
Facsimile:  +1.503. 226.0259
eryn.hoerster@foster.com


LATHAM & WATKINS LLP
Matthew Rawlinson (*pro hac vice*)
Melanie M. Blunschi (*pro hac vice*)
Daniel R. Gherardi (*pro hac vice*)
140 Scott Drive
Menlo Park, California 94025
Telephone:  +1.650.328.4600
Facsimile:  +1.650.463.2600
matt.rawlinson@lw.com
melanie.blunschi@lw.com
daniel.gherardi@lw.com

*Attorneys for the Expensify Defendants*

Page 8 – **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**