IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CODY WILHITE, Individually and On
Behalf of All Others Similarly Situated,

    Plaintiff,

v.

EXPENSIFY, INC., DAVID BARRETT,
RYAN SCHAFFER, BLAKE BARTLETT,
ROBERT LENT, ANU MURALIDHARAN,
JASON MILLS, DANIEL VIDAL, TIMOTHY
L. CHRISTEN, YING (VIVIAN) LIU, ELLEN
PAO, J.P. MORGAN SECURITIES, LLC,
CITIGROUP GLOBAL MARKETS INC.,
BofA SECURITIES, INC., PIPER SANDLER
& CO., JMP SECURITIES LLC, and LOOP
CAPITAL MARKETS LLC,

    Defendants.

No. 3:23-cv-01784-JR

OPINION AND ORDER

**BAGGIO, District Judge:**

On December 30, 2024, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F&R"), ECF 62, recommending that this Court grant Defendants' Request for Judicial Notice, ECF 55, and grant in part and deny in part Defendants' Motion to Dismiss, ECF 53. Plaintiff and Defendants filed timely objections. Plaintiff's Objections ("Pl. Objs."), ECF 66; Defendants' Objections ("Defs. Objs."), ECF 67. This Court ADOPTS Judge Russo's F&R with the modifications described below.

## LEGAL STANDARD

The magistrate judge makes only recommendations to the court, to which any party may file written objections. 28 U.S.C. § 636(b)(1)(C). If a party objects, the court "shall make a de

1 – OPINION AND ORDER

novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made." *Id.* To trigger de novo review, objections must be timely and "specific." Fed. R. Civ. P. 72(b)(2). General objections or summaries of arguments presented to and rejected by the magistrate judge are not considered proper objections. *See, e.g., Naomi Sue White Eagle v. Wash. State Dep't Of Corr., et al.*, No. C24-1388-JCC-BAT, 2025 WL 660621, at *1 (W.D. Wash. Feb. 28, 2025) ("[G]eneral objections or summaries of arguments previously presented have the same effect as no objection at all since they do not focus the Court's attention on any specific issues for review."); *Williams v. Navarro*, No. 18-CV-1581 TWR (KSC), 2022 WL 16758479, at *1 (S.D. Cal. Nov. 8, 2022), *aff'd*, 2024 WL 1875007 (9th Cir. Apr. 30, 2024) (rejecting objections that "merely repeat the arguments already rejected by the Magistrate Judge" because objections "to a magistrate's Findings and Recommendations are not a vehicle for the losing party to relitigate its case.") (cleaned up).

The Court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no proper objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). Even if no objections are filed, the Court is free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C); *see also Thomas*, 474 U.S. at 154.

## DISCUSSION

The Court must first determine whether the parties' objections properly trigger de novo review. Both parties filed timely objections, following the Court's grant of an extension of time to file. Order, ECF 65; Pl. Objs., ECF 66; Defs. Objs., ECF 67. Plaintiff's objections are proper because they specifically object to Judge Russo's analysis related to her recommendation to dismiss claims based on the Expensify CEO's political email in 2020 ("2020 Email"). *See* Pl.

Objs., ECF 66.  Plaintiff's objections argue specific portions of Judge Russo's analysis were legally incorrect to "focus the Court's attention on any specific issues for review." *Naomi Sue,* 2025 WL 660621, at *1.  Defendants' objections, on the other hand, read more as a rephrased version of their motion to dismiss.  *See* Defs. Objs., ECF 67.  Their filing contains a fresh background section, legal standard, and repeats most of their arguments below that Judge Russo rejected.  *See id.*  Objections to a magistrate judge's F&R "are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." *Chith v. Haynes*, No. C18-5342 BHS, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).  The Court concludes Defendants' objections are too general to require de novo review of all the portions of Judge Russo's F&R that recommended denying Defendants' motion to dismiss.

Because Defendants filed a general objection, they effectively failed to object to the F&R. Accordingly, the Court concludes 28 U.S.C. § 636(b)(1)(C) only requires a de novo review of Judge Russo's recommendations regarding the 2020 Email.  However, while the Court is not obligated to conduct a de novo review of anything beyond the 2020 Email, it still performed a de novo review of the entire record and now ADOPTS Judge Russo's recommendation to grant Defendants' motion to dismiss Plaintiff's Securities Act claims based on the 2020 Email, Item 105, and Item 303, and deny the motion in all other respects.  Though the Court adopts Judge Russo's recommended disposition of Defendants' Motion to Dismiss, it modifies Judge Russo's F&R in three ways here.

### A. Pleading Standard

First, Judge Russo does not make clear whether she applied the Federal Rule of Civil Procedure 8 ("Rule 8") plausibility pleading standard or the heightened Federal Rule of Civil Procedure 9 ("Rule 9") pleading standard.  She presented the Rule 9 legal standard and did not

3 – OPINION AND ORDER

explicitly conclude whether it applies, but her analysis throughout the F&R indicates she applied the plausibility standard from Rule 8. *See* F&R at 11, 13, 16, 20-21, ECF 62. The Court now clarifies that the Rule 8 plausibility pleading standard, not Rule 9's heightened standard, applies to Plaintiff's allegations.

