Damon C. Elder, OSB No. 085313
**MORGAN, LEWIS & BOCKIUS LLP**
1301 Second Avenue, Suite 3000
Seattle, WA 98101
(206) 274-6400 | Phone
damon.elder@morganlewis.com

Charlene S. Shimada (*pro hac vice*)
Kevin M. Papay (*pro hac vice*)
Robert H. O'Leary (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
(415) 442-1000 | Phone
charlene.shimada@morganlewis.com
kevin.papay@morganlewis.com
bob.oleary@morganlewis.com

*Attorneys for Defendants J.P. Morgan Securities LLC,*
*Citigroup Global Markets Inc., BofA Securities, Inc.,*
*Piper Sandler & Co., Citizens JMP Securities, LLC,*
*and Loop Capital Markets LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CODY WILHITE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> EXPENSIFY, INC., DAVID BARRETT, RYAN SCHAFFER, BLAKE BARTLETT, ROBERT LENT, ANU MURALIDHARAN, JASON MILLS, DANIEL VIDAL, TIMOTHY L. CHRISTEN, YING (VIVIAN) LIU, ELLEN PAO, J.P. MORGAN SECURITIES, LLC, CITIGROUP GLOBAL MARKETS INC., BOFA SECURITIES, INC., PIPER SANDLER & CO., JMP SECURITIES LLC, and LOOP CAPITAL MARKETS LLC, <br><br> Defendants. | Case No. 3:23-cv-01784-JR <br><br> **UNDERWRITER DEFENDANTS' ANSWER TO LEAD PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT** |

Defendants J.P. Morgan Securities LLC, Citigroup Global Markets Inc., BofA Securities, Inc., Piper Sandler & Co., Citizens JMP Securities LLC,[1] and Loop Capital Markets LLC (collectively, the "Underwriter Defendants"), by their undersigned attorneys, hereby answer the Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 32) (the "Amended Complaint").

In collectively responding to the allegations of the Amended Complaint, the Underwriter Defendants: (i) incorporate into each such response a denial of all allegations in the Amended Complaint (including those outside of the knowledge or information of the Underwriter Defendants) to the extent that they assert or suggest that the Registration Statement[2] contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading in any respect, or to the extent that the allegations in the Amended Complaint assert any factual allegations that are inconsistent with or contrary to the Registration Statement, to which the Underwriter Defendants refer for a complete and accurate statement of its contents; (ii) deny any averments in the headings and subheadings of the Amended Complaint; and (iii) in all events, intend to respond only as to allegations directed at each of them individually, and none of the responses should be deemed to be responding to allegations that are directed solely to other defendants (including, without limitation, other, but not all, Underwriter Defendants).

---

[1] Defendant Citizens JMP Securities, LLC was formerly known as "JMP Securities LLC."

[2] "Registration Statement," as that term is defined in the Amended Complaint and used herein, means the registration statement that Expensify, Inc. ("Expensify") filed with the United States Securities and Exchange Commission (the "SEC") on November 8, 2021, and all prior versions or subsequent amendments, including the prospectus that Expensify filed with the SEC on November 12, 2021, and the exhibits and documents incorporated by reference in the Registration Statement. The "Offering" or the "IPO" means the stock offering by Expensify made pursuant to the Registration Statement.

In its March 24, 2025 Opinion and Order (the "Motion to Dismiss Order"), the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose the contents of the October 22, 2020 email sent by Expensify's Chief Executive Officer David Barrett (the "October 2020 Email") or alleged negative impacts to Expensify's business resulting from the October 2020 Email, as referenced in Paragraphs 63-84, 126-130 and other parts of the Amended Complaint. (ECF Nos. 62 and 75). The Court also dismissed Lead Plaintiff's Section 11 claim based on purported violations of Items 105 and 303 of Regulation S-K, as referenced in Paragraphs 139-149 of the Amended Complaint. (*Id.*) Thus, no response to those allegations of the Amended Complaint is required. To the extent that a response is required, the Underwriter Defendants deny the allegations related to the October 2020 Email and Items 105 and 303, including in Paragraphs 63-84, 126-130 and 139-149 of the Amended Complaint.

Paragraphs 176-182 of the Amended Complaint concern Lead Plaintiff's allegations relating to claims brought against certain of Expensify's officers and directors (the "Individual Defendants") pursuant to Section 15 of the Securities Act of 1933 (the "Securities Act"). Because the allegations in Paragraphs 176-182 of the Amended Complaint are not directed at the Underwriter Defendants, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraphs 176-182 to the extent that they allege that the Registration Statement contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

The Underwriter Defendants deny the allegations contained in the unnumbered paragraph appearing on page 1 of the Amended Complaint to the extent that they suggest that the Registration Statement contained an untrue statement of a material fact or omitted to state a material fact

required to be stated therein or necessary to make the statements therein not misleading, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the unnumbered paragraph appearing on page 1 of the Amended Complaint.

