FOSTER GARVEY PC
Eryn Karpinski Hoerster, OSB #106126
121 SW Morrison Street, Eleventh Floor
Portland, Oregon 97204-3141
Telephone: +1.503.228.3939
*eryn.hoerster@foster.com*

LATHAM & WATKINS LLP
Melanie M. Blunschi (*pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600
*melanie.blunschi@lw.com*

Jack Mitchell McNeily (*pro hac vice pending*)
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: +1.312.876.7700
*jack.mcneily@lw.com*

*Attorneys for Defendants Expensify, Inc., David
Barrett, Ryan Schaffer, Blake Bartlett, Robert Lent,
Anu Muralidharan, Jason Mills, Daniel Vidal,
Timothy L. Christen, Ying (Vivian) Liu, and Ellen Pao*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CODY WILHITE, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPENSIFY, INC., DAVID BARRETT, RYAN SCHAFFER, BLAKE BARTLETT, ROBERT LENT, ANU MURALIDHARAN, JASON MILLS, DANIEL VIDAL, TIMOTHY L. CHRISTEN, YING (VIVIAN) LIU, ELLEN PAO, J.P. MORGAN SECURITIES, LLC, CITIGROUP GLOBAL MARKETS INC., BofA SECURITIES, INC., PIPER SANDLER & CO., JMP SECURITIES LLC, and LOOP CAPITAL MARKETS LLC,<br><br>    Defendants. | Case No. 3:23-cv-01784-JR<br><br>**EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL DEMANDED** |

Page 1 –   **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendants Expensify, Inc. ("Expensify"), David Barrett, Ryan Schaffer, Blake Bartlett, Robert Lent, Anu Muralidharan, Jason Mills, Daniel Vidal, Timothy L. Christen, Ying (Vivian) Liu, and Ellen Pao (collectively, the "Individual Defendants" and together with Expensify the "Expensify Defendants") hereby submit their Answers and Affirmative Defenses to the claims and allegations made by Lead Plaintiff Aleem Kanji ("Lead Plaintiff") in the Amended Class Action Complaint for Violations of Federal Securities Laws (ECF No. 32) (the "Amended Complaint").

Except as otherwise affirmatively stated below, Expensify Defendants deny all allegations of the Amended Complaint. Any factual averment admitted herein is admitted only to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any averment or in the Amended Complaint as a whole. With respect to any purported document cited to or quoted in the Amended Complaint, Expensify Defendants do not admit that the documents are accurate, relevant, or admissible in this action, and Expensify Defendants reserve all objections regarding admissibility. The Amended Complaint contains purported excerpts from, and references to, a number of documents and third-party publications; such documents and third-party publications speak for themselves, and Expensify Defendants respectfully refer to the respective documents and third-party publications for their contents. The numbered paragraphs below correspond to the like-numbered paragraphs in the Amended Complaint. Expensify Defendants expressly reserve the right to amend and/or supplement this Answer, seek leave to amend this Answer, or to modify or assert all claims, defenses, counterclaims, and third-party claims permitted by law.

On March 24, 2025, the Court issued its Opinion and Order, dismissing Lead Plaintiff's Section 11 claims relating to the "2020 Email" and to purported violations of Items 105 and 303 of Regulation S-K. ECF No. 75. Accordingly, and as noted herein, no response is required to those allegations.

Page 2 – **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

Expensify Defendants deny the allegations contained in the unnumbered paragraph appearing on page 1 of the Amended Complaint to the extent that they suggest that the Registration Statement contained untrue statements of material fact and/or omitted material facts necessary in order to make the statements contained in the Registration Statement not materially false or misleading, or that the Registration Statement omitted material facts required to be stated therein. Expensify Defendants otherwise lack sufficient knowledge or information to form a belief as to the allegations in this unnumbered paragraph, and on that basis deny them.

Expensify Defendants further respond to the specific allegations in the Amended Complaint as follows:

## I.    NATURE OF ACTION[1]

1.     Expensify Defendants admit the allegations in Paragraph 1, but respectfully refer the Court to the Registration Statement for a complete description of Expensify's history and business activities.

2.     Expensify Defendants admit that Expensify employed strategies that included, among other things, growth based on word-of-mouth recommendations among its customer base as well as its strong reputation. Expensify Defendants admit that Expensify filed the Registration Statement, which contains disclosures about its growth strategies and speaks for itself. Except as expressly admitted, Defendants deny the allegations of Paragraph 2.

3.     Certain of the allegations of Paragraph 3 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order, and, therefore, require no response. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 3.

---

[1] To aid the Court in reviewing Expensify Defendants' Answer, Expensify Defendants have included the headings reflected in the Amended Complaint. To the extent these headings constitute factual allegations, Expensify Defendants expressly deny them. To the extent these headings constitute factual and/or legal conclusions, no response is required. Expensify Defendants similarly deny any factual allegations contained in the Amended Complaint's footnotes, table of contents, and exhibits.

Page 3 –   **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

4.      Expensify Defendants admit that Expensify filed the Registration Statement, which speaks for itself.   To the extent Plaintiff's allegations differ from or mischaracterize the Registration Statement, Expensify Defendants deny those allegations.   Expensify Defendants further deny that the Registration Statement contained untrue statements of material fact and/or omitted material facts necessary in order to make the statements contained in the Registration Statement not materially false or misleading, or that the Registration Statement omitted material facts required to be stated therein.  Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 4.

5.      The trading price of Expensify's stock is a matter of public record and speaks for itself.  Paragraph 5 otherwise contains factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants admit that Plaintiff purports to assert claims under Sections 11 and 15 of the Securities Act of 1933 ("Securities Act"), but Expensify Defendants deny that they violated the Securities Act and deny that any recovery is appropriate.   Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 5.

## II.    JURISDICTION AND VENUE

6.      The allegations of Paragraph 6 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants admit that Plaintiff purports to assert claims under the referenced statutes.

7.      The allegations in Paragraph 7 consist of legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants admit that this Court has subject matter jurisdiction over this action.

8.      The allegations in Paragraph 8 consist of legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants admit that venue is proper

Page 4 –   **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

in this District.  Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 8.

