FOSTER GARVEY PC
Eryn Karpinski Hoerster, OSB #106126
121 SW Morrison Street, Eleventh Floor
Portland, Oregon 97204-3141
Telephone: +1.503.228.3939
*eryn.hoerster@foster.com*

LATHAM & WATKINS LLP
Melanie M. Blunschi (*pro hac vice*)
Daniel R. Gherardi (*pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600
*melanie.blunschi@lw.com*
*daniel.gherardi@lw.com*

Jack M. McNeily (*pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: +1.312.876.7700
*jack.mcneily@lw.com*

*Attorneys for Defendants Expensify, Inc., David Barrett,*
*Ryan Schaffer, Blake Bartlett, Robert Lent, Anu*
*Muralidharan, Jason Mills, Daniel Vidal, Timothy L.*
*Christen, Ying (Vivian) Liu, and Ellen Pao*

[Additional counsel on signature block]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CODY WILHITE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> EXPENSIFY, INC., et al., <br><br><br> Defendants. | Case No. 3:23-cv-01784-JR <br><br> **[PROPOSED] STIPULATED PROTECTIVE ORDER** |

One or more of the parties has requested the production of documents or information that

Page 1 –   **[PROPOSED] STIPULATED PROTECTIVE ORDER**
FG: 103855934.2

at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This Stipulated Protective Order ("SPO") does not govern the use of Protected Material (defined below) at trial. The parties may request further orders from the Court to protect this material at trial.

This action concerns an initial public securities offering by Expensify, Inc. ("Expensify"). The defendants include Expensify, several of Expensify's current and former officers and directors (together with Expensify, the "Expensify Defendants"), and the underwriters of the stock offering (the "Underwriter Defendants," collectively with Expensify Defendants, the "Defendants").

Expensify provides expense-management software to help employees and businesses track and process reimbursements. In connection with its initial public offering, Expensify filed a Registration Statement with the Securities Exchange Commission. Plaintiff alleges that this Registration Statement contains false or misleading statements concerning a price increase by Expensify and its investment in marketing and brand awareness campaigns.

The parties expect to exchange documents and information relating to, among other things, Expensify's business and marketing strategy and the pricing for its products and services, as well as the adequacy of disclosures related to those topics in the Registration Statement. *See* Dkt. No. 85. Defendants state that it is likely these documents will include sensitive commercial, financial, accounting, and/or proprietary information, for which special protection from public disclosure and/or from use for any purpose other than prosecution of this action is warranted.

Page 2 –   **[PROPOSED] STIPULATED PROTECTIVE ORDER**
FG: 103855934.2

For example, the confidential and proprietary documents and information that may be produced in discovery consist of, among other things, Expensify Defendants' and Underwriter Defendants' confidential business information, including sensitive documents and communications relating to Expensify's business and marketing strategy and the pricing for its products and services, including internal presentations and reports. Additionally, Defendants state these documents will include highly sensitive, non-public, internal business discussions and deliberations from the Underwriter Defendants regarding, among things, their work in connection with public securities offerings. It would harm Defendants if these confidential and sensitive internal business discussions, processes, and methodologies were disclosed to the public.

Moreover, because this action relates to an initial securities offering by a publicly traded company, Defendants state the documents and information exchanged in discovery may also include information otherwise generally unavailable to the public and protected from disclosure under state or federal securities laws. It would harm not only Defendants but also the integrity of the public investing markets if these confidential and sensitive internal business discussions, processes, and methodologies were disclosed to the public. Therefore, based on Defendants' representations, the parties agree that the entry of this SPO is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1.      All documents, testimony, and other materials produced by the parties or third parties subpoenaed by one of the parties in this case and labeled "Confidential" or "Highly Confidential" shall be used only in this proceeding and pursuant to the terms of this SPO.

2.      Use of any information or documents labeled "Confidential" or "Highly

Page 3 –   **[PROPOSED] STIPULATED PROTECTIVE ORDER**
FG: 103855934.2

Confidential" and subject to this SPO (collectively, "Protected Material"), including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This SPO, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3.      The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Highly Confidential"  documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards.[1] The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Highly Confidential," if practical to do so.

4.      If portions of documents or other materials deemed "Confidential" or "Highly Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked with the corresponding category as follows or in substantially similar form:

CONFIDENTIAL

---

[1] Sealing judicial documents is generally disfavored because there is a "strong presumption in favor of public access." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003). The Court will apply the "good cause" standard to determine whether to seal documents attached to discovery motions that are not more than tangentially related to the merits of a case. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). If a motion more than tangentially relates to the merits of a case, the more stringent "compelling reasons" standard applies. *Id.* "Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096-97.

