FOSTER GARVEY PC
Eryn Karpinski Hoerster, OSB #106126
121 SW Morrison Street, Eleventh Floor
Portland, Oregon 97204-3141
Telephone: +1.503.228.3939
*eryn.hoerster@foster.com*

LATHAM & WATKINS LLP
Melanie M. Blunschi (*pro hac vice*)
Daniel R. Gherardi (*pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600
*melanie.blunschi@lw.com*
*daniel.gherardi@lw.com*

Jack M. McNeily (*pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: +1.312.876.7700
*jack.mcneily@lw.com*

*Attorneys for Defendants Expensify, Inc., David
Barrett, Ryan Schaffer, Blake Bartlett, Robert Lent,
Anu Muralidharan, Jason Mills, Daniel Vidal,
Timothy L. Christen, Ying (Vivian) Liu, and Ellen Pao*

[Additional counsel on signature block]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CODY WILHITE, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br>  v.<br><br>EXPENSIFY, INC., et al.,<br><br>     Defendants. | Case No. 3:23-cv-01784-JR<br><br>**STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

Page 1 –  **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY
             OF ELECTRONICALLY STORED INFORMATION**

Lead Plaintiff Aleem Kanji ("Plaintiff") and Defendants Expensify, Inc. ("Expensify" or the "Company"), David Barrett, Ryan Schaffer, Blake Bartlett, Robert Lent, Anu Muralidharan, Jason Mills, Daniel Vidal, Timothy Christen, Ying (Vivian) Liu, and Ellen Pao (together with Expensify, the "Expensify Defendants"), and J.P. Morgan Securities LLC, Citigroup Global Markets Inc., BofA Securities, Inc., Piper Sandler & Co., Citizens JMP Securities, LLC, and Loop Capital Markets LLC (collectively, the "Underwriter Defendants," and together with Plaintiff and the Expensify Defendants, the "Parties") respectfully submit this Stipulation and [Proposed] Order Regarding Discovery of Electronically Stored Information (the "ESI Order") governing the collection and disclosure of electronically stored information during the course of the litigation.

1.    PURPOSE

This ESI Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Oregon (the "Local Rules"), the individual Judges' Procedures of District Court Judge Amy Baggio and Magistrate Judge Jolie Russo, and any other applicable orders and rules. Nothing herein is intended to expand the scope of discovery beyond the defaults contained in the Federal Rules of Civil Procedure or to require parties to produce irrelevant information in order to comply with this ESI Order. The purpose of this ESI Order is to streamline production to promote efficient electronic discovery in this action. The Parties are expected to use reasonable, good faith, and proportional efforts to preserve, identify, and produce relevant, non-privileged, and discoverable information consistent with Fed. R. Civ. P. 26(b)(1). This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant and discoverable subject matter, time periods for discovery, and other parameters to limit and guide preservation and discovery issues.

Page 2 –    **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY**
            **OF ELECTRONICALLY STORED INFORMATION**

The Parties agree to alert all Parties concerning any technical problems associated with complying with this ESI Order.  To the extent a Party reasonably believes that compliance with this ESI Order imposes an undue burden with respect to any protocol, source, or search term listed herein, it shall notify the other Parties, and the Parties shall promptly confer in an effort to resolve the issue.

2.    DEFINITIONS

2.1.    "Action" means the above-referenced action.

2.2.    "Custodian" means the person who maintains a document in the ordinary course and from whom a document was collected for use in this action.

2.3.    "Document" or "Documents" means any writing however recorded, including handwriting, typewriting, printing, photographing, photocopying, transmitting by electronic mail or facsimile and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols or combinations thereof, and any record created thereby, regardless of the manner in which the record has been stored, and also specifically includes Electronically Stored Information and Hard-Copy Documents.

2.4.    "Electronically Stored Information" or "ESI" means any Document or Documents stored or transmitted in electronic form.

2.5.    "Hard-Copy Document" means any Document existing in paper form at the time of collection.

