IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CODY WILHITE, Individually and on Behalf of
All Others Similarly Situated,

                    Plaintiff,

      v.

EXPENSIFY, INC., DAVID BARRETT, RYAN
SCHAFFER, BLAKE BARTLETT, ROBERT
LENT, ANU MURALIDHARAN, JASON
MILLS, DANIEL VIDAL, TIMOTHY L.
CHRISTEN, YING (VIVIAN) LIU, ELLEN PAO,
J.P. MORGAN SECURITIES, LLC, CITIGROUP
GLOBAL MARKETS INC., BofA SECURITIES,
INC., PIPER SANDLER & CO., JMP
SECURITIES LLC, and LOOP CAPITAL
MARKETS LLC,

                    Defendants.

Case No.: 3:23-cv-01784-JR

**CLASS ACTION**

## PRELIMINARY APPROVAL ORDER

WHEREAS, Court-appointed Lead Plaintiff Aleem Kanji ("Plaintiff") and Defendants
Expensify, Inc ("Expensify"), David Barrett, Ryan Schaffer, Blake Bartlett, Robert Lent, Anu
Muralidharan, Jason Mills, Daniel Vidal, Timothy L. Christen, Ying (Vivian) Liu, Ellen Pao (the
"Individual Defendants") (collectively with Expensify, the "Expensify Defendants"), J.P. Morgan

1

Securities LLC, Citigroup Global Markets Inc., BofA Securities, Inc., Piper Sandler & Co., Citizens JMP Securities, LLC,[1] and Loop Capital Markets LLC (the "Underwriter Defendants") (collectively with the Expensify Defendants, the "Defendants," and together with Plaintiff, the "Parties" and each a "Party"), entered into the Stipulation of Settlement dated February 12, 2026 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits attached thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the above-captioned Action; and the Court having considered the Stipulation and the exhibits thereto, and Plaintiff's motion and supporting papers, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 23rd day of February, 2026, that:

1.    Capitalized terms used herein have the meanings defined in the Stipulation.

2.    Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action for a Settlement Class of all Persons who purchased Expensify common stock pursuant or traceable to Expensify's registration statement filed in conjunction with Expensify's initial public offering on November 15, 2021, and were damaged thereby. Excluded from the Settlement Class are Expensify, the Individual Defendants, the Underwriter Defendants, each of their immediate family members, legal representatives, heirs, successors or assigns, and any entity in which any of the Defendants have or had a majority ownership interest. For the avoidance of doubt, any "Investment Vehicle" is not excluded from the Settlement Class. "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, and retirement accounts and employee

---

[1] Citizens JMP Securities, LLC was formerly known as "JMP Securities LLC."

2

benefit plans, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which their respective affiliates may act as an investment advisor or manager, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest. All persons or entities who Opt Out of the Settlement Class consistent with this Order will also be excluded.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Plaintiff is certified as the class representative and his counsel, Levi & Korsinsky, LLP, is hereby appointed as Class Counsel.

4.    The Court finds that (a) the Stipulation resulted from good faith, arm's length negotiations, and (b) the Stipulation is sufficiently fair, reasonable, and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.

5.    The Court hereby preliminarily approves the Settlement, subject to further consideration at the Settlement Hearing pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court in Portland Courtroom 10B on **June 30, 2026, at 10:00 a.m.** for the following purposes:

> (a) to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;
>
> (b) to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;
>
> (c) to determine finally whether the Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine, among other things, whether the releases set forth in the

Stipulation should be ordered;

(d) to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e) to consider any application of Class Counsel for an Attorney Fee Award and Award to Plaintiff;

(f) to consider Settlement Class Members' objections to the Settlement, if any, provided that they validly submitted an objection in accordance with this Order and the Notice; and

(g) to rule upon such other matters as the Court may deem appropriate.

6.     The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Parties, and with or without further notice of any kind.  The Court further reserves the right to enter Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded an Attorney Fee Award or Award to Plaintiff.

7.     The Court approves the form, substance, and requirements of (a) the Postcard Notice, (b) the Notice, (c) the Proof of Claim, and (d) the Summary Notice, all of which are exhibits to the Stipulation.