Rule 9 applies a heightened pleading standard to allegations of "fraud or mistake" to protect professionals from the reputational harm that accompanies fraud allegations. *See Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1105 (9th Cir. 2003). In cases like this one where fraud or mistake are not explicitly pled, the heightened Rule 9 pleading can still apply if the non-fraud claim "sounds in fraud." *In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 885 (9th Cir. 2012). Courts must conduct "a close examination of the language and structure of the complaint" to determine if the non-fraud claim rests on "a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim." *Id.* (cleaned up). If it does, the non-fraud claim "sounds in fraud" and the heightened pleading standard applies. *Id*.

The Court concludes the heightened pleading standard does not apply here because accepting Plaintiff's allegations as true does not necessarily require acceptance of a "unified course of fraudulent conduct" such that the claims "sound in fraud." *Vess,* 317 F.3d at 1105. Further development of the record could, for example, show that Expensify's leadership and its banking partners were merely negligent in failing to investigate and ensure the truth of all the statements in the Registration Statement. The record could alternatively show that they had fraudulent intent to deceive by purposely including misleading or false statements in the Registration Statement. But Plaintiff's allegations do not *require* this second scenario to unfold, so their claims are not sufficiently "grounded in fraud" to warrant the heightened pleading standard under Rule 9. *See Vess,* 317 F.3d at 1104.

4 – OPINION AND ORDER

### B. Materiality of Price Increase Omissions

Second, the Court agrees with Judge Russo's conclusion that at "this stage of the litigation, the Court cannot find that the alleged omission" related to the 2020 price increases "is not so obviously unimportant to a reasonable investor that reasonable minds could not differ on the question of their importance." F&R at 15, ECF 62. The Court also agrees that it is "not in a position to weigh the materiality of the alleged omission at this stage." *Id.* at 16. However, the Court rejects Judge's Russo's finding that "while exact numbers may not need to be provided, the substantial percentages allegedly should have been" to the extent that Judge Russo comments on the materiality of the exclusion of the price increase percentages. *Id*. at 15. "The materiality of an omission is a fact-specific determination that should ordinarily be assessed by a jury." *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1405 (9th Cir. 1996) (internal quotations omitted). While the Court agrees with Judge Russo that Plaintiff has met his relatively "minimal burden" under Section 11 to state a claim related to the 2020 price increases, *Herman & MacLean v. Huddleston*, 459 U.S. 375, 382 (1983), further factual development is required before the Court can make any determinations related to the materiality of the alleged omissions or whether certain figures were improperly omitted.

### C. Amendment

Third, the Court agrees with Judge Russo that Plaintiff does not plead a Section 11 claim based on the 2020 Email because details of the email and its backlash among some Expensify customers were in the public domain. Judge Russo properly considered the news article and the customer comments that Plaintiff incorporates into his complaint, which were publicly available on Expensify's website, as evidence that this information was in the public domain. *See Rubke v.*

5 – OPINION AND ORDER

*Capitol Bancorp Ltd*, 551 F.3d 1156, 1163 (9th Cir. 2009) ("[I]t is pointless and costly to compel firms to reprint information already in the public domain.") (quotations omitted).

Plaintiff's objections raise the alternate argument that even if details of 2020 Email and some customer backlash were public, Expensify internally knew that the effect of the 2020 Email on Expensify's customer base was much larger and worse than the public knew.  Pl. Objs. at 6, ECF 66.  Plaintiff further alleges that the revenue and member data in Expensify's Registration Statement did not reflect the extent of this fallout because of allegedly "non-cancelable" contracts that prevented customers from canceling their memberships with Expensify immediately.  *Id.* at 6-7.  However, Plaintiff's complaint lacks facts to plausibly plead this theory, such as, how many customers were on non-cancelable contracts, how long those contracts were non-cancelable, and what Expensify knew at the time of the IPO in November 2021 about a customer fallout that was allegedly triggered by the email in October 2020 but that had not materialized yet.  To salvage this claim, Plaintiff would have to identify facts that Expensify knew at the time of the IPO about alleged customer fallout—but did not disclose—that would have "significantly altered the total mix of information made available" to an investor considering buying Expensify stock.  *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 38 (2011) (internal quotation omitted).  Because Plaintiff's Section 11 claim based on the 2020 Email is dismissed without prejudice, Plaintiff may move for leave to amend his complaint if he develops a factual basis to do so.

6 – OPINION AND ORDER

## CONCLUSION

The Court ADOPTS Judge Russo's Findings and Recommendation, ECF 62, except for the modifications as described above. Therefore, Defendants' Request for Judicial Notice, ECF 55, is GRANTED and Defendants' Motion to Dismiss, ECF 53, is GRANTED with respect to Plaintiff's claims related to the 2020 Email and violations of Items 105 and 303. Defendants' Motion is DENIED in all other respects.

IT IS SO ORDERED.

DATED this 24th day of March, 2025.

AMY M. BAGGIO
United States District Judge