The Underwriter Defendants further respond to the specific allegations in the Amended Complaint as follows:

1.     The Underwriter Defendants deny that the allegations of Paragraph 1 present a fair and complete description of Expensify's business and operations, and respectfully refer the Court to the Registration Statement and to Expensify's public filings for a complete description of such matters.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 1, except admit that Expensify sold shares of common stock to the public pursuant to the Registration Statement, and respectfully refer the Court to the Registration Statement and to Expensify's public filings for a further description of such matters.

2.     The Underwriter Defendants deny that the allegations of Paragraph 2 present a fair and complete description of Expensify's business, operations, and/or public disclosures, and respectfully refer the Court to the Registration Statement and to Expensify's public filings for a further description of such matters.

3.     The Underwriter Defendants deny the allegations in Paragraph 3 to the extent that they allege that the Registration Statement was false or misleading or that the Underwriter Defendants made any statement in the Registration Statement, and respectfully refer the Court to the Registration Statement and Expensify's public filings for their contents.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3.

4.      The Underwriter Defendants deny the allegations in Paragraph 4 to the extent that they allege that the Registration Statement was false or misleading or that the Underwriter Defendants made any statement in the Registration Statement, and respectfully refer the Court to the Registration Statement and Expensify's public filings for their contents.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4.

5.      Paragraph 5 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5, and otherwise deny the allegations in Paragraph 5 to the extent that they allege that the Registration Statement was false or misleading.

6.      Paragraph 6 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 6, except admit that Lead Plaintiff purports to bring claims under Section 11 of the Securities Act against the Underwriter Defendants.

7.      Paragraph 7 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 7, except admit that this Court has subject matter jurisdiction over this action.

8.      Paragraph 8 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8, except admit that venue is proper in this District.

9.      Paragraph 9 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 9, except lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 involving the defendants other than the Underwriter Defendants, and admit that the Underwriter Defendants used certain means and instrumentalities of interstate commerce in connection with underwriting the Offering.

10.      Paragraph 10 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff Aleem Kanji's purchase of Expensify stock and deny the allegations in Paragraph 10.

11.      The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11, except admit on information and belief that the Expensify common stock issued in the Offering was approved for listing on The Nasdaq Global Select Market under the symbol "EXFY."

12.      The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12, except admit that David Barrett was Expensify's Chief Executive Officer and a member of the board of directors at the time of the Offering and signed the Registration Statement, and respectfully refer the Court to the Registration Statement for a further description of such matters.

13.      The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13, except admit that Ryan Schaffer was Expensify's Chief Financial Officer at the time of the Offering and signed the Registration

Statement, and respectfully refer the Court to the Registration Statement for a further description of such matters.

14.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14, except admit that Blake Bartlett was a member of Expensify's board of directors and signed the Registration Statement, and respectfully refer the Court to the Registration Statement for a further description of such matters.

15.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15, except admit that Robert Lent was a member of Expensify's board of directors, and signed the Registration Statement, and respectfully refer the Court to the Registration Statement for a further description of such matters.

16.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16, except admit that Expensify attached a Consent to be Named as a Director Nominee as an exhibit to the Registration Statement indicating that Anu Muralidharan consented to being named as a nominee to the board of directors of Expensify in the Registration Statement, and respectfully refer the Court to the Registration Statement for a further description of such matters.

17.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17, except admit that Expensify attached a Consent to be Named as a Director Nominee as an exhibit to the Registration Statement indicating that Jason Mills consented to being named as a nominee to the board of directors of Expensify in the Registration Statement, and respectfully refer the Court to the Registration Statement for a further description of such matters.

18. The Underwriter Defendants deny the allegations of Paragraph 18 insofar as they refer to "Danial Vidal" rather than "Daniel Vidal." The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18, except admit that Expensify attached a Consent to be Named as a Director Nominee as an exhibit to the Registration Statement indicating that Daniel Vidal consented to being named as a nominee to the board of directors of Expensify in the Registration Statement, and respectfully refer the Court to the Registration Statement for a further description of such matters.

19. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 19, except admit that Expensify attached a Consent to be Named as a Director Nominee as an exhibit to the Registration Statement indicating that Timothy L. Christen consented to being named as a nominee to the board of directors of Expensify in the Registration Statement, and respectfully refer the Court to the Registration Statement for a further description of such matters.

20. The Underwriter Defendants deny the allegations of Paragraph 20 insofar as they refer to "Ying (Vivian) Lui" rather than "Ying (Vivian) Liu." The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 20, except admit that Expensify attached a Consent to be Named as a Director Nominee as an exhibit to the Registration Statement indicating that Ying (Vivian) Liu consented to being named as a nominee to the board of directors of Expensify in the Registration Statement, and respectfully refer the Court to the Registration Statement for a complete description of such matters.

21. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21, except admit that Expensify

attached to the Registration Statement a Consent to be Named as a Director Nominee indicating that Ellen Pao consented to being named as a nominee to the board of directors of Expensify in the Registration Statement, and respectfully refer the Court to the Registration Statement for a complete description of such matters.

22.     Because Paragraph 22 contains no factual allegations, no responsive pleading is required.

23.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 23.

24.     Paragraph 24 states legal conclusions to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24.

25.     Paragraph 25 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25.

26.     The Underwriter Defendants admit that they served as underwriters of the IPO.

27.     Because Paragraph 27 contains no factual allegations, no responsive pleading is required.

28.     Paragraph 28 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations, except admit that they served as underwriters of the IPO, and respectfully refer the Court to the Registration Statement for a complete description of their role in the IPO.

29.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29.

30.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30.

31.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31.

32.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32.

33.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33.

34.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34.

35.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35.

36.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36.

37.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37.

38.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38.

39.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39.

40.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40.

41. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41.

42. To the extent that the allegations in Paragraph 42 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations in Paragraph 42 present a complete or accurate summary of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 42.

43. To the extent that the allegations in Paragraph 43 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations of Paragraph 43 present a fair and complete description of Expensify's business and operations or the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 43.

44. To the extent that the allegations in Paragraph 44 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations of Paragraph 44 present a fair and complete description of Expensify's business and operations or the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 44.

45.    To the extent that the allegations in Paragraph 45 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations of Paragraph 45 present a fair and complete description of Expensify's business and operations or the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 45.

46.    To the extent that the allegations in Paragraph 46 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations in Paragraph 46 present a complete or accurate summary of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 46.

47.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47.

48.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48.

49.    To the extent that the allegations in Paragraph 49 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations in Paragraph 49 present a complete or accurate summary of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 49.

50.     To the extent that the allegations in Paragraph 50 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations of Paragraph 50 present a fair and complete description of Expensify's business and operations or the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 50.

51.     To the extent that the allegations in Paragraph 51 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations of Paragraph 51 present a fair and complete description of Expensify's business and operations or the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 51.

52.     To the extent that the allegations in Paragraph 52 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations of Paragraph 52 present a fair and complete description of Expensify's business and operations or the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 52.

53.     To the extent that the allegations in Paragraph 53 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in

the Registration Statement, deny that the allegations of Paragraph 53 present a fair and complete description of Expensify's business and operations or the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 53.

54.    To the extent that the allegations in Paragraph 54 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations of Paragraph 54 present a fair and complete description of Expensify's business and operations or the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 54.

55.    To the extent that the allegations in Paragraph 55 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations of Paragraph 55 present a fair and complete description of Expensify's business and operations or the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 55.

56.    To the extent that the allegations in Paragraph 56 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations in Paragraph 56 present a complete or accurate summary of the Registration Statement, and respectfully refer the Court to the Registration

Statement for its contents. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 56.

57.    To the extent that the allegations in Paragraph 57 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations in Paragraph 57 present a complete or accurate summary of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 57.

58.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58.

59.    To the extent that the allegations in Paragraph 59 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, and deny that the allegations of Paragraph 59 present a fair and complete description of Expensify's business and operations or the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 59.

60.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60.

61.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61.

62.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62.

63.     In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email.  Thus, no response to the allegations in Paragraph 63 is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63.

64.     In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email.  Thus, no response to the allegations in Paragraph 64 is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64.

65.     In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email.  Thus, no response to the allegations in Paragraph 65 is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65.

66.     In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email.  Thus, no response to the allegations in Paragraph 66 is required.  To the extent a response is required, the Underwriter

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66.

67.     In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email.  Thus, no response to the allegations in Paragraph 67 is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67.

68.     In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email.  Thus, no response to the allegations in Paragraph 68 is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68.

69.     In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email.  Thus, no response to the allegations in Paragraph 69 is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69.

70.     In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email.  Thus, no response to the

allegations in Paragraph 70 is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70.

71.    In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email. Thus, no response to the allegations in Paragraph 71 is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71.

72.    In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email. Thus, no response to the allegations in Paragraph 72 is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72.

73.    In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email. Thus, no response to the allegations in Paragraph 73 is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73.

74.    In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts

to Expensify's business resulting from the October 2020 Email. Thus, no response to the allegations in Paragraph 74 is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74.

75. In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email. Thus, no response to the allegations in Paragraph 75 is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75.

76. In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email. Thus, no response to the allegations in Paragraph 76 is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76.

77. In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email. Thus, no response to the allegations in Paragraph 77 is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77.

78.    In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email.  Thus, no response to the allegations in Paragraph 78 is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78.

79.    In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email.  Thus, no response to the allegations in Paragraph 79 is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79.