9.    The allegations of Paragraph 9 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants admit that Expensify uses United States mail, interstate telephone communications, and the facilities of the national securities market in connection with its business operations.  Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 9.

## III.    PARTIES

### A.    Lead Plaintiff

10.    The allegations in Paragraph 10 consist of legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff Kanji's purported stock purchase(s), and on that basis deny them.  Expensify Defendants deny that Plaintiff or the purported class suffered any damages.  Expensify Defendants deny the remaining allegations of Paragraph 10.

### B.    Defendants

#### 1.    Expensify

11.    Expensify Defendants admit the allegations of Paragraph 11.

#### 2.    The Individual Defendants

12.    Expensify Defendants admit the allegations of Paragraph 12.

13.    Expensify Defendants admit the allegations of Paragraph 13.

14.    Expensify Defendants admit the allegations of Paragraph 14.

15.    Expensify Defendants admit the allegations of Paragraph 15.

16.     Expensify Defendants admit that Anu Muralidharan has served as Expensify's Chief Operating Officer since January 2021, and previously served as Expensify's Director of Product Operations from January 2018 to January 2021 and as Head of Payment Operations from August 2015 to January 2018.  Expensify Defendants admit that the Registration Statement states Anu Muralidharan is a Director Nominee that will be elected to Expensify's board of directors contingent upon, and effective immediately prior to, the completion of the IPO.  Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 16.

17.     Expensify Defendants admit that Jason Mills has served as Expensify's Chief Product Officer since May 2021 and that he previously served as Expensify's Director of Product and Customers from January 2013 to May 2021.  Expensify Defendants admit that the Registration Statement states Jason Mills is a Director Nominee that will be elected to Expensify's board of directors contingent upon, and effective immediately prior to, the completion of the IPO.  Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 17.

18.     Expensify Defendants deny the allegations of Paragraph 18 insofar as they refer to "Danial Vidal" rather than "Daniel Vidal."  Expensify Defendants admit that Daniel Vidal has served as Expensify's Chief Strategy Officer since May 2021 and previously served as Expensify's Director of Corporate Development & Strategy from February 2019 to May 2021 and Head of Business Development from August 2013 to February 2019.  Expensify Defendants admit that the Registration Statement states Daniel Vidal is a Director Nominee that will be elected to Expensify's board of directors contingent upon, and effective immediately prior to, the completion of the IPO.  Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 18.

19.     Expensify Defendants admit the allegations of Paragraph 19.

20.     Expensify Defendants deny the allegations of Paragraph 20 insofar as they refer to "Ying (Vivian) Lui" rather than "Ying (Vivian) Liu." Expensify Defendants admit that the Registration Statement states Ying (Vivian) Liu is a Director Nominee that will be elected to Expensify's board of directors contingent upon, and effective immediately prior to, the completion of the IPO. Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 20.

21.     Expensify Defendants admit that the Registration Statement states Ellen Pao is a Director Nominee that will be elected to Expensify's board of directors contingent upon, and effective immediately prior to, the completion of the IPO. Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 21.

22.     Expensify Defendants admit that the Amended Complaint collectively refers to Mssrs. Barrett, Schaffer, Bartlett, Lent, Muralidharan, Mills, Vidal, Christen, Liu, and Pao as the Individual Defendants.

23.     The allegations of Paragraph 23 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Expensify Defendants admit that the Individual Defendants held various positions at Expensify at various times. Expensify Defendants further admit that Individual Defendants, at various times, had access to certain non-public information regarding Expensify's financial and business operations. Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 23.

24.     The allegations of Paragraph 24 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Expensify Defendants admit that the Individual Defendants participated in the preparation, review, and/or presentation of the Registration Statement to varying degrees. Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 24.

Page 7 – **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

25.    The allegations of Paragraph 25 contain legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 25.

### 3.    The Underwriter Defendants

26.    Expensify Defendants admit the allegations of Paragraph 26.

27.    Expensify Defendants admit that the Amended Complaint collectively refers to J.P. Morgan, Citigroup, BofA, Piper Sandler, JMP, and Loop as the Underwriter Defendants. Expensify Defendants further admit that the Amended Complaint collectively refers to Expensify, the Individual Defendants, and the Underwriter Defendants as the Defendants.

28.    The allegations of Paragraph 28 contain legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants admit that the Registration Statement contains the table quoted in Paragraph 28, which speaks for itself.  Expensify Defendants further admit that the Underwriter Defendants served as underwriters of Expensify's IPO.  Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 28.

## IV.    CONFIDENTIAL WITNESSES

### A.    CW1

29.    Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 29, and on that basis deny them.

30.    Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 30, and on that basis deny them.

### B.    CW2

31.    Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 31, and on that basis deny them.

32. Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 32, and on that basis deny them.

### C. CW3

33. Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 33, and on that basis deny them.

34. Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 34, and on that basis deny them.

### D. CW4

35. Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 35, and on that basis deny them.

36. Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 36, and on that basis deny them.

### E. CW5

37. Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 37, and on that basis deny them.

38. Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 38, and on that basis deny them.

### F. CW6

39. Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 39, and on that basis deny them.

40. Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 40, and on that basis deny them.

### G.    CW7

41.    Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 41, and on that basis deny them.

## V.    SUBSTANTIVE ALLEGATIONS

### A.    Expensify – A Subscription Based Expense Management Platform

42.    Expensify Defendants admit that: Expensify provides cloud-based expense management software to small and medium-sized businesses ("SMBs"); that, as of December 2020, Expensify estimated that businesses with fewer than 1,000 employees accounted for over 95% of Expensify's customers by revenue; and that the Registration Statement stated that such businesses continue to represent Expensify's "largest greenfield opportunity." Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 42.

43.    Expensify Defendants admit that the Registration Statement states that Expensify's platform was "built for everyone" and designed "to be used by everyone in an organization, from employees to managers to the finance department," that the platform was designed "to be easily implemented and configured without the need to speak with a sales person," and that "Concierge, [Expensify's] AI-powered customer support engine, helps new members set up an account, connect teammates, assign company policies and immediately sync Expensify with existing accounting, HR [human resources], and travel systems." Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 43.