Page 4 –   **[PROPOSED] STIPULATED PROTECTIVE ORDER**
FG: 103855934.2

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

*or*

HIGHLY CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS HIGHLY CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Highly Confidential," that party shall reference this SPO in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Highly Confidential," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days from the date that the request for unsealing is filed, a motion that shows either good cause or compelling reasons, see Footnote 1, *supra*, to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5.      For testimony given in deposition, a party and/or the witness may designate on the record, before the close of the deposition any portion of the transcript, or the entire transcript, as "Confidential" or "Highly Confidential" that the party or witness contends discloses confidential information. Alternatively, within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as

"Confidential" or "Highly Confidential" any portion of the transcript, or the entire transcript, that the party or witness contends discloses confidential information by notifying the court reporter and all parties in writing. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. During the thirty-day period provided for in this paragraph, the deposition transcript must be treated as "Highly Confidential." Transcripts containing Protected Material shall have an obvious legend on the title page.

6.      "Confidential" or "Highly Confidential" information and documents subject to this SPO shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.      Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this SPO, unless additional persons are stipulated by counsel or authorized by the Court:

      a.      Outside counsel of record for the parties, and the administrative staff of outside counsel's firms to whom disclosure is reasonably necessary for this litigation.

      b.      In-house counsel and compliance personnel for the parties, and the administrative staff for each in-house counsel to whom disclosure is reasonably necessary for this litigation.

      c.      Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation and who have signed the "Acknowledgment and

Page 6 –   **[PROPOSED] STIPULATED PROTECTIVE ORDER**
FG: 103855934.2

Agreement to Be Bound" (Exhibit A).

d.      Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

e.      The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

f.      The authors and the original recipients of the documents.

g.      Any court reporter or videographer reporting a deposition in this action.

h.      Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties in connection with the litigation of this action.

i.      Professional jury or trial consultants, and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

j.      Witnesses in the action, during or in preparation for deposition or trial testimony, to whom disclosure is reasonably necessary, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court.

k.      Mediators or arbitrators and their personnel engaged by the parties for settlement purposes in this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8.      Use of any information, documents, or portions of documents marked "Highly Confidential," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d) - (k), unless additional persons are stipulated by counsel or authorized by the Court.

9.      The protections conferred by this SPO cover not only all Protected Material but also: (i) any information copied or extracted from Protected Material; (ii) all copies, excerpts,

Page 7 –   **[PROPOSED] STIPULATED PROTECTIVE ORDER**
FG: 103855934.2

summaries, or compilations of Protected Material; and (iii) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material.

10.    Whenever information designated as "Confidential" or "Highly Confidential" pursuant to this SPO is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may move to exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11.    Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this SPO. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall provide written notice of each designation it is challenging and describing the basis for each such challenge and then meet and confer with counsel for the designating party in good faith to attempt to resolve such challenge. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, the parties will send an email to the Court's Courtroom Deputy with one-page letter per party attached that details each party's position. The Court will then determine if a motion is needed. Regardless of which party disputes the confidential nature of certain information, the party seeking to protect a document from disclosure bears the burden of establishing good cause or compelling reasons, see Footnote 1, *supra*, for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by the Court, either informally or with an order.

12.    The inadvertent failure to designate a document, testimony, or other material as

"Confidential" or "Highly Confidential" prior to disclosure shall not operate as a waiver of any party's right to later designate the document, testimony, or other material as "Confidential" or "Highly Confidential."  The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13.    Designation by either party of information or documents as "Confidential" or "Highly Confidential," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets.  Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the SPO covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Highly Confidential."

14.    Within 60 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this SPO to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this SPO, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel.  Notwithstanding

Page 9 –   **[PROPOSED] STIPULATED PROTECTIVE ORDER**
FG: 103855934.2

the foregoing, counsel for a party may retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this SPO as set forth in Paragraph 19.