2.6.    "Hash Value" is a unique numerical or alphanumerical identifier that can be assigned to a file, a group of files or a portion of a file, based on a standard mathematical algorithm applied to the characteristics of the text contained within the file or files.

Page 3 –   **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY**
            **OF ELECTRONICALLY STORED INFORMATION**
FG: 103855936.2

2.7.    "Metadata" means data created as a function of the application software used to create the document or file.  To the extent they are available and able to be captured at the time of collection, the metadata values that are to be extracted and produced in the metadata load files (.DAT file using concordance standard delimiters) are listed in "Addendum A" attached hereto. The Parties reserve the right to request additional metadata values depending on the source of the data, if the source is not otherwise covered by this ESI Order (*e.g.*, non-traditional sources of ESI). No Party will have any obligation to manually generate information to populate any metadata fields.

2.8.    "Native Format" means and refers to the format of ESI in which it was generated and/or as used by the Producing Party in the usual course of its business and in its regularly conducted activities.  For example, the Native Format of an Excel workbook is an .xls or .xslx file.

2.9.    "Load Files" means electronic files provided with a production set of Documents and images used to load that production set into a Requesting Party's Document review platform.

2.10.   "Optical Character Recognition" or "OCR" means the process of recognizing, and creating a file containing, visible text within an image.

2.11.   "Producing Party" means any Party or third party in this Action that produces or has produced Documents.

2.12.   "Protective Order" means the Stipulated Protective Order entered in this Action, as amended by any subsequent order(s) of the Court.

2.13.   "Requesting Party" means any Party in this Action that is requesting or has requested the production of Documents.

2.14.   "Searchable Text" means the text extracted or generated using OCR from any

Page 4 –   **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY
OF ELECTRONICALLY STORED INFORMATION**

FG: 103855936.2

Document that allows the Document to be electronically searched.

3.     COOPERATION

The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with generally accepted practices concerning the discovery of ESI.

4.     LIAISON

The Parties have identified liaisons who are and will be knowledgeable about and responsible for discussing their respective ESI.

Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter.  The Parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

5.     SEARCH, COLLECTION, AND REVIEW

5.1     Consistent with Principle 6 of The Sedona Conference Principles, the Parties recognize that responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information.  The Requesting Party may suggest search criteria, which will be evaluated in good faith by the Producing Party.  The Parties may use advanced search, analytical, and retrieval technologies like predictive coding or other technology-assisted review ("TAR") to prioritize the review of or the grouping of Documents requested or returned from the use of search terms, date ranges, or electronic source filters..

5.2     Nothing in this ESI Order shall be construed or interpreted as precluding a

Producing Party from performing a responsiveness review or a privilege review to determine if Documents captured by search terms or other search methodologies are in fact relevant to the Requesting Party's request. Further, nothing in this ESI Order shall be construed or interpreted as requiring the production of any non-privileged Documents captured by any search term or other search methodologies if that Document is in good faith and reasonably deemed not responsive to the Requesting Party's Request.

6.    PRODUCTION FORMATS

6.1.    Aside from ESI described in paragraph 6.2, ESI is to be produced in 300 DPI Group IV Grayscale Tagged Image File Format (.TIFF or .TIF) files. TIFF files shall be produced in single-page, black and white, format along with image load files (.OPT file and/or .LFP file). All Documents are to be provided with per document searchable text (.TXT) files, and such text files shall contain the full text extraction. In the event a document does not contain electronically extractable searchable text or is redacted or scanned into TIFF format, the text file should contain that document's OCR text. If particular Documents warrant a different format, the Parties will cooperate to arrange for the mutually acceptable production of such Documents. The Parties agree not to degrade the searchability of Documents as part of the document production process.

6.2.    Spreadsheet files, database files or reports, and media files shall be produced in Native Format accompanied by a Bates-stamped placeholder TIFF bearing the legend "This Document has been produced in Native Format."

6.3.    During the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed and/or modified to TIFF, metadata values listed in Addendum A should be extracted and produced in a load file.