8.     Class Counsel has the authority to enter into the Settlement on behalf of the Settlement Class and has the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

4

9.    For settlement purposes only, Strategic Claims Services, Inc., is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims. Up to $250,000 in Settlement Administration Costs may be paid to the Claims Administrator without further order of this Court.

10.    By **March 9, 2026** (fourteen (14) calendar days of the entry of this Order) (hereinafter the "Notice Date"), Class Counsel, through the Claims Administrator, shall cause the Postcard Notice, substantially in the form annexed to the Stipulation as Exhibit A-4 to be mailed, by first-class mail, postage prepaid, or via electronic mail if addresses are available, to Settlement Class Members who can be identified with reasonable effort by Class Counsel.

11.    The Claims Administrator shall provide the Notice, Proof of Claim and Postcard Notice to nominees and custodians, and such nominees and custodians shall, within ten (10) calendar days of receipt of the Notice, either: (i) request copies of the Postcard Notice sufficient to send to all beneficial owners for whom they are nominee or custodian; or (ii) request an electronic link to the Notice and Proof of Claim ("Notice and Claim Link"), and within ten (10) calendar days after receipt thereof, email the Notice and Claim Link to such beneficial owners for whom valid email addresses are available; or (iii) provide the Claims Administrator with lists of the names, last known addresses, and email addresses (to the extent known) of such beneficial owners.  If the Claims Administrator receives an email address, it will send a Postcard Notice and Notice and Claim Link electronically.  Otherwise, it will send a Postcard Notice by first-class mail.  Nominees or custodians who elect to send the Postcard Notice and Notice and Claim Link to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing or emailing has been made as directed.  Copies of the Postcard Notice and Notice and Claim Links shall be made available to any nominee or custodian requesting same for the

purpose of distribution to beneficial owners.  The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing names and addresses up to $0.05 per name (with address and email address) provided to the Claims Administrator; up to $0.05 per Postcard Notice mailed plus postage at the rate used by the Claims Administrator;  or up to $0.05 per Notice and Claim Link sent by email, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

12.     Class Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim to be posted on a settlement website on or before the Notice Date.

13.     Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on a broadly-disseminated national wire service by **March 23, 2026**, within fourteen (14) calendar days after the Notice Date.

14.     Class Counsel shall, by **June 23, 2026**, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of dissemination of the Postcard Notice and publication of the Summary Notice.

15.     The forms and methods set forth herein of notifying Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all Persons entitled thereto.  No Settlement Class Member will be relieved from the terms and conditions of

the Settlement, including the releases provided for therein, based upon the contention or proof that

such Settlement Class Member failed to receive actual or adequate notice.

16.     In order to be entitled to participate in recovery from the Net Settlement Fund after

the Effective Date, each Settlement Class Member shall take the following action and be subject

to the following conditions:

(a) On or before **June 29, 2026** (112 calendar days from the Notice Date), a

properly completed and executed Proof of Claim must be submitted to the

Claims Administrator either (a) electronically through the Settlement Website

or (b) at the Post Office Box indicated in the Notice.  Each Proof of Claim shall

be deemed to have been submitted when: (a) the claimant receives a

confirmation notice from the Claims Administrator for electronic submissions;

or (b) legibly postmarked (if properly addressed and mailed by first-class mail)

provided such Proof of Claim is actually received before the filing of a motion

for an Order of the Court approving distribution of the Net Settlement Fund.

Any Proof of Claim submitted in any other manner shall be deemed to have

been submitted when it was actually received by the Claims Administrator at

the address designated in the Notice.

(b) the Proof of Claim submitted by each Settlement Class Member must satisfy

the following conditions: (i) it must be properly completed, signed, and

submitted in a timely manner in accordance with the provisions of the preceding

subparagraph;  (ii)  it  must  be  accompanied  by  adequate  supporting

documentation for the transactions reported therein, in the form of broker

confirmation slips, broker account statements, an authorized statement from the

broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim, nor shall any discovery from or of Plaintiff or Defendants, or of their counsel or the Claims Administrator be allowed on any topic.