80.    In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email.  Thus, no response to the allegations in Paragraph 80 is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80.

81.    In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email.  Thus, no response to the allegations in Paragraph 81 is required.  To the extent a response is required, the Underwriter

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81.

82.    In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email.  Thus, no response to the allegations in Paragraph 82 is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82.

83.    In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email.  Thus, no response to the allegations in Paragraph 83 is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83.

84.    In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email.  Thus, no response to the allegations in Paragraph 84 is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84.

85.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85.

86. To the extent that the allegations in Paragraph 86 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations of Paragraph 86 present a fair and complete description of Expensify's business and operations or the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 86.

87. To the extent that the allegations in Paragraph 87 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations of Paragraph 87 present a fair and complete description of Expensify's business and operations or the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 87.

88. To the extent that the allegations in Paragraph 88 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations of Paragraph 88 present a fair and complete description of Expensify's business and operations or the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 88.

89. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89.

90.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90.

91.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91.

92.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92.

93.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93.

94.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94.

95.     To the extent that the allegations in Paragraph 95 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations in Paragraph 95 present a complete or accurate summary of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 95.

96.     To the extent that the allegations in Paragraph 96 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations of Paragraph 96 present a fair and complete description of Expensify's business and operations or the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 96.

97.     To the extent that the allegations in Paragraph 97 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations of Paragraph 97 present a fair and complete description of Expensify's business and operations or the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 97.

98.     The Underwriter Defendants deny that the allegations of Paragraph 98 present a fair and complete description of Expensify's business, operations, and/or public disclosures at the time of the IPO, and respectfully refer the Court to the Registration Statement and to Expensify's public filings for a complete description of such matters.

99.     The Underwriter Defendants admit that Expensify filed the Registration Statement with the SEC, and respectfully refer the Court to the Registration Statement and to Expensify's public filings for a complete description of such matters.

100.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100 and respectfully refer the Court to the Registration Statement for its contents, except admit that in November 2021 Expensify completed the IPO in which Expensify sold 2,608,696 shares of Class A common stock, and the selling stockholders sold 8,581,696 shares of Class A common stock (inclusive of 1,459,616 shares pursuant to the underwriters' option to purchase additional shares), and admit that Expensify's Class A common stock was approved for listing on The Nasdaq Global Select Market under the symbol "EXFY."

101.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101, except admit that Expensify sold shares of common stock pursuant to the Registration Statement, and respectfully refer the Court to the Registration Statement and to Expensify's public filings for a complete description of such matters.

102.    Paragraph 102 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 102.

103.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 103, and respectfully refer the Court to the documents identified for their contents.

104.    Paragraph 104 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 104, and respectfully refer the Court to public market sources for a true and accurate record of Expensify common stock prices on relevant days.

105.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105, and respectfully refer the Court to the documents identified for their contents.

106.    Paragraph 106 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 106, and respectfully refer the Court to public market sources for a true and accurate record of Expensify common stock prices on relevant days.

107.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 107, and respectfully refer the Court to the documents identified for their contents.

108.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 108, and respectfully refer the Court to the call transcript identified for its contents.

109.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 109, and respectfully refer the Court to the document identified for its contents.

110.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 110, and respectfully refer the Court to the document identified for its contents.

111.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 111, and respectfully refer the Court to the document identified for its contents.

112.    Paragraph 112 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 112, and respectfully refer the Court to public market sources for a true and accurate record of Expensify common stock prices on relevant days.

113.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 113, and respectfully refer the Court to the document identified for its contents.

114.    Paragraph 114 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 114, and respectfully refer the Court to public market sources for a true and accurate record of Expensify common stock prices on relevant days.

115.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 115, and respectfully refer the Court to the document identified for its contents.

116.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 116, and respectfully refer the Court to the call transcript identified for its contents.

117.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 117, and respectfully refer the Court to the document identified for its contents.

118.    Paragraph 118 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 118, and respectfully refer the Court to public market sources for a true and accurate record of Expensify common stock prices on relevant days.

119.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 119, and respectfully refer the Court to public market sources for a true and accurate record of Expensify common stock prices on relevant days.

120.    Paragraph 120 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 120.

121.    To the extent that the allegations in Paragraph 121 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations in Paragraph 121 present a complete or accurate summary of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 121.

122.    Paragraph 122 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 122.

123.    Paragraph 123 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 123.

124.    To the extent that the allegations in Paragraph 124 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations in Paragraph 124 present a complete or accurate summary of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 124.

125.    Paragraph 125 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 125.

126.    In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email, as referenced in Paragraphs 126-130 of the Amended Complaint.  Thus, no response to the allegations in Paragraph 126 is required. To the extent that a response is required, the Underwriter Defendants deny that the allegations in Paragraph 126 present a complete or accurate summary of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents.