44.    Expensify Defendants admit that the Registration Statement states that Expensify's platform was "one platform, with one price that unlocks access to every feature on the platform, from expense management to bill payment" and that Expensify's "features are just different configurations of the same underlying tool, and are not different products in some kind of combined suite." Expensify Defendants further admit that Expensify offered various plans for

individual or business subscriptions, including the Track, Submit, Collect, and Control plans. Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 44.

45.    Expensify Defendants admit that the Registration Statement states that the Track plan "comes with [Expensify's] SmartScan receipt scanning functionality." Expensify Defendants further admit that the Registration Statement states that "people from all walks of life in organizations around the world use Expensify to scan and reimburse receipts from flights, hotels, coffee shops, office supplies and ride shares." Expensify Defendants further admit that the Registration Statement states that the Submit plan "includes the same functionality in Track, and also adds the ability to automatically submit expense reports to anyone for reimbursement." Expensify Defendants further admit that the Registration Statement states that the Collect plan "enables [Expensify's] members to integrate with popular small business accounting systems, configure simple expense report approval workflows, as well as pay employees, contractors and volunteers via Direct Deposit ACH." Expensify Defendants further admit that the Registration Statement states that the Control plan "includes everything in Collect and adds the ability to configure rules-based approval workflows and integrate with financial, travel, HR [human resources], as well as other internal systems commonly used by mid-market and enterprise companies." Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 45.

46.    Expensify Defendants admit the allegations of Paragraph 46.

**B.    Expensify's Defining Viral "Bottom-up" Business Model**

47.    Expensify Defendants admit that Expensify employed strategies that included, among other things, growth based on word-of-mouth recommendations among its customer base as well as its easily accessible, simple to set up and easily configurable platform. Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 47.

Page 11 – **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

48.     Expensify Defendants admit that Expensify's platform strategy could start with an individual employee, who downloads Expensify's mobile application or signs up on Expensify's website for free and could later champion Expensify internally to other employees. Expensify Defendants further admit that, when an expense report is submitted, the manager who receives it also automatically becomes a member. Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 48.

49.     Paragraph 49 purports to quote from and characterize the Registration Statement, which speaks for itself. Expensify Defendants respectfully refer the Court to the Registration Statement for its contents. To the extent a response is required, Expensify Defendants admit that Expensify defined "paid members" as the average number of users (employees, contractors, volunteers, team members, etc.) who are billed on Collect or Control plans during any particular quarter and that for SMBs or sole proprietors with only one employee, the business owner may also be the only paid member. Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 49.

50.     Expensify Defendants admit that Expensify's customers are billed monthly. Expensify Defendants further admit that the *Track* and *Submit* plans include an optional paid monthly upgrade for anyone wishing to SmartScan more than 25 receipts in a given month. Expensify Defendants further admit that, under the *Collect* and *Control* plans, each customer has either a "pay per use" plan in which they are billed a flat rate for each active member, or an "annual" plan where they commit to a minimum number of monthly seats in exchange for a lower subscription rate. Expensify Defendants further admit that in the quarter ended June 30, 2021, 95% of Expensify's revenue came from recurring, automated monthly payments made via credit cards. Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 50.

Page 12 – **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

51.     Paragraph 51 purports to quote from and characterize the Registration Statement, which speaks for itself.  Expensify Defendants respectfully refer the Court to the Registration Statement for its contents.  Expensify Defendants otherwise deny the allegations of Paragraph 51.

52.     Expensify Defendants deny the allegations of Paragraph 52.

53.     Expensify Defendants deny the allegations of Paragraph 53, including because Expensify Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in the last sentence of Paragraph 53.

### C.     Expensify's Decision to Double, and in Some Cases Triple, its Per Member Prices Negatively Impacted Customer Retention and Seat Expansion

54.     The allegations of Paragraph 54 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants admit that Expensify implemented a pricing change for certain plans and certain customers in May of 2020, but otherwise deny the allegations of Paragraph 54.

55.     Expensify Defendants admit that, in May 2020, Expensify updated its terms of service, which resulted in annual contracts becoming noncancelable.  Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 55.

56.     Paragraph 56 purports to quote from and characterize the Registration Statement, which speaks for itself.  Expensify Defendants respectfully refer the Court to the Registration Statement for its contents.  Expensify Defendants otherwise deny the allegations of Paragraph 56.

57.     Paragraph 57 purports to quote from and characterize the Registration Statement, which speaks for itself.  Expensify Defendants respectfully refer the Court to the Registration Statement for its contents.  Expensify Defendants otherwise deny the allegations of Paragraph 57.

58.     Expensify Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 58.  Expensify Defendants admit that the average number of paid members for the quarter ended March 31, 2020 was 742,000 and for the

Page 13 – **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

quarter ended June 30, 2020 was 630,000. Except as expressly admitted, Expensify Defendants deny the allegations in Paragraph 58.

59. Expensify Defendants admit that consideration from a vendor, which represents monetizing Expensify Card activities, reduced Cost of revenue, net by $0.03 million and $1.0 million for the years ended December 31, 2020 and 2020, respectively, and net by $1.1 million for the six months ended June 30, 2021. Except as expressly admitted, Expensify Defendants deny the allegations in Paragraph 59.

60. Expensify Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 60 and on that basis deny them.

61. Expensify Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 61 and on that basis deny them.

62. The allegations of Paragraph 62 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 62.

**D.    Defendant Barrett's Decision to Send Political Spam Mail Via Expensify's Professional Customer Database Caused the Company Severe Reputational Harm and Alienated its Customer Base**

63. The allegations of Paragraph 63 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 63.

64. The allegations of Paragraph 64 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response. To the extent a response is required, Expensify Defendants state further that Paragraph 64 purports to quote from and characterize an email sent by Individual Defendant Barrett. That email speaks for

Page 14 – **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

itself, and Expensify Defendants respectfully refer the Court to it for its contents. Expensify Defendants otherwise deny the allegations of Paragraph 64.

65. The allegations of Paragraph 65 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 65.

66. The allegations of Paragraph 66 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response. To the extent a response is required, Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 66, and on that basis deny them.

67. The allegations of Paragraph 67 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response. To the extent a response is required, Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 67, and on that basis deny them.

68. The allegations of Paragraph 68 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response. To the extent a response is required, Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 68 concerning "Julia," and on that basis deny them, and otherwise deny all allegations of Paragraph 68.