15. This SPO shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16. If a party is served with a subpoena or court order issued in litigation other than this action that compels disclosure of any Protected Material, that party must within three (3) business days notify in writing the designating party or third-party and provide a copy of the subpoena or court order; promptly and within any statutory or other legal deadline to respond notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this SPO; and cooperate with respect to all reasonable procedures sought to be pursued by the designating party or third party whose Protected Material may be affected. If the designating party or third party timely seeks a protective order, the party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued. Nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

17. If a receiving party learns, by inadvertence or otherwise, that it has disclosed Protected Material to any person or in any circumstance not authorized under this SPO, the receiving party must immediately: (i) notify in writing the designating party of the unauthorized

Page 10 – **[PROPOSED] STIPULATED PROTECTIVE ORDER**
FG: 103855934.2

disclosures; (ii) use its best efforts to retrieve all unauthorized copies of the Protected Material; (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this SPO; and (iv) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

18.    Nothing in this SPO shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

19.    The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this SPO.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July 11, 2025                Respectfully submitted,

FOSTER GARVEY PC

By: */s/ Eryn Karpinski Hoerster*
Eryn Karpinski Hoerster, OSB #106126
121 SW Morrison Street, Eleventh Floor
Portland, Oregon 97204-3141
Telephone: +1.503.228.3939
*eryn.hoerster@foster.com*

LATHAM & WATKINS LLP

Melanie M. Blunschi (*pro hac vice*)
Daniel R. Gherardi (*pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.491.0600
*melanie.blunschi@lw.com*
*daniel.gherardi@lw.com*

Jack M. McNeily (*pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: +1.312.876.7700

Page 11 – **[PROPOSED] STIPULATED PROTECTIVE ORDER**
FG: 103855934.2

*jack.mcneily@lw.com*

*Attorneys for Expensify and Individual Defendants*

LEVI & KORSINSKY, LLP

By: */s/ Adam M. Apton*
Adam M. Apton (*pro hac vice*)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Aleem Kanji*
BLACK HELTERLINE LLP

Michael B. Merchant, OSB No. 882680
805 S.W. Broadway, Suite 1900
Portland, OR 97205
Telephone: (503) 224-5560
Facsimile: (503) 224-6148
Email: mike.merchant@bhlaw.com
*Liaison Counsel for Aleem Kanji*

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Damon C. Elder*
Damon C. Elder, OSB No. 085313
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone:  +1.206.274.6400
Facsimile:  +1.206.274.6401
damon.elder@morganlewis.com

Charlene S. Shimada (*pro hac vice*)
Kevin M. Papay (*pro hac vice*)
Robert H. O'Leary (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, California 94105
Telephone:  +1.415.442.1000
Facsimile:  +1.415.442.1001
charlene.shimada@morganlewis.com
kevin.papay@morganlewis.com
bob.oleary@morganlewis.com

*Attorneys for the Underwriter Defendants*

Page 12 – **[PROPOSED] STIPULATED PROTECTIVE ORDER**
FG: 103855934.2

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Stipulated Protective Order.  Pursuant to L.R 11-1(b) regarding signatures, I, Eryn Karpinski Hoerster, attest that concurrence in the filing of this document has been obtained.

DATED:  July 11, 2025

/s/ *Eryn Karpinski Hoerster*
Eryn Karpinski Hoerster

# [PROPOSED] ORDER

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and accepts the parties' stipulation of good cause for purposes of entering this Stipulated Protective Order.  Any disputes about the confidentiality of certain information will be resolved by the Court in the manner proscribed in this document.[2]

IT IS SO ORDERED.


DATED:  _____


_____
Jolie A. Russo
U.S. Magistrate Judge

---

[2] "While courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order." *In re Roman Cath. Archbishop of Portland in Oregon,* 661 F.3d 417, 424 (9th Cir. 2011).  When a party seeks to disclose documents protected by a stipulated protective order, the party opposing disclosure retains the burden of proof to show why "there is good cause to continue the protection of the discovery material." *Id.*

Page 14 – **[PROPOSED] STIPULATED PROTECTIVE ORDER**
FG: 103855934.2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**
EXHIBIT A

I, _____, have been advised by counsel of record for

_____ in _____

of the Stipulated Protective Order ("SPO") governing the delivery, publication, and disclosure of

confidential documents and information produced in this litigation.  I declare under penalty of perjury

that I have read a copy of the SPO and agree to abide by its terms.  I agree to comply with and to be

bound by all the terms of this SPO, and I understand and acknowledge that failure to so comply

could expose me to sanctions, contempt or other legal ramification.  I promise that I will not disclose

in any manner any information or item that is subject to this SPO to any person or entity except in

strict compliance with the provisions of this SPO.

I further agree to submit to the jurisdiction of the United States District Court for the District

of Oregon for the purpose of enforcing the terms of this SPO even if such enforcement proceedings

occur after termination of this action.

I  hereby  appoint  _____

[print or type name, full address and telephone number] as my Oregon agent for service of process

in connection with this action or any proceedings related to enforcement of this SPO.

_____
Signed

_____
Printed

_____
Name Date

_____
City and State where sworn and signed

Page 15 – **[PROPOSED] STIPULATED PROTECTIVE ORDER**
FG: 103855934.2