6.4.    Unless otherwise stated herein, Documents in families shall be produced and

Page 6 –   **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**
FG: 103855936.2

Bates-stamped in sequence with the Absolute Parent first in sequence, followed by any and all attachments. Absolute Parent shall be defined as the document that is the source for all other Documents in a Document family, regardless of whether attachments to the Absolute Parent are also parent Documents with attachments. When producing responsive attachments, the parent email will be produced, regardless of responsiveness unless otherwise protected from disclosure.

6.5.    The Parties may deduplicate Document families found to be MD5 Hash duplicates across or within Custodians. Moreover, (a) de-duplication shall be performed only at the Document family level so that attachments are not de-duplicated against identical stand-alone versions of such documents and vice versa, although each family member shall be hashed separately for purposes of populating the MD5 Hash field; (b) attachments to emails, instant messages, or other Documents shall not be disassociated from the parent email, instant Messages, or Document even if they are exact duplicates of another Document in the production. A Party electing to deduplicate exact duplicates across Custodians shall take reasonable steps to ensure that at least one copy of a responsive exact duplicate that is located in the files of one or more Custodians agreed to by the Parties (or ordered by the Court) is produced.

6.6.    Where multiple email messages are part of a single chain or "thread," a Party is only required to produce the most inclusive message ("Last-in-Time Email") and need not produce earlier, less-inclusive email messages or "thread members" that are fully contained, including attachments and including identical senders and recipients, within the Last-in-Time Email. Only email messages for which the parent Document and all attachments are contained in the Last-in-Time Email will be considered less-inclusive email messages that need not be produced.

6.7.    Upon review of a Party's production, a Requesting Party may request the

Page 7 –    **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**
FG: 103855936.2

production of ESI in native format where the production in native format is reasonably necessary to the ESI's comprehension or use. For ESI produced in Native Format, a Bates-stamped placeholder TIFF bearing the legend "This Document has been produced in Native Format" shall also be produced in the same manner as other TIFFs, if TIFFs were not previously included.

6.8. Each page of a produced image shall have a legible, unique Bates number that includes an alphabetic prefix followed by a fixed number of digits, i.e., ABC00000001, electronically "burned" onto the image at a location that does not unreasonably obliterate or obscure any information from the source Document. Each image page or native file assigned a Bates number shall be assigned a sequential number that is unique and maintains a constant length across the entire production. No other legend or stamp will be placed on the Document image, except confidentiality legends (where applicable) or redactions.

7.    DOCUMENTS PROTECTED FROM DISCOVERY

7.1    Pursuant to Federal Rule of Evidence 502(d), the production of a privileged[1] or work-product-protected Document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected Documents in this Action is not itself a waiver in this Action or in any other federal or state proceeding. For the avoidance of doubt, the Parties will not conduct an inquiry under Federal Rule of Evidence 502(b) to determine whether information was produced inadvertently. Instead, the Parties will determine inadvertence solely based on the good faith representation of the Producing Party. When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege

---

[1] Privileged Documents include, but are not limited to, material protected from disclosure as Confidential Supervisory Information, Suspicious Activity Reports and any other government privilege.

Page 8 –  **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY
OF ELECTRONICALLY STORED INFORMATION**

FG: 103855936.2

or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

7.2    A Party may redact personally sensitive or identifiable information including, but not limited to, bank and brokerage account numbers, social security numbers, personal addresses, and names of minor children.

7.3    Privilege Log.  Consistent with the Federal Rules of Civil Procedure and the Local Rules, a Party withholding or redacting any responsive Document on the grounds of attorney-client privilege, work-product privilege, joint defense privilege, Confidential Supervisory Information, Suspicious Activity Reports, or any other applicable privilege, immunity or protective doctrine, will provide the Requesting Party with a privilege log.  The Parties shall have no obligation to log information generated on or after the date the original Complaint was filed in this Action; and activities undertaken in compliance with the duty to preserve information (including, but not limited to, litigation hold letters) are protected from disclosure under Federal Rule of Civil Procedure 26(b)(3)(A) and (B) and need not be included in the privilege log.

7.4    Privilege Log Format.  Privilege logs shall be produced as searchable, editable, Microsoft Excel spreadsheets.  The Parties agree to meet and confer in good faith regarding any additional substantive and formatting requirements for privilege logs.