17. All Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.

18. Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall mail it by first-class mail, postage prepaid, or otherwise deliver it, so that it is received no later than **June 2, 2026** (twenty-eight (28) calendar days prior to the Settlement Hearing) ("Exclusion Deadline")), to the address listed in the Notice. In order to be valid, such request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Expensify common stock purchased, acquired, and/or sold pursuant or traceable to Expensify's registration statement filed in conjunction with Expensify's initial public offering on November 15, 2021, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. In order to be

valid, such request for exclusion must be submitted with documentary proof of each purchase or acquisition and, if applicable, sale of Expensify common stock during the relevant period. Account statements or trade confirmations will suffice. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the request for exclusion.

19.     The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Parties (by email) as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

20.     Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than **June 26, 2026**, two (2) business days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

21.     All Persons who submit a valid, timely, and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

22.     Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or any application for an award of fees or reimbursement of expenses, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Judgment, or

any other order relating thereto, unless that Person has served the objection upon the Court by **June 2, 2026**, at least twenty-eight (28) calendar days prior to the Settlement Hearing. To be valid, any such objection must (i) clearly identify the case name and number "*Wilhite v. Expensify, Inc., et al.,* Case No. 3:23-cv-01784-JR (D. Or.)"; (ii) state the name, address, and telephone number of the person or entity objecting; (iii) state the number of shares of Expensify common stock purchased, acquired, and/or sold pursuant or traceable to Expensify's registration statement filed in conjunction with Expensify's initial public offering on November 15, 2021, as well as the dates and prices of each such purchase, acquisition, and sale; (iv) be signed by the person or entity objecting or an authorized representative; and (v) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the District of Oregon or by mailing them to the Clerk of Court, United States District Court for the District of Oregon, 1000 SW Third Avenue, Portland, OR 97204. Attendance at the Settlement Hearing is not necessary but Persons wishing to be heard orally in opposition to the approval of the Stipulation, the Plan of Allocation, and/or Attorney Fee Award may do so at the Settlement Hearing, provided they have filed a timely objection in accordance with this Order.

23.     Any Settlement Class Member or other Person who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or any Attorney Fee Award or Award to Plaintiff, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and shall also be foreclosed from appealing any judgment or order entered in this Action.

24.     The Court reserves the right to adjourn the Settlement Hearing or to conduct it remotely without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

25.     All papers in support of the Settlement, the Plan of Allocation and/or any application for an Attorney Fee Award or Award to Plaintiff shall be filed and served no later than **April 28, 2026**, sixty-three (63) calendar days before the Settlement Hearing.

26.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or any Attorney Fee Award or Award to Plaintiff shall be filed no later than **June 16, 2026**, fourteen (14) calendar days prior to the Settlement Hearing.

27.     Defendants shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for an Attorney Fee Award, or Award to Plaintiff submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

28.     Pending final determination of whether the Settlement should be approved, Plaintiff and Settlement Class Members shall be enjoined from commencing, prosecuting, or attempting to prosecute the Released Plaintiffs' Claims against the Released Defendants' Parties in any court or tribunal or proceeding (including in the Action), unless and until the Stipulation is cancelled and terminated pursuant to the Stipulation.

29.     All funds held in the Escrow Account shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

30.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by Defendants or any of the other Released Defendants' Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Plaintiff or any Settlement Class Members have suffered any damages, harm, or loss.  Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as, or argued to be, a waiver of any defenses in the Action. Additionally, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by Plaintiff of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

31.     In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or any Released Plaintiffs' Parties or Released Defendants' Parties under the Stipulation, and each Party shall be restored to his, her or its respective litigation positions as they existed prior to the execution date of the Stipulation, pursuant to the terms of the Stipulation.

32.     The Court reserves the right to alter the time or the date or manner of the Settlement Hearing without further notice to the Settlement Class Members, provided that the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 5 above.  The

13

Court retains exclusive jurisdiction to consider all further matters arising out of, or relating to, the Stipulation, including by way of illustration and not limitation, any dispute over the funding of the Settlement, any dispute concerning any Proof of Claim submitted, and any future requests by one or more of the Parties that the Judgment, the releases and/or the permanent injunction set forth in the Stipulation be enforced.

**IT IS SO ORDERED.**

DATED this 23rd day of February, 2026.          /s/ Jolie A. Russo
                                                  Hon. Jolie A. Russo
                                                  United States Magistrate Judge