127.    In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email, as referenced in Paragraphs 126-130 of the Amended Complaint.  Thus, no response to the allegations in Paragraph 127 is required. To the extent that a response is required, the Underwriter Defendants deny that the allegations in Paragraph 127 present a complete or accurate summary of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents.

128.    In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email, as referenced in Paragraphs 126-130 of the Amended Complaint.  Thus, no response to the allegations in Paragraph 128 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 128.

129.    In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email, as referenced in Paragraphs 126-130 of the Amended Complaint.  Thus, no response to the allegations in Paragraph 129 is required. To the extent that a response is required, the Underwriter Defendants deny that the allegations in Paragraph 129 present a complete or accurate summary of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents.

130.    In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on the failure to disclose alleged negative impacts to Expensify's business resulting from the October 2020 Email, as referenced in Paragraphs 126-130 of the Amended Complaint.  Thus, no response to the allegations in Paragraph 130 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 130.

131.    To the extent that the allegations in Paragraph 131 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations in Paragraph 131 present a complete or accurate summary of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 131.

132.    Paragraph 132 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 132.

133.    To the extent that the allegations in Paragraph 133 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations in Paragraph 133 present a complete or accurate summary of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents.

134.    Paragraph 134 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 134.

135.    To the extent that the allegations in Paragraph 135 purport to summarize information in the Registration Statement, the Underwriter Defendants deny that they made any statement in the Registration Statement, deny that the allegations in Paragraph 135 present a complete or accurate summary of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents.

136.    Paragraph 136 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 136.

137.    Paragraph 137 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny that the allegations in Paragraph 137 are a full and complete description of applicable SEC rules.

138.    Paragraph 138 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 138, and respectfully refer the Court to the Registration Statement for its contents.  The

Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 138.

139. In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on Item 303, as referenced in Paragraphs 139-144 of the Amended Complaint. Thus, no response to the allegations in Paragraph 139 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 139.

140. In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on Item 303, as referenced in Paragraphs 139-144 of the Amended Complaint. Thus, no response to the allegations in Paragraph 140 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 140.

141. In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on Item 303, as referenced in Paragraphs 139-144 of the Amended Complaint. Thus, no response to the allegations in Paragraph 141 is required. To the extent that a response is required, the Underwriter Defendants deny that the allegations in Paragraph 141 present a complete or accurate summary of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents.

142. In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on Item 303, as referenced in Paragraphs 139-144 of the Amended Complaint. Thus, no response to the allegations in Paragraph 142 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 142.

143.    In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on Item 303, as referenced in Paragraphs 139-144 of the Amended Complaint.  Thus, no response to the allegations in Paragraph 143 is required.  To the extent that a response is required, the Underwriter Defendants deny that the allegations in Paragraph 143 present a complete or accurate summary of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents.

144.    In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on Item 303, as referenced in Paragraphs 139-144 of the Amended Complaint.  Thus, no response to the allegations in Paragraph 144 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 144.

145.    In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on Item 105, as referenced in Paragraphs 145-149 of the Amended Complaint.  Thus, no response to the allegations in Paragraph 145 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 145.

146.    In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on Item 105, as referenced in Paragraphs 145-149 of the Amended Complaint.  Thus, no response to the allegations in Paragraph 146 is required.  To the extent that a response is required, the Underwriter Defendants deny that the allegations in Paragraph 146 present a complete or accurate summary of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents.

147.     In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on Item 105, as referenced in Paragraphs 145-149 of the Amended Complaint.  Thus, no response to the allegations in Paragraph 147 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 147.

148.     In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on Item 105, as referenced in Paragraphs 145-149 of the Amended Complaint.  Thus, no response to the allegations in Paragraph 148 is required.  To the extent that a response is required, the Underwriter Defendants deny that the allegations in Paragraph 148 present a complete or accurate summary of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents.

149.     In the Motion to Dismiss Order, the Court granted in part Defendants' motions to dismiss Lead Plaintiff's Section 11 claim based on Item 105, as referenced in Paragraphs 145-149 of the Amended Complaint.  Thus, no response to the allegations in Paragraph 149 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 149.

150.     Paragraph 150 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny that the allegations in Paragraph 150 are a full and complete description of applicable law.

151.     Paragraph 151 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 151.

152.    Paragraph 152 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 152.

153.    Paragraph 153 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 153.

154.    Paragraph 154 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 154.

155.    Paragraph 155 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 155.

156.    Paragraph 156 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 156, except admit that Lead Plaintiff purports to describe his basis for bringing this action as a putative class action. The Underwriter Defendants expressly deny that this case is appropriate for class action treatment or that Lead Plaintiff has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with the claim against the Underwriter Defendants brought under Section 11 of the Securities Act.