69. The allegations of Paragraph 69 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response. To the extent a response is required, Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 69, and on that basis deny them.

70. The allegations of Paragraph 70 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response. To

the extent a response is required, Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 70, and on that basis deny them.

71.    The allegations of Paragraph 71 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response. To the extent a response is required, Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 71, and on that basis deny them.

72.    The allegations of Paragraph 72 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response. To the extent a response is required, Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 72, and on that basis deny them.

73.    The allegations of Paragraph 73 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response. To the extent a response is required, Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 73, and on that basis deny them.

74.    The allegations of Paragraph 74 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response. To the extent a response is required, Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 74, and on that basis deny them.

75.    The allegations of Paragraph 75 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response. To the extent a response is required, Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 75, and on that basis deny them.

76.    The allegations of Paragraph 76 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response. To

Page 16 – **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

the extent a response is required, Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 76, and on that basis deny them.

77.    The allegations of Paragraph 77 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response.  To the extent a response is required, Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 77, and on that basis deny them.

78.    The allegations of Paragraph 78 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response.  To the extent a response is required, Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 78, and on that basis deny them.

79.    The allegations of Paragraph 79 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response.  To the extent a response is required, Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 79, and on that basis deny them.

80.    The allegations of Paragraph 80 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response.  To the extent a response is required, Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 80, and on that basis deny them.

81.    The allegations of Paragraph 81 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response.  To the extent a response is required, Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 81, and on that basis deny them.

82.    The allegations of Paragraph 82 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response.  To

the extent a response is required, Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 82, and on that basis deny them.

83. The allegations of Paragraph 83 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response. To the extent a response is required, Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 83, and on that basis deny them.

84. The allegations of Paragraph 84 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order and, therefore, require no response. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 84.

### E. With a Spoiled Reputation and Dissatisfied Customer Base, Expensify Materially Altered its Business Model

85. The allegations of Paragraph 85 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 85.

86. Paragraph 86 purports to characterize statements in the Registration Statement. The Registration Statement speaks for itself, and Expensify Defendants respectfully refer the Court to the Registration Statement for its contents. Expensify Defendants otherwise deny the allegations of Paragraph 86.

87. Expensify Defendants deny the allegations of Paragraph 87.

88. The allegations in Paragraph 88 contain factual and/or legal conclusions to which no response is required. Paragraph 88 also purports to characterize statements in the Registration Statement. The Registration Statement speaks for itself, and Expensify Defendants respectfully refer the Court to the Registration Statement for its contents. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 88.

Page 18 – **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

89.     The allegations in Paragraph 89 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 89.

90.     Expensify Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 90 and on that basis deny them.

91.     Expensify Defendants deny the allegations of Paragraph 91.

92.     Expensify Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 92 and on that basis deny them.

93.     Expensify Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 93 and on that basis deny them.

94.     Expensify Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 94 and on that basis deny them.

95.     Paragraph 95 purports to characterize statements in the Registration Statement.  The Registration Statement speaks for itself, and Expensify Defendants respectfully refer the Court to the Registration Statement for its contents.  Expensify Defendants admit that Expensify expenses the costs of sales and marketing, including promotional expenses, as incurred.  Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 95.

96.     Expensify Defendants admit that Expensify's sales and marketing expenses for the quarters ended March 31, 2019, June 30, 2019, September 30, 2019, December 31, 2019, March 31, 2020, June 30, 2020, September 30, 2020, December 31, 2020, March 31, 2021, and June 30, 2021 are included in the Registration Statement, which speaks for itself.  Expensify Defendants further admit that Expensify's sales and marketing expenses for the quarters ended September 30, 2021, December 31, 2021, March 31, 2022, June 30, 2022, September 30, 2022, December 31, 2022, March 31, 2023, June 30, 2023, September 30, 2023, and December 31, 2023 are included

Page 19 – **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

in Expensify's Forms 10-Q and 10-K, which speak for themselves. Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 96.

97. Paragraph 97 purports to characterize statements in the Registration Statement. The Registration Statement speaks for itself, and Expensify Defendants respectfully refer the Court to the Registration Statement for its contents. Expensify Defendants admit that Expensify's sales and marketing expenses in the first two quarters of 2019 reflect an increase in costs associated with Expensify's Super Bowl campaign. Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 97.

98. The allegations of Paragraph 98 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 98.

### F.     Events and Disclosures Following the IPO

99. Expensify Defendants admit that Expensify filed a Form S-1 with the United States Securities and Exchange Commission ("SEC") on October 15, 2021. Expensify Defendants further admit that Expensify filed amendments to the Form S-1 with the SEC on October 18, 2021, November 1, 2021, and November 8, 2021. Expensify Defendants further admit that Expensify filed a Form 424(b)(4), which was incorporated by reference into the Form S-1 and subsequent amendments. Expensify Defendants admit that the Amended Complaint collectively refers to the Form S-1 and subsequent amendments as the Registration Statement. Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 99.

100. Expensify Defendants admit that Expensify began trading on the Nasdaq in November 2021. Expensify Defendants otherwise admit the allegations of Paragraph 100.

101. Expensify Defendants admit the allegations of Paragraph 101.

102.    The allegations of Paragraph 102 contain factual and/or legal conclusions to which no response is required.  Certain of the allegations of Paragraph 102 also relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order, and, therefore, require no response.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 102.

103.    Paragraph 103 purports to characterize a report by Morgan Stanley.  That document speaks for itself, and Expensify Defendants respectfully refer the Court to it for its contents. Expensify Defendants otherwise deny the allegations of Paragraph 103.

104.    The trading price of Expensify's stock is a matter of public record and speaks for itself.  Paragraph 104 otherwise contains factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 104.

105.    Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 105, and on that basis deny them.  The allegations of Paragraph 105 also contain factual and/or legal conclusions to which no response is required.  To the extent a further response is required, Expensify Defendants deny the allegations of Paragraph 105.

106.    The trading price of Expensify's stock is a matter of public record and speaks for itself.  Paragraph 106 otherwise contains factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 106.

107.    Expensify Defendants admit that, on August 8, 2023, Expensify issued a press release for its second fiscal quarter ended June 30, 2023.  That press release speaks for itself, and Expensify Defendants respectfully refer the Court to that document for its contents.  Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations

regarding consensus estimates in Paragraph 107, and on that basis deny them.  Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 107.