7.5    Timing of Privilege Logs.  Privilege logs shall be produced as soon as reasonably practicable after substantial completion of document production.

8.    <u>ESI NOT REQUIRED</u>

The Parties agree that the following ESI does not require preservation, collection, review, or production because they are either not reasonably accessible or because the remote possibility of additional relevant information existing in not reasonably accessible sources is substantially

outweighed by the burden and cost of preservation, collection, review, and production, provided, however, that nothing herein shall prevent a Party from subsequently requesting that Documents from the sources identified below be preserved and produced if specific facts demonstrate a particular need for such Documents that justifies the burden of preservation and retrieval:

- Deleted, shadowed, damaged, residual, slack, fragmented, or other data on hard drives, solid-state drives (SSDs), or similar physical media, and which are only accessible by forensics;

- Random access memory (RAM), temporary files, or other ephemeral data that is difficult to preserve without disabling the operating system;

- On-line access data such as temporary Internet files, history, cache, cookies, and the like;

- Data stored on photocopiers, scanners, and fax machines;

- Data in metadata fields that are frequently updated automatically, such as last-opened dates;

- Data maintained or duplicated in any electronic backup system for the purpose of system recovery or information restoration, including, but not limited to, system recovery backup tapes or other media, continuity of operations systems, and data or system mirrors or shadows, if such data are routinely purged, overwritten, or otherwise made not reasonably accessible in accordance with an established routine system maintenance policy;

- Server, system, or network logs;

- Data remaining from systems no longer in use that is unintelligible on the systems in use; and

Page 10 – **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

FG: 103855936.2

- Other forms of ESI that the parties mutually agree do not require preservation.

9.    MISCELLANEOUS PROVISIONS

9.1    Confidentiality Designations.  If a Document or other ESI has a confidentiality designation as contemplated by the Protective Order in this Action, the designation shall be stamped on the face of all TIFF images pertaining to such Document pursuant to the Protective Order.  If the Requesting Party believes that a confidentiality designation obscures the content of a Document, then the Requesting Party may request that the Document be produced with the confidentiality designation in a different position.  No Party may attach to any filing or any correspondence addressed to the Court (including any Magistrate Judge), or to any adverse or third party, or submit as an exhibit at a deposition or any other judicial proceeding, a copy (whether electronic or otherwise) of any native format Document produced by any Party without ensuring that the corresponding Bates number and confidentiality legend, as designated by the Producing Party, appears on the Document or in the filename, if used in native format.  For each Document that is marked confidential, a confidentiality field will be populated with the word "Confidential" in the .DAT file.

9.2    Objections Preserved.  Nothing in this ESI Order shall be interpreted to require disclosure of information protected by the attorney-client privilege, attorney work product doctrine, Confidential Supervisory Information, Suspicious Activity Reports, or any other applicable privileges or protection from disclosure.  Except as provided expressly herein, the Parties do not waive any objections as to the production, discoverability, authenticity, admissibility, or confidentiality of Documents and ESI.

9.3    Third-Party Documents and ESI.  A Party that issues a subpoena upon any third party ("Issuing Party") shall include a copy of this ESI Order and the Protective Order with the

Page 11 – **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

FG: 103855936.2

subpoena and shall promptly provide a copy of the subpoena to all other Parties in this Action upon issuance to the third party. The Issuing Party shall produce a copy to all other Parties of any ESI (including any metadata) obtained under subpoena to a third party. If a third-party production is not Bates-stamped, the Issuing Party will endorse the non-Party production with unique Bates prefixes and numbering scheme prior to reproducing them to all other Parties.