157.    Paragraph 157 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 157, except admit that Lead Plaintiff purports to describe his basis for bringing this action as a putative class action. The Underwriter Defendants expressly deny that this case is

appropriate for class action treatment or that Lead Plaintiff has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with the claim against the Underwriter Defendants brought under Section 11 of the Securities Act.

158.    Paragraph 158 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 158, except admit that Lead Plaintiff purports to describe his basis for bringing this action as a putative class action.  The Underwriter Defendants expressly deny that this case is appropriate for class action treatment or that Lead Plaintiff has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with the claim against the Underwriter Defendants brought under Section 11 of the Securities Act.

159.    Paragraph 159 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 159, except admit that Lead Plaintiff purports to describe his basis for bringing this action as a putative class action.  The Underwriter Defendants expressly deny that this case is appropriate for class action treatment or that Lead Plaintiff has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with the claim against the Underwriter Defendants brought under Section 11 of the Securities Act.

160.    Paragraph 160 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 160, except admit that Lead Plaintiff purports to describe his basis for bringing this action as a putative class action. The Underwriter Defendants expressly deny that this case is appropriate for class action treatment or that Lead Plaintiff has standing to sue, and/or to represent

a putative class of similarly situated individuals and/or entities, in connection with the claim against the Underwriter Defendants brought under Section 11 of the Securities Act.

161.    Paragraph 161 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 161, except admit that Lead Plaintiff purports to describe his basis for bringing this action as a putative class action. The Underwriter Defendants expressly deny that this case is appropriate for class action treatment or that Lead Plaintiff has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with the claim against the Underwriter Defendants brought under Section 11 of the Securities Act.

162.    Paragraph 162 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 162, except admit that Lead Plaintiff purports to describe his basis for bringing this action as a putative class action. The Underwriter Defendants expressly deny that this case is appropriate for class action treatment or that Lead Plaintiff has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with the claim against the Underwriter Defendants brought under Section 11 of the Securities Act.

163.    The Underwriter Defendants deny the allegations of Paragraph 163, except admit that Lead Plaintiff purports to bring a claim under Section 11 of the Securities Act against the Underwriter Defendants.

164.    Paragraph 164 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 164, except admit that Expensify sold shares of common stock pursuant to the

Registration Statement, and respectfully refer the Court to the Registration Statement and to Expensify's public filings for their contents.

165. Paragraph 165 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 165.

166. Paragraph 166 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 166, except lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 involving the defendants other than the Underwriter Defendants.

167. Paragraph 167 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 167.

168. Paragraph 168 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 168, except admit that they served as underwriters of the IPO, and respectfully refer the Court to the Registration Statement for a complete description of their role in the IPO.

169. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169, except admit that Defendants Barrett, Schaffer, Bartlett, and Lent were directors of Expensify and signed the Registration Statement and respectfully refer the Court to the Registration Statement for its contents.

170. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170, except admit that Defendants Muralidharan, Mills, Vidal, Christen, Liu were identified in the Registration Statement as

nominees to Expensify's board of directors, and respectfully refer the Court to the Registration Statement for its contents.

171.    Paragraph 171 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 171, except lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 involving the defendants other than the Underwriter Defendants. Further answering, the Underwriter Defendants state that, in connection with their underwriting of the Offering, they performed reasonable and customary due diligence, and that as a result of their due diligence they believed the statements in the Registration Statement to be true and not misleading as of the time of the Offering, and with respect to portions of the Registration Statement purported to be made on the authority of an expert, the Underwriter Defendants had no reasonable ground to believe and did not believe that the statements were untrue or misleading as of the time of the Offering.

172.    Paragraph 172 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 172, except admit that Expensify sold shares of common stock to the public pursuant to the Registration Statement, and respectfully refer the Court to the Registration Statement and to Expensify's public filings for their contents.

173.    Paragraph 173 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 173, and respectfully refer the Court to the Registration Statement and to Expensify's public filings for their contents.

174.    Paragraph 174 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 174.

175.    Paragraph 175 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 175.

176-182.    Because the allegations in Paragraphs 176-182 are not directed at the Underwriter Defendants, no responsive pleading is required. Further, to the extent that Paragraphs 176-182 state a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 176-182, respectfully refer the Court to the Registration Statement for its contents, and deny the allegations in Paragraphs 176-182 to the extent that they allege that the Registration Statement was false or misleading.

## PRAYER FOR RELIEF

The Underwriter Defendants deny that Lead Plaintiff is entitled to any relief against the Underwriter Defendants, and the Underwriter Defendants respectfully request that the Court dismiss all the claims against them with prejudice, award costs, disbursements, and attorneys' fees to the Underwriter Defendants, and grant such further relief as the Court deems just and proper. The Underwriter Defendants further deny that this case is appropriate for class action treatment.