108.    Paragraph 108 purports to quote from and characterize Expensify's Q2 2023 earnings call transcript, which speaks for itself.  Expensify Defendants respectfully refer the Court to that transcript for its contents.   Expensify Defendants otherwise deny the allegations of Paragraph 108.

109.    Paragraph 109 purports to characterize a report by J.P. Morgan.  That document speaks for itself, and Expensify Defendants respectfully refer the Court to it for its contents. Expensify Defendants otherwise deny the allegations of Paragraph 109.

110.    Paragraph 110 purports to characterize a report by J.P. Morgan.  That document speaks for itself, and Expensify Defendants respectfully refer the Court to it for its contents. Expensify Defendants otherwise deny the allegations of Paragraph 110

111.    Paragraph 111 purports to characterize a report by Loop.  That document speaks for itself, and Expensify Defendants respectfully refer the Court to it for its contents.  Expensify Defendants otherwise deny the allegations of Paragraph 111.

112.    The trading price of Expensify's stock is a matter of public record and speaks for itself.  Paragraph 112 otherwise contains factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 112.

113.    Paragraph 113 purports to characterize a report by J.P. Morgan.  That document speaks for itself, and Expensify Defendants respectfully refer the Court to it for its contents. Expensify Defendants otherwise deny the allegations of Paragraph 113.

114.    The trading price of Expensify's stock is a matter of public record and speaks for itself.  Paragraph 114 otherwise contains factual and/or legal conclusions to which no response is

required. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 114. Expensify Defendants otherwise deny the allegations of Paragraph 114.

115. Paragraph 115 purports to quote from and characterize Expensify's Q3 2023 press release, which speaks for itself. Expensify Defendants respectfully refer the Court to that transcript for its contents. Expensify Defendants otherwise deny the allegations of Paragraph 115.

116. Paragraph 116 purports to quote from and characterize Expensify's Q3 2023 earnings call transcript, which speaks for itself. Expensify Defendants respectfully refer the Court to that transcript for its contents. Expensify Defendants otherwise deny the allegations of Paragraph 116.

117. Paragraph 117 purports to characterize a report by Piper Sandler. That document speaks for itself, and Expensify Defendants respectfully refer the Court to it for its contents. Expensify Defendants otherwise deny the allegations of Paragraph 117.

118. The trading price of Expensify's stock is a matter of public record and speaks for itself. Paragraph 118 otherwise contains factual and/or legal conclusions to which no response is required. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 118.

119. The trading price of Expensify's stock is a matter of public record and speaks for itself. Expensify Defendants otherwise deny the allegations of Paragraph 119.

## VI. THE REGISTRATION STATEMENT CONTAINED MATERIALLY AND MISLEADING STATEMENTS AND OMITTED MATERIAL INFORMATION

120. The allegations of Paragraph 120 contain legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 120.

A.    **Misstatements Related to the Company's May 2020 Price Increase**

121.   Paragraph 121 purports to quote from and characterize the Registration Statement, which speaks for itself. Expensify Defendants respectfully refer the Court to the Registration Statement for its contents. Expensify Defendants otherwise deny the allegations of Paragraph 121.

122.   Expensify Defendants admit that Expensify raised the prices for certain subscription plans in May 2020. The allegations of Paragraph 122 otherwise contain factual and/or legal conclusions to which no response is required. Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 122.

123.   Expensify Defendants admit that Expensify raised the prices for certain subscription plans in May 2020. Expensify Defendants admit that the average number of paid members for the quarter ended March 31, 2020 was 742,000 and for the quarter ended June 30, 2020 was 630,000. The allegations of Paragraph 123 otherwise contain factual and/or legal conclusions to which no response is required. Except as expressly admitted, Expensify Defendants deny the allegations in Paragraph 123.

124.   Paragraph 124 purports to quote from and characterize the Registration Statement, which speaks for itself. Expensify Defendants respectfully refer the Court to the Registration Statement for its contents. Expensify Defendants otherwise deny the allegations of Paragraph 124.

125.   The allegations of Paragraph 124 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Expensify Defendants deny the allegations in Paragraph 125.

B.    **Misstatements Related to Barrett's October 2020 Political E-Mail**

126.   Paragraph 126 purports to quote from and characterize the Registration Statement, which speaks for itself. Expensify Defendants respectfully refer the Court to the Registration Statement for its contents. Certain of the allegations of Paragraph 126 relate to theories of liability

that have been dismissed pursuant to the Court's March 24, 2025 Order, and, therefore, require no response. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 126.

127. Paragraph 127 purports to quote from and characterize the Registration Statement, which speaks for itself. Expensify Defendants respectfully refer the Court to the Registration Statement for its contents. Certain of the allegations of Paragraph 127 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order, and, therefore, require no response. To the extent a response is required, Expensify Defendants otherwise deny the allegations of Paragraph 127.

128. The allegations of Paragraph 128 contain factual and/or legal conclusions to which no response is required. The allegations of Paragraph 128 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order, and, therefore, require no response. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 128.

129. Paragraph 129 purports to quote from and characterize the Registration Statement, which speaks for itself. Expensify Defendants respectfully refer the Court to the Registration Statement for its contents. Certain of the allegations of Paragraph 129 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order, and, therefore, require no response. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 129.

130. The allegations of Paragraph 130 contain factual and/or legal conclusions to which no response is required. The allegations of Paragraph 130 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order, and, therefore, require no response. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 130.

Page 25 – **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

C.    **Misstatements Related to Expensify's Change in Business Model**

131.    Paragraph 131 purports to quote from and characterize the Registration Statement, which speaks for itself. Expensify Defendants respectfully refer the Court to the Registration Statement for its contents. Expensify Defendants otherwise deny the allegations of Paragraph 131.

132.    The allegations of Paragraph 132 contain factual and/or legal conclusions to which no response is required. Certain of the allegations of Paragraph 132 also relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order, and, therefore, require no response. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 132.

133.    Paragraph 133 purports to quote from and characterize the Registration Statement, which speaks for itself. Expensify Defendants respectfully refer the Court to the Registration Statement for its contents. Expensify Defendants otherwise deny the allegations of Paragraph 133.