9.4    Production Media. A Producing Party shall produce Document images, Native Format files, load files, and Metadata via secure file transfer protocol ("FTP"), or other mutually agreeable media ("Production Media"). Each piece of Production Media shall include a unique identifying label corresponding to the identity of the Producing Party (e.g., "EXFY"), the sequential production number (e.g., "PROD004"), and the Document Number ranges of the Documents in that production (e.g., "EXFY0000000123 - EXFY0000000456"). To the extent that the Production Media includes any confidential information protected under Protective Order, the label on such Production Media shall indicate that the Production Media includes information so designated as required under the terms of the Protective Order. Production Media shall include text referencing the case name and number. Further, any replacement Production Media shall cross-reference the original Production Media, clearly identify that it is a replacement, and cross-reference the BEGDOC and ENDDOC range that is being replaced. All Production Media that is capable of write protection should be write-protected before production. All Production Media must be encrypted, with the Producing Party providing a decryption key under separate cover at the time of production.

9.5    Modern Attachments. For purposes of production, and to the extent reasonably feasible on an automated, scalable basis with existing technology, responsive Documents should include Documents shared via document stubs or via hyperlinks to internal document sources

Page 12 – **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

FG: 103855936.2

accessible to the Producing Party (e.g., Google Drive, OneDrive, DropBox, Slack) ("Modern Attachments"), as part of the same document family with the parent/child relationship preserved to the extent a version of the Modern Attachment contemporaneous with the parent document is reasonably available. To the extent reasonably feasible on an automated, scalable basis with existing technology, Modern Attachments (i) shall be produced as separate, attached Documents, and related back to their respective parent Documents, and (ii) the Producing Party shall produce the contemporaneous Document version of Modern Attachments, *i.e.*, the document version likely present at the time an email or message was sent. The Parties may meet and confer in good faith with respect to any specific Documents identified by the Requesting Party as Modern Attachments that appear not to have been produced. The Parties will endeavor to produce Documents in a reasonably timely manner and in accordance with the timelines set forth in the case schedule, Federal Rules of Civil Procedure and Local Rules. The Parties recognize, however, that strict adherence to those requirements may not be possible in all situations and with all data. Production in this Action is anticipated to be conducted on a rolling basis with Parties making reasonable efforts to expedite the process. If either Party feels production has been unreasonably delayed, the Parties agree to meet and confer to reach a mutually agreeable consensus prior to Court involvement.

10.    NO DESIGNATION OF DISCOVERY REQUESTS

Production of Documents in the reasonably usable form set out in this ESI Order will not include any reference to the requests to which a Document may be responsive.

11.    FOREIGN LANGUAGE DOCUMENTS

To the extent that Documents are produced that contain languages other than English, in whole or in part, the Producing Party shall produce all foreign language Documents in the original

Page 13 – **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY**
            **OF ELECTRONICALLY STORED INFORMATION**
FG: 103855936.2

language.  The Producing Party has no obligation to provide a translation of the Documents, or any portion thereof.

12.    <u>MODIFICATION</u>

This ESI Order may be modified by a Stipulated Order of the Parties or by the Court for good cause shown.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July 11, 2025                    Respectfully submitted,

                                        FOSTER GARVEY PC

                                        By<u>: /s/ Eryn Karpinski Hoerster</u>
                                        Eryn Karpinski Hoerster, OSB #106126
                                        121 SW Morrison Street, Eleventh Floor
                                        Portland, Oregon 97204-3141
                                        Telephone: +1.503.228.3939
                                        Facsimile: +1.503. 226.0259
                                        *eryn.hoerster@foster.com*

                                        LATHAM & WATKINS LLP

                                        Melanie M. Blunschi (*pro hac vice*)
                                        Daniel R. Gherardi (*pro hac vice*)
                                        505 Montgomery Street, Suite 2000
                                        San Francisco, California 94111
                                        Telephone: +1.415.491.0600
                                        *melanie.blunschi@lw.com*
                                        *daniel.gherardi@lw.com*

                                        Jack M. McNeily (*pro hac vice*)
                                        330 North Wabash Avenue, Suite 2800
                                        Chicago, IL 60611
                                        Telephone: +1.312.876.7700
                                        *jack.mcneily@lw.com*

                                        *Attorneys for Expensify and Individual Defendants*

                                        LEVI & KORSINSKY, LLP

                                        By: <u>/s/ Adam M. Apton</u>
                                        Adam M. Apton (*pro hac vice*)
                                        33 Whitehall Street, 17th Floor