## JURY DEMAND

No response is required to Lead Plaintiff's demand for a jury trial.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to them as to any element of Lead Plaintiff's claims, the Underwriter Defendants assert the following defenses to Lead Plaintiff's claims, and those of the putative class:

## FIRST DEFENSE

(Failure to State a Claim)

Lead Plaintiff fails to allege facts sufficient to state a claim under Section 11 of the Securities Act against the Underwriter Defendants upon which relief may be granted.

## SECOND DEFENSE

(Statutory Standing)

Lead Plaintiff lacks standing to assert claims under Section 11 of the Securities Act because he did not purchase shares of Expensify common stock traceable to the Offering or subject to the Registration Statement for the Offering.

## THIRD DEFENSE

(No Actionable Misstatement or Omission)

Lead Plaintiff's claims are barred, in whole or in part, because the Registration Statement did not contain an untrue statement of a material fact or omit to state a material fact required to be stated therein or necessary to make the statements therein not misleading, and the Underwriter Defendants are not responsible for any alleged false or misleading statement or omission of material fact by others, or for any claimed misleading statement or omission of material fact not based on the Registration Statement.

## FOURTH DEFENSE

(Puffery and Opinion)

Lead Plaintiff's claims are barred, in whole or in part, because the purported misstatements or omissions alleged in the Amended Complaint concern general statements of corporate optimism or puffery on which no reasonable investor would rely and/or non-actionable matters of opinion.

## FIFTH DEFENSE

(Materiality)

Lead Plaintiff's claims are barred, in whole or in part, because any allegedly untrue statements of material fact and/or omissions of material fact in the Registration Statement were not material.

## SIXTH DEFENSE

(No Duty to Disclose)

Lead Plaintiff's claims are barred, in whole or in part, because at all relevant times the Underwriter Defendants had no duty to disclose any information that the Amended Complaint alleges was omitted from the Registration Statement, to the extent that such information existed at the time that the Registration Statement was filed or became effective.

## SEVENTH DEFENSE

(Forward-Looking Statements)

Lead Plaintiff's claims are barred, in whole or in part, to the extent that any alleged misstatements were forward-looking statements and/or contained sufficient cautionary language and risk disclosures.

**EIGHTH DEFENSE**

(Due Diligence)

Lead Plaintiff's claims against the Underwriter Defendants are barred, in whole or in part, because the Underwriter Defendants exercised due diligence and, after reasonable investigation, had reasonable grounds to believe and did believe that the purported misstatements and/or omissions alleged in the Amended Complaint were true, and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

**NINTH DEFENSE**

(Reasonable Reliance on Experts)

Lead Plaintiff's claims against the Underwriter Defendants are barred, in whole or in part, because, in regards to any part of the Registration Statement purporting to be made on the authority of experts or purporting to be a copy of or extract from a report or valuation of an expert, the Underwriter Defendants had no reasonable grounds to believe and did not believe, at the time such part of the Registration Statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the Registration Statement did not represent the statement of the expert or was not a fair copy of or extract from the expert's report or valuation.

**TENTH DEFENSE**

(Knowledge)

Lead Plaintiff's claims fail because Lead Plaintiff knew or, in the exercise of reasonable care, could have learned of the alleged untruths and/or omissions of which he complains.

**ELEVENTH DEFENSE**

(Assumption of Risk)

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff and other members of the putative class had actual or constructive knowledge of the risks involved and thus assumed the risk that the value of Expensify stock would decline if such risks materialized.

**TWELFTH DEFENSE**

(Truth on the Market)

Lead Plaintiff's claims are barred, in whole or in part, because the substance of the allegedly material information that Lead Plaintiff alleges to have been omitted or misrepresented was in fact disclosed in the Registration Statement, Expensify's own public filings and announcements, and/or other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

**THIRTEENTH DEFENSE**

(Reliance)

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff cannot establish reliance to the extent required by Section 11(a) of the Securities Act or because any reliance by Lead Plaintiff on the alleged misrepresentations, if any (which the Underwriter Defendants deny), was unreasonable.

**FOURTEENTH DEFENSE**

(Equitable Defenses)

Lead Plaintiff's claims are barred, in whole or in part, by laches, equitable estoppel, waiver, ratification, or other equitable doctrines.

## FIFTEENTH DEFENSE

(Contributory Negligence and/or Comparative Fault)

Lead Plaintiff's claims are barred, in whole or in part, by Lead Plaintiff's own actions, omissions, and/or contributory negligence or the comparative fault of other persons or entities.

## SIXTEENTH DEFENSE

(Damages Not Authorized by Statute)

Lead Plaintiff's claims are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Securities Act or any other applicable rule or regulation promulgated thereunder.

## SEVENTEENTH DEFENSE

(No Damages)

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff has not suffered any cognizable injury or sustained any damages and because any damages (which the Underwriter Defendants deny) are speculative.