134.    The allegations of Paragraph 134 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 134.

135.    Paragraph 135 purports to quote from and characterize the Registration Statement, which speaks for itself. Expensify Defendants respectfully refer the Court to the Registration Statement for its contents. Expensify Defendants otherwise deny the allegations of Paragraph 135.

136.    The allegations of Paragraph 136 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 136.

VII.    **Violations of SEC Regulations S-K**

A.    **Item 101(a)**

137.    Paragraph 137 purports to quote and/or summarize portions of 17 C.F.R. §

229.101(a) and (c).  The statute speaks for itself, and Expensify Defendants respectfully refer the Court to 17 C.F.R. § 229.101(a) and (c) for the statute's language.  Expensify Defendants aver that Item 101(a) of Regulation S-K was revised in 2020 and Paragraph 137 includes quotes from the pre-amendment version of Item 101(a).  Expensify Defendants otherwise deny the allegations of Paragraph 137.

138.    The allegations of Paragraph 138 contain factual and/or legal conclusions to which no response is required.  Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 138 concerning or attributed to confidential witnesses.  Expensify Defendants otherwise deny the allegations of Paragraph 138.

**B.      Item 303**

139.    The allegations of Paragraph 139 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order, and, therefore, require no response.  To the extent a response is required, Paragraph 137 purports to quote and/or summarize portions of 17 C.F.R. § 229.303(a)(3)(ii).  The statute speaks for itself, and Expensify Defendants respectfully refer the Court to 17 C.F.R. § 229.303(a)(3)(ii) for the statute's language.  Expensify Defendants otherwise deny the allegations of Paragraph 139.

140.    The allegations of Paragraph 140 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order, and, therefore, require no response.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 140.

141.    The allegations of Paragraph 141 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order, and, therefore, require no response.  To the extent a response is required, Paragraph 141 purports to quote from and characterize the Registration Statement, which speaks for itself.  Expensify Defendants respectfully refer the Court

to the Registration Statement for its contents.   Expensify Defendants otherwise deny the allegations of Paragraph 141.

142.   The allegations of Paragraph 142 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order, and, therefore, require no response.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 142.

143.   The allegations of Paragraph 143 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order, and, therefore, require no response.  To the extent a response is required, Paragraph 143 purports to quote from and characterize the Registration Statement, which speaks for itself.  Expensify Defendants respectfully refer the Court to the Registration Statement for its contents.   Expensify Defendants otherwise deny the allegations of Paragraph 143.

144.   The allegations of Paragraph 144 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order, and, therefore, require no response.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 144.

C.     Item 105

145.   The allegations of Paragraph 145 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order, and, therefore, require no response.  To the extent a response is required, Paragraph 145 purports to quote and/or summarize portions of 17 C.F.R. § 229.105.  The statute speaks for itself, and Expensify Defendants respectfully refer the Court to 17 C.F.R. § 229.105 for the statute's language.  Expensify Defendants otherwise deny the allegations of Paragraph 145.

146.   The allegations of Paragraph 146 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order, and, therefore, require no response.  To the extent a response is required, Paragraph 146 purports to quote from and characterize the

Page 28 – **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

Registration Statement, which speaks for itself.  Expensify Defendants respectfully refer the Court to the Registration Statement for its contents.   Expensify Defendants otherwise deny the allegations of Paragraph 146.

147.   The allegations of Paragraph 147 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order, and, therefore, require no response.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 147.

148.   The allegations of Paragraph 148 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order, and, therefore, require no response.  To the extent a response is required, Paragraph 148 purports to quote from and characterize the Registration Statement, which speaks for itself.  Expensify Defendants respectfully refer the Court to the Registration Statement for its contents.   Expensify Defendants otherwise deny the allegations of Paragraph 148.

149.   The allegations of Paragraph 149 relate to theories of liability that have been dismissed pursuant to the Court's March 24, 2025 Order, and, therefore, require no response.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 149.

## VIII.   NO STATUTORY SAFE HARBOR OR BESPEAKS CAUTION DOCTRINE

150.   Expensify Defendants admit that, pursuant to Section 15 U.S.C. §77z-2, the Private Securities Litigation Reform Act protects certain forward looking statements.   Expensify Defendants admit that the common law bespeaks caution doctrine protects certain forward looking statements.  The allegations of Paragraph 150 otherwise contain factual and/or legal conclusions to which no response is required.  Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 150.

151. The allegations of Paragraph 151 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 151.

152. The allegations of Paragraph 152 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 152.

153. The allegations of Paragraph 153 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 153.

154. The allegations of Paragraph 154 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 154.

155. The allegations of Paragraph 155 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 155.

## IX.    CLASS ACTION ALLEGATIONS

156. Expensify Defendants admit that Plaintiff purports to bring this action as a class action. Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 156.

157. The allegations of Paragraph 157 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 157.

Page 30 – **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

158.    The allegations of Paragraph 158 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 158.

159.    The allegations of Paragraph 159 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 159.

160.    The allegations of Paragraph 160 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 160.

161.    The allegations of Paragraph 161 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 161.

162.    The allegations of Paragraph 162 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 162.

## X.      CAUSES OF ACTION UNDER THE SECURITIES ACT

### COUNT I
### Violations of Section 11 of the Securities Act
### (*Against All Defendants*)

163.    Expensify Defendants repeat and reallege their responses in the foregoing paragraphs as though fully set forth herein.  Expensify Defendants admit that Plaintiff purports to assert claims under Section 11 of the Securities Act against Expensify, the Individual Defendants, and the Underwriter Defendants.  Expensify Defendants admit that Plaintiff purports to bring this action as a class action.  Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 163.

Page 31 – **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

164.    Expensify Defendants admit that a registration statement on Form S-1 was filed with the SEC and declared effective on November 9, 2021.  Expensify Defendants admit that 11,190,392 shares of Expensify's Class A common stock were offered in its IPO.  The allegations of Paragraph 164 otherwise contain factual and/or legal conclusions to which no response is required.  To the extent a further response is required, except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 164.

165.    The allegations of Paragraph 165 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 165.

166.    The allegations of Paragraph 166 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 166.

167.    The allegations of Paragraph 167 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 167.

168.    The allegations of Paragraph 168 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants admit that the Underwriter Defendants served as underwriters in the IPO.  Expensify Defendants otherwise lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 168, and on that basis deny them.  Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 168.