Page 14 – **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY
            OF ELECTRONICALLY STORED INFORMATION**

New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Aleem Kanji*

BLACK HELTERLINE LLP

Michael B. Merchant, OSB No. 882680
805 S.W. Broadway, Suite 1900
Portland, OR 97205
Telephone: (503) 224-5560
Facsimile: (503) 224-6148
Email: mike.merchant@bhlaw.com

*Liaison Counsel for Aleem Kanji*

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Damon C. Elder*
Damon C. Elder, OSB No. 085313
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401
damon.elder@morganlewis.com

Charlene S. Shimada (*pro hac vice*)
Kevin M. Papay (*pro hac vice*)
Robert H. O'Leary (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, California 94105
Telephone: +1.415.442.1000
Facsimile: +1.415.442.1001
charlene.shimada@morganlewis.com
kevin.papay@morganlewis.com
bob.oleary@morganlewis.com

*Attorneys for the Underwriter Defendants*

Page 15 – **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY
OF ELECTRONICALLY STORED INFORMATION**
FG: 103855936.2

## SIGNATURE ATTESTATION

I am the ECF User whose identification and password are being used to file the foregoing Stipulation.  Pursuant to L.R 11-1(b) regarding signatures, I, Eryn Karpinski Hoerster, attest that concurrence in the filing of this document has been obtained.

DATED: July 11, 2025

/s/ *Eryn Karpinski Hoerster*
Eryn Karpinski Hoerster

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____

_____
HON.  JOLIE A. RUSSO
UNITED STATES MAGISTRATE JUDGE

Page 16 – **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**
FG: 103855936.2

**ADDENDUM A**

| Field | Definition | Doc Type |
|---|---|---|
| CUSTODIAN | Name of person from where Documents/files were collected or, in the case of non-human sources, a short description of that source (*e.g.*, "Shared Drive"). | All |
| BEGBATES | Beginning Bates Number (production number) | All |
| ENDBATES | Ending Bates Number (production number) | All |
| BEGATTACH | First Bates number of family range (*i.e.*, Bates number of the first page of the parent Document) | All |
| ENDATTACH | Last Bates number of family range (*i.e.*, Bates number of the last page of the last attachment or, if no attachments, the Document itself) | All |
| PAGE COUNT | Number of pages in the Document | All |
| APPLICATION | Commonly associated application for the specified file type. | All |
| NATIVE FILE LINK | The file path for Documents provided in Native Format | All |
| TEXTPATH | File path for OCR or Extracted Text files | All |
| FROM | Sender | E-mail |
| TO | Recipient | E-mail |
| CC | Additional Recipients | E-mail |
| BCC | Blind Additional Recipients | E-mail |
| SUBJECT | Subject line of e-mail | E-mail |
| DATESENT | Date Sent (mm/dd/yyyy hh:mm:ss AM) | E-mail |
| DATERCVD | Date Received (mm/dd/yyyy hh:mm:ss AM) | E-mail |
| OUTLOOK TYPE | Type of Outlook item, *e.g.*, e-mail, calendar item, contact, note, task | Outlook or similar system data |
| HASHVALUE | Hash value (*e.g.*, MD5 or SHA-1) | All |
| FILENAME | Original file name at the point of collection | E-Document |

Page 17 – **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

FG: 103855936.2

| TITLE | Internal Document property | E-Document |
|---|---|---|
| AUTHOR | Creator of a Document | E-Document |
| DATE CREATED | Creation Date (mm/dd/yyyy hh:mm:ss AM) | E-Document |
| DOCUMENT TYPE | Descriptor for the type of Document: e.g. "E-Document" for electronic Documents not attached to e-mails; "E-mail" for all e-mails; "E-attachment" for files that were attachments to e-mails; and "Hard Copy" for Hard-Copy Documents. | All |
| PRODVOL | Name of media that data was produced on. | All |
| TIMEZONE | Time zone of data used during processing of data. | All |

Page 18 – **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**
FG: 103855936.2