## EIGHTEENTH DEFENSE

(Negative Causation)

The Underwriter Defendants are not liable to Lead Plaintiff because the damages for which Lead Plaintiff claims the Underwriter Defendants are responsible arise from a decline in share price that was not caused or contributed to by the disclosure of any material misrepresentation or actionable omission by the Underwriter Defendants and were otherwise caused or contributed to by (a) persons or entities for whom the Underwriter Defendants are not responsible and for whom the Underwriter Defendants are not liable, or (b) factors other than any alleged misrepresentations or omissions for which the Underwriter Defendants allegedly may be responsible.

## NINETEENTH DEFENSE

(Transaction Causation)

Lead Plaintiff's claims are barred, in whole or in part, to the extent that Lead Plaintiff would have made the purchases alleged in the Amended Complaint even with full knowledge of the purported untruths in—and facts allegedly misleadingly omitted from—the Registration Statement.

## TWENTIETH DEFENSE

(Offset and Failure to Mitigate)

To the extent that Lead Plaintiff suffered damages, if at all, such damages must be offset by Lead Plaintiff's gains, and the Underwriter Defendants are not liable for alleged damages that Lead Plaintiff could have mitigated or did mitigate.

## TWENTY-FIRST DEFENSE

(Reduction in Damages)

Any recovery by Lead Plaintiff in this action is barred, in whole or in part, to the extent that recovery is had in any other lawsuit, action, proceeding, or otherwise.

## TWENTY-SECOND DEFENSE

(Fees and Costs)

Lead Plaintiff is not entitled to recover attorney's fees, accountants' or experts' fees or other costs and disbursements, or any other relief purportedly requested in the Amended Complaint.

## TWENTY-THIRD DEFENSE

(Contribution and Indemnity)

The Underwriter Defendants are entitled to recover contribution and/or indemnity from others for any liability that they incur as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the claim against the Underwriter Defendants under Section 11 of the Securities Act.

## TWENTY-FOURTH DEFENSE

(Proportionate Fault)

Lead Plaintiff's claims are barred, in whole or in part, because any injury or damage as alleged in the Amended Complaint was caused and brought about by the acts, conduct, or omissions of individuals and/or entities other than the Underwriter Defendants and, as such, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

## TWENTY-FIFTH DEFENSE

(Superseding or Intervening Events)

Lead Plaintiff's claims are barred, in whole or in part, because superseding or intervening events caused some or all of the alleged damages.

## TWENTY-SIXTH DEFENSE

(Bespeaks Caution/Safe Harbor)

Lead Plaintiff's claims are barred, in whole or in part, by the "bespeaks caution" doctrine and/or "safe harbor" to the extent that they are based on predictions, expressions of opinion, or forward-looking statements.

## TWENTY-SEVENTH DEFENSE

(Non-Certifiable Class)

Lead Plaintiff's claims are not properly maintainable as class action claims.  In addition, Lead Plaintiff will not fairly and adequately protect the interests of the members of the putative class, and his claims are not typical of the claims of the members of the putative class.

## TWENTY-EIGHTH DEFENSE

(Statute of Limitations and Statute of Repose)

Lead Plaintiff's claims against the Underwriter Defendants are barred, in whole or in part, by the applicable statute of limitations and/or statute of repose.

## TWENTY-NINTH DEFENSE

(Article III Standing)

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff has not suffered any concrete injury in fact and has not lost money or property that is traceable to any wrongful act by the Underwriter Defendants.

## THIRTIETH DEFENSE

(Incorporation by Reference)

The Underwriter Defendants hereby adopt, and incorporate by reference, any and all other defenses asserted, or that may hereafter be asserted, by any other defendant, to the extent that such defenses may be applicable to them under the facts of the case.

/ / /

/ / /

/ / /

## <u>ADDITIONAL DEFENSES</u>

The Underwriter Defendants hereby give notice that they may rely on other defenses and hereby reserve the right to amend their answer and to assert any additional defenses, cross-claims, counterclaims, and third-party claims as may be appropriate at a later time, as permitted by law.

Dated:  April 21, 2025

**MORGAN, LEWIS & BOCKIUS LLP**

By:  */s/ Damon C. Elder*
Damon C. Elder, OSB No. 085313
**MORGAN, LEWIS & BOCKIUS LLP**
1301 Second Avenue, Suite 3000
Seattle, WA 98101
(206) 274-6400 | Phone
damon.elder@morganlewis.com

Charlene S. Shimada (*pro hac vice*)
Kevin M. Papay (*pro hac vice*)
Robert H. O'Leary (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
(415) 442-1000 | Phone
charlene.shimada@morganlewis.com
kevin.papay@morganlewis.com
bob.oleary@morganlewis.com

*Attorneys for Defendants J.P. Morgan Securities LLC, Citigroup Global Markets Inc., BofA Securities, Inc., Piper Sandler & Co., Citizens JMP Securities, LLC, and Loop Capital Markets LLC*