169.    Expensify Defendants admit that Defendants Barrett, Schaffer, Bartlett, and Lent were directors of Expensify prior to the IPO and each of these Defendants signed the Registration Statement.  The allegations of Paragraph 169 otherwise contain factual and/or legal conclusions to

which no response is required.  To the extent a further response is required, except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 169.

170.    Paragraph 170 purports to quote from and characterize the Registration Statement, which speaks for itself.  Expensify Defendants respectfully refer the Court to the Registration Statement for its contents.  Expensify Defendants otherwise deny the allegations of Paragraph 170.

171.    The allegations of Paragraph 171 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 171.

172.    The allegations of Paragraph 172 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 172.

173.    Expensify Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 173, and on that basis deny them.  The allegations of Paragraph 173 also contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 173.

174.    The allegations of Paragraph 174 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 174.

175.    The allegations of Paragraph 175 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 175.

**COUNT II**
**Violations of Section 15 of the Securities Act**
**(Against the Individual Defendants)**

176. Expensify Defendants repeat and reallege their responses in the foregoing paragraphs as though fully set forth herein. Expensify Defendants admit that Plaintiff purports to assert claims under Sections 15 of the Securities Act against the Individual Defendants. Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 176.

177. Expensify Defendants admit that Plaintiff purports to bring this action as a class action. Expensify Defendants admit that Plaintiff purports to assert claims under Sections 11 and 15 of the Securities Act against the Individual Defendants. Except as expressly admitted, Expensify Defendants deny the allegations of Paragraph 177.

178. The allegations of Paragraph 178 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 178.

179. The allegations of Paragraph 179 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 179.

180. The allegations of Paragraph 180 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 180.

181. The allegations of Paragraph 181 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 181.

182.    The allegations of Paragraph 182 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Expensify Defendants deny the allegations of Paragraph 182.

## XI.    PRAYER FOR RELIEF

Expensify Defendants deny that Plaintiff or putative class members are entitled to any of the relief requested by the paragraph and sub-paragraphs referencing Plaintiff's prayer for relief. Expensify Defendants pray for the following:

    a.    Dismissal of Plaintiff's claims on the merits with prejudice;

    b.    A finding that Expensify Defendants are not liable to Plaintiff, or that Plaintiff's claims are barred, in whole or in part, based on one or more of the affirmative defenses asserted herein;

    c.    An award to Expensify Defendants of their costs and expenses; and

    d.    Such other and further relief as the Court deems just.

## XII.    JURY TRIAL DEMANDED

Expensify Defendants demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Expensify Defendants assert the following separate affirmative defenses to Plaintiff's Amended Complaint, without assuming the burden of proof on such defenses that would otherwise fall on Plaintiff.  Expensify Defendants reserve the right to supplement or amend these defenses and to assert additional affirmative defenses as the nature of Plaintiff's claims and allegations becomes clear and as additional information is adduced through discovery.  Expensify Defendants do not knowingly or intentionally waive any applicable affirmative defense.

**First Defense**
**(Failure to State a Claim)**

Plaintiff and any putative class members' remaining claims are barred, in whole or in part, because the Amended Complaint fails to state a claim against the Expensify Defendants upon which relief can be granted.

**Second Defense**
**(Lack of Standing)**

Plaintiff's claims, and those of the putative class, are barred, in whole or in part, because Plaintiff has not suffered any concrete injury in fact and has not lost money or property that is traceable to any wrongful act by Expensify or any Individual Defendants and/or traceable to stock purchased in Expensify's November 2021 IPO.

**Third Defense**
**(No Actionable Statements or Omissions)**

Plaintiff's claims, and those of the putative class, are not actionable because some or all of the purported misrepresentations or misleading statements or omissions alleged in the Amended Complaint were (a) immaterial, (b) general statements of corporate optimism or puffery on which no reasonable investor would rely, and/or (c) statements of opinions that the Expensify Defendants subjectively believed.

**Fourth Defense**
**(Bespeaks Caution/Safe Harbor)**

Plaintiff's claims, and those of the putative class, are barred, in whole or in part, by the "bespeaks caution" and/or "safe harbor" doctrines to the extent that they are based on predictions, expressions of opinion, or forward-looking statements.

**Fifth Defense**
**(Sufficient Cautionary Language)**

Expensify Defendants are not liable to Plaintiff and/or other members of the putative class because Expensify's publicly filed documents contained sufficient cautionary language advising

Page 36 – **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

investors about the risks associated with the subject matter of each misrepresentation or omission alleged in the Amended Complaint.

**Sixth Defense**
**(Truth on the Market)**

Expensify Defendants are not liable to Plaintiff or other members of the putative class because the substance of the allegedly omitted or misrepresented material information was disclosed in Expensify's own filings and announcements and/or in other sources that were publicly available or widely known to the market, the investing community, Plaintiff, and other members of the putative class.

**Seventh Defense**
**(Good Faith)**

Plaintiff's claims, and those of the putative class, are barred, in whole or in part, because at all relevant times the Expensify Defendants exercised reasonable care and acted in good faith, including by acting in conformity with the law and rules and regulations of the SEC.

**Eighth Defense**
**(Due Diligence)**

The Individual Defendants are not liable to Plaintiff and/or other members of the putative class for statements alleged to be made by the Defendants because the Individual Defendants had, after reasonable investigation, reasonable grounds to believe and did believe, at the time of the statements at issue, that their statements were true and that there was no omission of any required material fact necessary to make the statements not misleading.

**Ninth Defense**
**(Expert Due Diligence)**

With respect to portions of the Registration Statement purporting to be made on the authority of experts, the Individual Defendants had no reasonable ground to believe and did not believe, at the time such part of the Registration Statement became effective, that the statements

Page 37 – **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

**Tenth Defense**
**(Reliance)**

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff cannot establish reliance to the extent required by Section 11 of the Securities Act or because any reliance by Lead Plaintiff on any alleged misrepresentations was unreasonable.

**Eleventh Defense**
**(Control Person)**

Each and every one of the Individual Defendants alleged to be a controlling person under Section 15 of the Securities Act of 1933 had no knowledge of, or had reasonable grounds to believe in the existence of, the facts by reason of which liability of the control person is alleged to exist.

**Twelfth Defense**
**(Negative Causation)**

Plaintiff's claims, and those of the putative class, are barred, in whole or in part, because none of the alleged misrepresentations or misleading statements or omissions caused, or was a substantial factor in, any increase or decrease in the market value of Expensify's securities owned by Plaintiff or other members of the putative class.

**Thirteenth Defense**
**(Superseding or Intervening Events)**

Plaintiff's claims, and those of the putative class, are barred, in whole or in part, because any alleged injuries, damages, or losses, to the extent they exist, were caused by acts of third parties or superseding and intervening events unconnected to and outside the control of the Expensify Defendants.

## Fourteenth Defense
### (Statute of Limitations and Statute of Repose)

Plaintiff's claims, and those of the putative class, are barred, in whole or in part, by the applicable statute of limitations and/or statute of repose.

## Fifteenth Defense
### (Knowledge)

Plaintiff's claims, and those of the putative class, are barred, in whole or in part, because Plaintiff and/or other members of the putative class had actual or constructive knowledge of any allegedly misstated facts or omissions or other wrongful conduct upon which the Expensify Defendants' purported liability rests, ratified the alleged wrongful acts and omissions alleged in the Amended Complaint, and/or would have purchased Expensify securities even with full knowledge of what they now allege were misrepresented or omitted.

## Sixteenth Defense
### (Assumption of Risk)

Plaintiff's claims, and those of the putative class, are barred, in whole or in part, because Plaintiff and/or other members of the putative class had actual or constructive knowledge of the risks involved in Expensify's business and thus assumed the risk that the value of Expensify stock would decline if such risks materialized.

## Seventeenth Defense
### (Failure to Mitigate Damages)

Plaintiff and other members of the putative class are barred from recovery for injury or damages because they failed to make reasonable efforts to mitigate any such injury or damages.

## Eighteenth Defense
### (Contributory Negligence)

Plaintiff's claims against the Expensify Defendants are barred, in whole or in part, by the actions, omissions, and/or comparative fault of or the contributory negligence of Plaintiff or other entities or persons.

Page 39 – **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

**Nineteenth Defense**
**(Reduction in Damages)**

Any recovery by Lead Plaintiff in this action is barred, in whole or in part, to the extent that recovery is had in any other lawsuit, action, proceeding, or otherwise.

**Twentieth Defense**
**(Tax Benefits Offset)**

Any recovery for damages allegedly incurred by Plaintiff and/or other members of the putative class is subject to offset in an amount including, but not limited to, any tax benefits actually received by Plaintiff or other members of the putative class throughout their investments.

**Twenty-First Defense**
**(Other Factors Offset)**

Under any theory of liability, Plaintiff and other members of the putative class may not recover damages based on depreciation in the value of Expensify securities that resulted from factors other than the material misstatements or omissions, acts, practices, or courses of business alleged to be the basis for the causes of action in the Amended Complaint.

**Twenty-Second Defense**
**(Fees and Costs)**

Neither Lead Plaintiff , nor the putative class, is entitled to recover attorney's fees, accountants' or experts' fees or other costs and disbursements, or any other relief purportedly requested in the Amended Complaint.

**Twenty-Third Defense**
**(Equitable Doctrines)**

Plaintiff's claims, and/or those of the putative class, are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver, unclean hands, and other related equitable defenses.

**Twenty-Fourth Defense**
**(Equitable Allocation, Recoupment, Set-Off, and/or Comparative Fault)**

Any damage, loss, or liability sustained by Plaintiff and/or other members of the putative class must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Expensify Defendants under the principles of equitable allocation, recoupment, set-off, and contributory or comparative fault.

**Twenty-Fifth Defense**
**(Duty to Disclose)**

Plaintiff's claims are barred, in whole or in part, because at all relevant times Expensify Defendants had no duty to disclose any information that the Amended Complaint alleges was omitted from the Registration Statement, to the extent that such information existed at the time the Registration Statement was filed or became effective.

**Twenty-Sixth Defense**
**(Damages Limitations of Securities Act)**

Any recovery for damages allegedly incurred by Plaintiff and/or members of the putative class is barred, in whole or in part, by the damages limitations of the Securities Act.

**Twenty-Seventh Defense**
**(Improper Class Action)**

This action is not properly maintainable as a class action under Rule 23 under of the Federal Rules of Civil Procedure, including because it does not meet the requirements for certification.

**Twenty-Eighth Defense**
**(No Damages)**

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff has not suffered any cognizable injury or sustained any damages and because any theoretical damages

Page 41 – **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

are speculative.

**Twenty-Ninth Defense**
**(Additional Defenses)**

Expensify Defendants hereby adopt and incorporate by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant not expressly set forth herein to the extent such defense may be applicable to the Expensify Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Expensify Defendants pray for the following relief:

a) Enter judgment in favor of Expensify Defendants on each and every cause of action set forth in the Amended Complaint;

b) Dismiss Plaintiffs' Amended Complaint in its entirety with prejudice;

c) Award Expensify Defendants the costs, expenses and disbursements that it incurs in defending this action;

d) Award Expensify Defendants the attorneys' fees that it incurs in defending this action; and

e) Award such further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Expensify Defendants demand a trial by jury on all issues triable by a jury.

April 21, 2025

LATHAM & WATKINS LLP

By: s/Melanie M. Blunschi
Melanie M. Blunschi (*pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600
*melanie.blunschi@lw.com*

FOSTER GARVEY PC

Eryn Karpinski Hoerster, OSB #106126
121 SW Morrison Street, Eleventh Floor
Portland, Oregon 97204-3141
Telephone: +1.503.228.3939
*eryn.hoerster@foster.com*

LATHAM & WATKINS LLP

Daniel R. Gherardi (*pro hac vice*)
140 Scott Drive
Menlo Park, California 94025
Telephone: +1.650.328.4600
*daniel.gherardi@lw.com*

Jack Mitchell McNeily (*pro hac vice pending*)
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: +1.312.876.7700
*jack.mcneily@lw.com*

*Attorneys for Expensify Defendants*

Page 43 – **EXPENSIFY DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**